HULETT HARPER STEWART LLP
KIRK B. HULETT, SBN: 110726
DENNIS STEWART, SBN: 99152
525 B Street, Suite 760
San Diego, CA  92101
Telephone:     (619) 338-1133
Facsimile:      (619) 338-1139

Attorneys for Plaintiff Ramon Eugenio Sanchez Ritchie

# IN THE UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAMON EUGENIO SANCHEZ RITCHIE,<br><br>    Plaintiff,<br><br>v.<br><br>SEMPRA ENERGY, a California corporation,<br><br>    Defendant. | CASE NO. 10CV1513-CAB(WVG)<br><br>**REPLY IN SUPPORT OF PLAINTIFF'S LEAVE TO FILE THE DECLARATION OF KIRK B. HULETT AND DOCUMENTS ATTACHED THERETO UNDER SEAL FOR REQUEST FOR *IN CAMERA* REVIEW**<br><br>DATE:     March 8, 2012<br>TIME:     1:30 p.m.<br>JUDGE:   Honorable Cathy Ann Bencivengo<br>CTRM:    E (1st Floor) |

Defendant does not dispute that Rule 11 specifically provides for the *in camera* inspection of privileged documents submitted in response to a challenge by opposing counsel to the factual support for a signed pleading. Defendant also does not dispute that the work product doctrine and related privileges shall protect from disclosure to opposing counsel the thought processes of counsel and to prevent Sempra from litigating with the "wits borrowed from its adversary." Defendant also does not dispute that a Rule 11 motion may not properly be brought as a substitute to otherwise premature or objectionable discovery.

What Sempra has attempted to accomplish by its Rule 11 motion and more particularly by its opposition to the request that Plaintiff's support for the allegation that Sempra "needed" Plaintiff's property be reviewed *in camera*, is to peek into the thoughts of Plaintiff's counsel and either prematurely uncover what Sempra is not yet entitled to discover, or uncover what Sempra would never be entitled to see, such as disclosure of attorney-client communications and work-product, which are as the Court can see, revealed in the Declaration of Kirk B. Hulett in Support of Plaintiff's Opposition to Motion for Rule 11 Violation for *in Camera* Review by Court Only ("Hulett Declaration").

The question presented then is, whether the investigative scope, techniques and other thought processes of counsel necessarily revealed by disclosure of the content and Exhibits attached to the Hulett Declaration is required by law or whether it is not. There is no dispute that a Rule 11 motion may itself be an abusive tactic designed to improperly flush out what, if anything, one's opponents knows or does not know. If Sempra were truly concerned with whether a reasonable person trained in the law and with the ability to objectively assess whether there was any basis for the one, but only one, challenged allegation in the lengthy Complaint, then Sempra would not be asking to review the Declaration and the Exhibits, but would defer to the Court to assess whether the Hulett Declaration and supporting documents provided Plaintiff with any basis to plead that Sempra needed the property. Indeed, Sempra's true intent in having filed its frivolous Rule 11 motion has become clearer than ever. It is trying to obtain that which it is not presently entitled to since discovery has been stayed, and to information it would never be entitled to in the form of attorney-client communications and attorney thought process disclosures.

1   Most telling is Sempra's comment that it thinks it is "inexplicable" how it is Plaintiff has learned so much about the case.  This reveals that either Sempra was simply bluffing the Court, as Plaintiff suggests in its opposition to the Rule 11 motion in the hope that an investigation would not likely be able to uncover admissions made by Sempra in its own documents that indeed it did "need" the property, or Sempra failed to advise its attorneys of the truth.  Whatever the facts, Sempra's purpose in continuing to pursue its Rule 11 motion and of its refusal to agree to permit the Court to independently assess *in camera* the factual support offered in response to the Rule 11 motion, is nothing but an effort to assess the scope of Plaintiff's investigation, the scope of facts Plaintiff has uncovered, and to see what witnesses, including the Plaintiff, may have revealed during the on-going investigation.

Even a meritorious Rule 11 motion, which this certainly is not, cannot be used as otherwise premature of inappropriate discovery.  That is all Sempra is seeking here.  Indeed, it admits to having in its possession Exs. A, B, C, D and F, so it cannot demonstrate a need for these documents.

With respect to the other Exhibit; i.e., witness interviews, Plaintiff respectfully submits that what counsel was told in interviews, including what counsel asked about may or may not ultimately be discoverable, but it is not yet.  Moreover, the names and existence of witnesses, may be discoverable someday, but not yet.

If the Court is inclined to provide access to Sempra of any of the content of the Hulett Declaration, Plaintiff's request that only those exhibits that are public records, such as the FBI report, and Sempra press release, be released.  If the Court is inclined to otherwise release any other portion of the Declaration, Plaintiff urges that the privileged communications, including witness names, content, etc., revealed there be redacted in their entirety.

                                      Respectfully submitted,

DATED: February 16, 2012          HULETT HARPER STEWART LLP

                                    */s/ Kirk B. Hulett*
                                    KIRK B. HULETT

525 B Street, Suite 760
San Diego, CA  92101
Telephone:     (619) 338-1133
Facsimile:      (619) 338-1139

Attorneys for Plaintiff, Ramon Eugenio Sanchez Ritchie

3

**PROOF OF SERVICE**
*Ritchie v. Sempra Energy*
CASE NO: 10CV1513-CAB(WVG)

I, the undersigned, declare under penalty of perjury that I am over the age of eighteen years and not a party to this action. I am employed in the County of San Diego, State of California. My business address is: 525 B Street, Suite 760, San Diego, CA 92101.

That on February 16, 2012, I served the following document(s) entitled: **REPLY IN SUPPORT OF PLAINTIFF'S LEAVE TO FILE THE DECLARATION OF KIRK B. HULETT AND DOCUMENTS ATTACHED THERETO UNDER SEAL FOR REQUEST FOR IN CAMERA REVIEW** on ALL INTERESTED PARTIES in this action.

[X] **BY CM/ECF Electronic Service:** I caused such document to be served via the Court's (NEF) electronic filing system on all registered parties.

[ ] **BY MAIL PER ATTACHED SERVICE LIST**: By placing a true copy thereof in a sealed envelope addressed as listed on the attached service list, and placing it for collection and mailing following ordinary business practices. I am readily familiar with the firm's practice of collection and processing correspondence, pleadings, and other matters for mailing with the United States Postal Service. The correspondence, pleadings and other matters are deposited with the United States Postal Service with postage thereon fully prepaid in San Diego, California, on the same day in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[ ] **BY OVERNIGHT COURIER**: I caused the above-referenced document(s) to be contained in an overnight envelope and to be deposited in a **Federal Express/Overnite Express** box located at 525 B Street, San Diego, California, for delivery to the above address(es).

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed on February 16, 2012, at San Diego, California.

  */s/ Kirk B. Hulett*
  KIRK B. HULETT

10CV1513-CAB(WVG)