Peter J. Kahn (admitted *pro hac vice*)
William P. Ashworth (admitted *pro hac vice*)
Grace L. Hill (admitted *pro hac vice*)
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, DC  20005
Telephone: (202) 434-5000
Facsimile: (202) 434-5029
pkahn@wc.com
washworth@wc.com
ghill@wc.com

Kirk B. Hulett (State Bar No. 110726)
HULETT HARPER STEWART LLP
225 Broadway, Suite 1350
San Diego, CA 92101
Telephone: (619) 338-1133
Facsimile: (619) 338-1139
kirk@huletharper.com

Leonard B. Simon
(State Bar No. 58310)
THE LAW OFFICES OF
LEONARD B. SIMON, P.C.
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  (619) 338-4549
Facsimile:  (619) 231-7423
lens@rgrdlaw.com

*Attorneys for Plaintiff*
*Ramon Eugenio Sanchez Ritchie*

## UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF CALIFORNIA
### SAN DIEGO DIVISION

| | |
|---|---|
| RAMON EUGENIO SANCHEZ RITCHIE,<br><br>        Plaintiff,<br><br>   v.<br><br>SEMPRA ENERGY, a California corporation,<br><br>        Defendant. | Case No.: 3:10-cv-1513-CAB-KSC<br><br>**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS**<br><br>Judge:  Hon. Cathy Ann Bencivengo<br>Ctrm:  4C<br>Date:  January 31, 2014<br>Time:  2:00 p.m. |

# **TABLE OF CONTENTS**

INTRODUCTION ........................................................................................1

BACKGROUND .........................................................................................2

STANDARD OF REVIEW ..........................................................................5

ARGUMENT .............................................................................................6

I.      California Code of Civil Procedure Section 361 Does Not Apply
        Because the Malicious Prosecution "Arose" in California. ...........................6

II.     Mr. Ritchie's Claim Is Timely Under California Law. ...............................8

        A.      California's Statute of Limitations Governs the Malicious
                Prosecution Claim. ....................................................................8

        B.      The Malicious Prosecution Claim Is Timely Under California
                Law. ...........................................................................................10

III.    Mr. Ritchie's Claim Would Be Timely Under Any Applicable Mexican
        Statute of Limitations. ...............................................................................11

        A.      Mr. Ritchie's Claim Would Be Timely Under Mexican Law. ..........12
                1.      Mr. Ritchie's Cause of Action Would Not Accrue Until the
                        Exhaustion of Appellate Proceedings in His Favor.................13

                2.      Mr. Ritchie's Malicious Prosecution Claim Would Have
                        Been Timely If Brought in Mexico. .........................................15

                3.      The SAC Relates Back to the Filing of the Original
                        Complaint.................................................................................16

                4.      The Mexican Statute of Limitations Was Tolled by the
                        Filing of the Complaint...........................................................20

        B.      Article 1148 Is Inapposite. .................................................................21

        C.      Unless Sempra Clearly Establishes That Mexican Law Bars Mr.
                Ritchie's Claim, Its Motion Should Be Denied. ...............................23

IV.     Sempra's Motion Cannot Be Resolved At This Stage. ................................24

CONCLUSION.............................................................................................25

# **TABLE OF AUTHORITIES**

## **CASES**

*B. Braun Med., Inc. v. Rogers*, 163 F. App'x 500 (9th Cir. 2006)..............................24

*Banco de Credito Indus, S.A.. v. Tesoreria Gen.*, 990 F.2d 827 (5th Cir. 1993) .........................................................................................................23

*Banque Libanaise Pour Le Commerce v. Khreich*, 915 F.2d 1000 (5th Cir. 1990) .........................................................................................................23

*Besig v. Dolphin Boating & Swimming Club*, 683 F.2d 1271 (9th Cir. 1982) ...........................................................................................................19

*Bob Baker Enters., Inc. v. Chrysler Corp.*, 30 Cal. App. 4th 678 (1994) ..................10

*Brennan v. Lermer Corp.*, 626 F. Supp. 926 (N.D. Cal. 1986) ....................................20

*Clipper Exxpress v. Rocky Mountain Motor Tariff Bureau, Inc.*, 690 F.2d 1240 (9th Cir. 1982) .......................................................................................18

*Dalkilic v. Titan Corp.*, 516 F. Supp. 2d 1177 (S.D. Cal. 2007) ..............................6, 7

*DISH Network L.L.C. v. Vicxon Corp.*, 923 F. Supp. 2d 1259 (S.D. Cal. 2013) ...........................................................................................................24

*Drummond v. Desmarais*, 176 Cal. App. 4th 439 (2009)...........................................10

*Forte v. Jones*, 2013 WL 1164929 (E.D. Cal. Mar. 20, 2013) ....................................18

*Gen. Conference Corp. of Seventh-Day Adventists v. Seventh-Day Adventist Congregational Church*, 887 F.2d 228 (9th Cir. 1989)...........................5

*Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542 (9th Cir. 1989) ...........................................................................................................5

*Hammerl v. Acer Europe, S.A.*, No.C 08-4754, 2009 WL 30130 (N.D. Cal. Jan. 5, 2009) ..........................................................................................23

*Honey v. Distelrath*, 195 F.3d 531 (9th Cir. 1999).......................................................5

*In re Brocade Commc'ns Sys., Inc. Derivative Litig.*, 615 F. Supp. 2d 1018 (N.D. Cal. 2009) .......................................................................................18

*Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487 (1941)..........................................8

*Lien Huynh v. Chase Manhattan Bank*, 465 F.3d 992 (9th Cir. 2006).......................23

*Martell v. Trilogy Ltd.*, 872 F.2d 322 (9th Cir. 1989) ...........................................17, 18

*McCann v. Foster Wheeler LLC*, 48 Cal. 4th 68 (2010) ....................................6, 8, 11

*Middlekauff v. KCRA-TV*, CIV S-12-105 KJM DAD, 2012 WL 5388139
     (E.D. Cal. Nov. 1, 2012)..........................................................................18, 19

*Patton v. Cox*, 276 F.3d 493 (9th Cir. 2002) ...........................................................8

*Percy v. S. F. Gen. Hosp.*, 841 F.2d 975 (9th Cir. 1988) .........................................17

*Pfizer Inc. v. Elan Pharm. Research Corp.*, 812 F. Supp. 1352 (D. Del.
     1993) ...............................................................................................................23

*Rare Coin Galleries, Inc. v. A-Mark Coin Co.*, 202 Cal. App. 3d 330
     (1988) ..............................................................................................................11

*Riffe v. Magushi*, 859 F. Supp. 220 (S.D.W.Va. 1994) ...........................................23

*Rodriguez v. Mahony*, No. CV 10-02902-JST, 2012 WL 1057428 (C.D.
     Cal. Mar. 26, 2012)..........................................................................................6, 8

*Rural Fire Prot. Co. v. Hepp*, 366 F.2d 355 (9th Cir. 1966)...............................17, 18

*Santana v. Holiday Inns, Inc.*, 686 F.2d 736 (9th Cir. 1982) ...................................18

*Sheldon Appel Co. v. Albert & Oliker*, 47 Cal. 3d 863 (1989).....................................6

*Stavropoulos v. Super. Court*, 141 Cal. App. 4th 190, 197 (2006). ..........................10

*Stewart v. United States*, 620 F.2d 740 (9th Cir. 1980)...........................................19

*Symonette Shipyards, Ltd. v. Clark*, 365 F.2d 464 (5th Cir. 1966) ..........................23

*United States ex rel. Cericola v. Fannie Mae*, 529 F. Supp. 2d 1139
     (C.D. Cal. 2007).................................................................................................19

*United States v. Alexander*, 106 F.3d 874 (9th Cir. 1997) .......................................10

*United States v. Lummi Indian Tribe*, 235 F.3d 443 (9th Cir. 2000)............................9

*Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F. 3d 954
     (9th Cir. 2010) ..................................................................................................24

*Williams v. Boeing Co.*, 517 F.3d 1120 (9th Cir. 2008) ............................................. 18

*Yao-Wen Chang v. Baxter Healthcare Corp.*, 599 F.3d 728 (7th Cir. 2010) ........................................................................................................... 6

## STATUTES

California Code of Civil Procedure § 335.1 ........................................................ 10

California Code of Civil Procedure § 361 ....................................................... passim

## RULES

Federal Rule of Civil Procedure 12(b)(6) ......................................................... 5

Federal Rule of Civil Procedure 12(c) ............................................................. 5

Federal Rule of Civil Procedure 15(c)(1) .............................................. 16, 19, 20

## MEXICAN CASES

*Banco Unión, S.A. Institución de Banca Múltiple*, Direct *Amparo* 128/2007, Ninth Era, Collegiate Circuit Courts, XXVI S.J.F. 1779, [TA] (Civil), I.3o.C.628.C [Registry No. 171674] ............................... 13

*Contradiction of Thesis* 147/2013, 1ª./J. 103/2013, Tenth Era, Supreme Court of Mexico, First Chamber, S.J.F. (Dec. 6, 2013) [Registry No. 2005046] ........................................................................................... 20

## MEXICAN CODE PROVISIONS

Baja California Civil Code Article 1148 .................................................. 12, 21, 22

Baja California Civil Code Article 1155 .................................................. 20, 21, 22

Baja California Civil Code Article 1788 ........................................................ passim

Baja California Civil Code Article 1812 ................................ 12, 13, 20, 21, 22, 25

Baja California Penal Code Article 112 ............................................................ 14

Baja California Penal Code Article 191 ............................................................ 14

Baja California Penal Code Article 194 ............................................................ 14

Baja California Penal Code Article 320 ............................................................ 14

---

MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS

Baja California Penal Code Article 321 ........................................................................ 14

## MEXICAN TREATISES

Manuel Bejarano Sánchez, *Obligaciones Civiles* 218 (6th ed. 2010) ......................... 13

---

**INTRODUCTION**

Now that its counter-claims have been dismissed with prejudice, Defendant Sempra Energy ("Sempra") yet again moves for dismissal of Plaintiff Ramon Eugenio Sanchez Ritchie's claims, its fourth such motion in this action.  Sempra's latest motion asserts for the first time that Mr. Ritchie's malicious prosecution claim—a claim that Sempra has previously conceded was timely brought—is time-barred under Mexican law.  Sempra's arguments are both precluded by the law of the case and entirely without merit.

Sempra's motion relies on a series of erroneous assertions.  First, Sempra incorrectly claims that Mexican statutes of limitations apply to Mr. Ritchie's California state law malicious prosecution claim.[1]  Sempra posits two alternative theories for the application of Mexican statutes of limitations: (a) that California's "borrowing statute," Cal. Civ. Proc. Code § 361, triggers the application of Mexico's statutes of limitations; or (b) under the "governmental interest" test, which this Court previously found resulted in the application of <u>California's</u> statute of limitations to Mr. Ritchie's claims, Mexican statutes of limitations should apply.  Both theories lack merit.  Section 361 provides that foreign statutes of limitations apply to claims that "arise" in that foreign jurisdiction.  Because Mr. Ritchie alleges that Sempra directed the commencement of the underlying Mexican prosecution from California, his claim for malicious prosecution "arose" in California, and Section 361 does not apply.  Instead, under this Court's prior application of the "governmental interest" analysis, which controls here, California statutes of limitations apply.  Mr. Ritchie's malicious prosecution claim is timely under California law, and Sempra does not make an argument to the contrary.

---

[1] As Sempra concedes, this Court has already found that California law governs Mr. Ritchie's malicious prosecution claim.  *See* Sempra's Mem. in Supp. of Mot. for J. on the Pleadings [Doc. No. 116–1] ("Mot.") at 2.

1   Because California law applies, this Court need not consider Mexican law in
2   deciding this motion.  However, Sempra is also wrong when it asserts that Mexican
3   statutes of limitations would bar Mr. Ritchie's claims.  Even if this Court were to
4   reverse its prior ruling and apply Mexican law, Mr. Ritchie's malicious prosecution
5   claim would be timely under any applicable Mexican statute of limitations.  Sempra's
6   arguments to the contrary both ignore key allegations in the Complaint and disregard
7   fundamental principles of Mexican limitations and federal relation-back law.  At a
8   minimum, Sempra has failed to meet its burden to clearly establish that Mexican law
9   bars Mr. Ritchie's claims.

10      Sempra's motion should also be denied because limitations questions such as
11   those at issue here present questions of fact that cannot be decided at this stage.

## BACKGROUND

13      In 2006, in furtherance of a scheme to acquire property owned by Mr. Ritchie
14   near Ensenada, Mexico for the purposes of building and operating a liquefied natural
15   gas plant, Sempra provided Baja California ("B.C.") authorities with false
16   information designed to initiate a criminal complaint against Mr. Ritchie and have
17   him forcibly removed from his property.  *See* Second Amended Complaint ("SAC")
18   ¶¶ 26, 73.  Based on Sempra's fraudulent representations and omissions, in July 2006
19   the B.C. Attorney General authorized a preliminary investigation of Mr. Ritchie for
20   the crime of dispossession (*despojo*) and issued an order provisionally granting
21   Sempra possession of the property in September 2006.  *See id.*; Mar. 29, 2012 MX
22   Order[2] [Doc. No. 65–23] at 64–65.[3]  The B.C. Attorney General then filed Criminal
23   Case No. 294 against Mr. Ritchie and the Second Judge for Criminal Matters of

---

[2] "MX Orders" refer to Mexican judicial decisions.  In accordance with this Court's
individual rules, Mr. Ritchie has not attached the relevant Mexican judicial decisions
because they have been previously filed with the Court, but counsel will provide the
Court with courtesy copies of any or all of the decisions upon request.

[3] Page citations to Mexican judicial decisions are to the English translations.

Ensenada issued an arrest warrant on January 25, 2007 and an incarceration order on February 24, 2007.  *See* SAC ¶ 30; Mar. 29, 2012 MX Order at 66–67.  On October 11, 2007, the Court of First Instance of Rosarito Beach, B.C. issued a ruling overturning the incarceration order and terminating Case No. 294 in Mr. Ritchie's favor based on a lack of evidence to prosecute.  *See* SAC ¶ 30; Oct. 11, 2007 MX Order [Doc. No. 65–11] at 115.  Sempra caused the B.C. Attorney General to appeal this decision to the B.C. Supreme Court in November 2007, and on July 10, 2008, a three–judge panel <u>vacated</u> the October 2007 Order and <u>renewed the incarceration order</u>.  *See* July 10, 2008 MX Order [Doc No. 65–15] at 250.  Mr. Ritchie filed an *amparo*[4] challenging this ruling, and on March 13, 2009, the Mexican Federal Court of Appeals unanimously granted the *amparo*, vacating the July 10, 2008 decision and incarceration order.  *See* Mar. 29, 2012 MX Order at 71.  On April 17, 2009, the Fourth Chamber of the B.C. Superior Court enforced this *amparo* ruling and ordered the release of Mr. Ritchie based on a lack of evidence to prosecute.  *See id.* at 127.  This decision "constitute[d] a <u>case closed by a final judgment with respect to the first criminal action attempted by the prosecutor</u>."  *Id.* at 128 (emphasis added).

Undeterred by these decisions affirming Mr. Ritchie's innocence and ownership of the property, in 2009 Sempra instigated a <u>second</u> proceeding against Mr. Ritchie, Criminal Case No. 1197, and an April 22, 2009 state court order authorized the B.C. Attorney General to renew the investigation and prosecution of the *despojo* charge.  *See* SAC ¶ 31; Mar. 29, 2012 MX Order at 71–72.[5]  After Mr.

---

[4] An *amparo* is a Mexican federal interlocutory challenge, distinct from a direct appeal, seeking judicial review of the constitutionality of a Mexican state court decision.  *See* Declaration of David Lopez ("Lopez Decl.") ¶ 2.6.

[5] Although Case No. 1197 was technically a renewal of the original prosecution, it constitutes a separate and distinct malicious prosecution, as it originated from renewed malicious and false representations made by Sempra in 2009, *see* SAC ¶¶ 31, 76, resulted in the issuance of a new arrest warrant against Mr. Ritchie on November 17, 2009, *see* May 12, 2010 MX Order [Doc. No. 65–19] at 17, and

(Footnote Cont'd on Following Page)

Ritchie's state court appeal from this order was denied on April 28, 2009, he filed another *amparo* challenging the constitutionality of the second, renewed prosecution. *See* Mar. 29, 2012 MX Order at 72.  On May 12, 2010, the Mexican Federal Court of Appeals unanimously granted this *amparo*, finding that the second prosecution was unlawful under the B.C. Code of Criminal Procedure as it was not initiated within six months of the October 2007 Order and violated principles of double jeopardy.  *See* May 12, 2010 MX Order.  In compliance with this decision, on May 24, 2010, the B.C. court voided its ruling authorizing the second prosecution and ordered the restitution of the property to Mr. Ritchie.  *See* SAC ¶ 32; May 24, 2010 MX Order.[6]

Mr. Ritchie filed his initial Complaint in this action against Sempra on July 20, 2010.  Mr. Ritchie subsequently filed a First Amended Complaint ("FAC") on December 20, 2010, and the operative SAC on October 3, 2011.  Each Complaint alleged tort causes of action related to Sempra's unlawful dispossession of Mr. Ritchie's property near Ensenada, Mexico.  On October 20, 2011, Sempra filed a motion to dismiss the SAC in which it moved to dismiss all of Mr. Ritchie's claims except the malicious prosecution claim on limitations grounds.  *See* Mem. in Supp. of Sempra's Mot. to Dismiss SAC [Doc. No. 35–1] at 12 ("[E]ach of Plaintiff's claims except the seventh claim for malicious prosecution is barred by the applicable statute of limitation." (emphasis added)).  In its motion, Sempra conceded that California limitations law applied to the claims in the SAC, *id.* at 18–21, arguing for dismissal of the malicious prosecution claim on other grounds, but then argued that Mexican substantive law governed the malicious prosecution claim in a supplemental choice of law brief.  *See* Sempra's Supp. Br. Re: Choice of Law [Doc. No. 59] at 5.  This Court

---

(Footnote Cont'd From Previous Page)

concluded in an independent favorable termination on the merits in May 2010.  *See* May 24, 2010 MX Order [Doc No. 65–21] at 2-4.

[6] A chart summarizing the Mexican procedural history is attached hereto as Ex. A.

denied Sempra's motion to dismiss the malicious prosecution claim on May 1, 2012, and held that California law governs the substance of the claim.  *See* May 1, 2012 Order [Doc. No. 62] at 12–14.  The Court further held that California law governs both the calculation of damages <u>and the applicable statute of limitations</u>, concluding that "California has a paramount interest in <u>applying its limitations to a malicious prosecution recovery</u> because here the egregious conduct emanated from California by a California corporation." *Id.* at 15 (emphasis added).

　　　After losing its motion to dismiss the SAC, Sempra brought, in succession, a motion for sanctions, a motion to stay, and two counter–complaints against Mr. Ritchie and a third-party counter-defendant.  This Court denied Sempra's request for sanctions and its motion to delay the case and dismissed its counterclaims with prejudice.  Sempra's latest attempt to avoid accountability for its actions comes in the form of a motion for judgment on the pleadings, which it filed November 13, 2013.

## **STANDARD OF REVIEW**

　　　Judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) is proper only when there are no unresolved issues of fact and there is no question that the moving party is entitled to judgment as a matter of law.  *See Honey v. Distelrath*, 195 F.3d 531, 632–33 (9th Cir. 1999).  The standard applicable to a Rule 12(c) motion is essentially the same as that applied on a Rule 12(b)(6) motion.  *See Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1550 (9th Cir. 1989). The allegations of the non-moving party are accepted as true, and all inferences reasonably drawn from those facts must be construed in favor of the non-moving party.  *Id.*  Judgment on the pleadings is thus inappropriate when the operative complaint alleges facts that, if proved, would permit recovery.  *See Gen. Conference Corp. of Seventh-Day Adventists v. Seventh-Day Adventist Congregational Church*, 887 F.2d 228, 230 (9th Cir. 1989).

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## ARGUMENT

### I.    California Code of Civil Procedure Section 361 Does Not Apply Because the Malicious Prosecution "Arose" in California.

California Code of Civil Procedure Section 361 states in relevant part:

> When a cause of action has arisen . . . in a foreign country, and by the laws thereof an action thereon cannot there be maintained against a person by reason of the lapse of time, an action thereon shall not be maintained against him in this State . . . .

The statute thus "borrow[s]" a foreign jurisdiction's statute of limitations to bar a cause of action if that cause of action "arose" in that foreign jurisdiction and would be barred there. *See, e.g.*, *McCann v. Foster Wheeler LLC*, 48 Cal. 4th 68, 84–85 (2010).

Under California law, "a tort cause of action arises when the wrongful act is committed, even though damages resulting from the tort [were] not sustained at that time, and even though the plaintiff may not know that [the] tort has been committed." *Dalkilic v. Titan Corp.*, 516 F. Supp. 2d 1177, 1184 (S.D. Cal. 2007).  Therefore, "where a tort <u>arises</u> for purposes of Section 361 is not necessarily coextensive with where the final necessary element for a tort cause of action—i.e., compensable damage—is completed." *Rodriguez v. Mahony*, No. CV 10-02902-JST, 2012 WL 1057428, at *7 (C.D. Cal. Mar. 26, 2012) (emphasis added) (stating that the California Supreme Court's analysis in *McCann* makes this clear).  The question of when a claim "arises" for purposes of Section 361, therefore, is <u>not</u> the same question as when a claim "accrues" for purposes of determining when a statute of limitations begins to run. *See Dalkilic*, 516 F. Supp. 2d at 1185.  Sempra's argument to the contrary, which is supported by a single citation to an out-of-circuit case, is thus incorrect. *See* Mot. at 10 (citing *Yao-Wen Chang v. Baxter Healthcare Corp.*, 599 F.3d 728 (7th Cir. 2010)).

Here, the "wrongful act" was committed in California, where Sempra directed the commencement of a meritless prosecution against Mr. Ritchie. *See, e.g.*, *Sheldon*

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

*Appel Co. v. Albert & Oliker*, 47 Cal. 3d 863, 871–72 (1989) (first element of a malicious prosecution cause of action is a showing that the prior action "was commenced by or at the direction of the defendant") (internal quotation marks omitted); May 1, 2012 Order at 15 (relying on "Plaintiff's allegations showing Defendant's alleged illegal conduct was <u>orchestrated from</u> California" to hold that California limitations law applies to the malicious prosecution claim); SAC ¶ 5 (alleging that "[m]any of the acts complained of [in the SAC] emanated from Sempra Energy's business offices located in San Diego, California").  Because the malicious prosecution "arose" in California, Section 361 does not apply.

Cases in this district have recently held that the conduct of the defendant, rather than the place of the injury, determines when and where a cause of action "arises" pursuant to Section 361.  In *Dalkilic*, Judge Houston held that the plaintiffs' claims for fraud, deceit, and negligent misrepresentation arose in Turkey, where the defendants' alleged fraudulent promises were made to the plaintiffs, despite the fact that the plaintiffs' injuries occurred in Iraq and that damages are an explicit element of fraud under California law.  516 F. Supp. 2d at 1185–86.  Judge Houston also held that the plaintiffs' claims for intentional infliction of emotional distress and for negligence arose in the diverse locations where the defendants allegedly perpetrated the actions that caused the plaintiffs' distress.  *Id.* at 1187.

Lacking legal support for its argument that the claim for malicious prosecution "arose" in Mexico, Sempra attempts to distract the Court by citing a laundry list of allegations that certain events took place in Mexico.  *See* Mot. at 6–10 & nn. 2–6.  Under the authorities cited above, the allegations that matter for purposes of Section 361 are those relating to where the tortious acts originated.  On that point, this Court's previous rulings are clear and controlling—Sempra "cannot minimize California's strong connection with the alleged malicious prosecution" because "<u>the egregious conduct alleged emanated from California by a California corporation</u>."  May 1, 2012 Order at 15 (emphasis added).  The claim thus "arose" in California for

purposes of Section 361, and the Court is therefore not required to "borrow" a Mexican statute of limitations for Mr. Ritchie's malicious prosecution claim.

## II.   Mr. Ritchie's Claim Is Timely Under California Law.

When Section 361 is not applicable, California courts apply the "governmental interest" choice of law rule to determine which jurisdiction's statute of limitations applies. *See, e.g.*, *Rodriguez*, 2012 WL 1057428, at \*5; *McCann*, 48 Cal. 4th at 87. This Court previously conducted that analysis and determined that California law applies. That determination is the law of the case, and must be followed. Under California law, Mr. Ritchie's claim was timely brought.

### A.   California's Statute of Limitations Governs the Malicious Prosecution Claim.

Because California's borrowing statute does not apply, this Court should apply California's ordinary choice of law rules to determine which jurisdiction's statute of limitations governs the malicious prosecution claim. *See Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941); *Patton v. Cox*, 276 F.3d 493, 495 (9th Cir. 2002). California utilizes the "governmental interest" choice of law rule, under which a court conducts a tripartite analysis: (1) whether there is a conflict between the relevant laws of each potentially affected jurisdiction as to the issue in question; (2) if so, whether a "true conflict" exists given each jurisdiction's interest in the application of its own law under the circumstances of the case; (3) if a true conflict exists, which state's interest would be more impaired if its law were not applied. *See McCann*, 48 Cal. 4th at 87–88.

Sempra attempts to apply the governmental interest test anew in a way that would lead to application of Mexican statutes of limitations to the malicious prosecution claims. Mot. at 18–21. Unfortunately for Sempra, this Court has already applied the governmental interest test and has explicitly held that the California statute of limitations applies to the malicious prosecution claim. In its May 1, 2012 Order, the Court found that "there is a true conflict between Mexico and California

law with regard to . . . the applicable statutes of limitations." May 1, 2012 Order at 14. The Court then went on to hold:

> [R]elying on Plaintiff's allegations showing Defendant's alleged illegal conduct was <u>orchestrated from</u> California, the Court finds Mexico to have little interest in denying recovery to Plaintiff (its resident) injured by a California corporation doing business in Mexico. <u>As a result, California law should apply.</u> . . . In sum, California has a paramount interest in applying <u>its limitations</u> to a malicious prosecution recovery because here the egregious conduct alleged emanated from California by a California corporation.

*Id.* at 15 (second and third emphases added).

Despite this explicit language, Sempra remarkably claims that the Court "did not reach the issue of what law governs the applicable statute of limitations," Mot. at 3, and that "the Court did not decide the law that would govern which statute of limitations applies," *id.* at 4.[7] These assertions directly contravene the clear language of this Court's opinions. Sempra's attempt to revisit the Court's decision on this issue is barred by the law of the case doctrine, under which "a court is generally precluded from reconsidering an issue previously decided by the same court, or a higher court in the identical case." *United States v. Lummi Indian Tribe*, 235 F.3d 443, 452 (9th Cir. 2000). This doctrine applies where, as here, the issue in the case "ha[s] been 'decided explicitly or by necessary implication in the previous disposition.'" *Id.* (alteration omitted). The Court's determination that "California law should apply" to the statute of limitations governing the malicious prosecution

---

[7] This issue was squarely briefed before, and decided by, this Court. In response to this Court's Order of March 27, 2012 [Doc. No. 57], both parties submitted supplemental briefing specifically addressing "whether Mexican civil law conflicts with California law with respect to Plaintiff[']s claim for malicious prosecution" as well as "which law . . . the Court [should] apply in deciding the pending motion to dismiss." *See* Sempra's Supp. Br. Re: Choice of Law [Doc. No. 59].

claim is therefore the law of this case and reconsideration of that issue is precluded. May 1, 2012 Order at 15.[8]

### B.     The Malicious Prosecution Claim Is Timely Under California Law.

Sempra "does not argue that Plaintiff's malicious prosecution claim would be time barred under California law." May 1, 2012 Order at 15 n.14 (citing Sempra's Mot. to Dismiss SAC at 18).[9] Nor can it. The statute of limitations for malicious prosecution actions in California is two years. *See Stavropoulos v. Super. Court*, 141 Cal. App. 4th 190, 197 (2006) (citing Cal. Civ. Proc. Code § 335.1). The statute of limitations begins to run when a claim for malicious prosecution accrues, upon entry of a favorable judgment in the underlying action, and runs until a notice of appeal is filed. *Bob Baker Enters., Inc. v. Chrysler Corp.*, 30 Cal. App. 4th 678, 683–84 (1994). However, California law is clear that the statute of limitations is tolled during the pendency of the appeal "until the conclusion of the appellate process, at which time it commences again." *Id.* Before this point, an action for malicious prosecution is premature. *Drummond v. Desmarais*, 176 Cal. App. 4th 439, 458 (2009).

The trial court of Rosarito Beach, B.C. entered a judgment in Mr. Ritchie's favor in Case No. 294 on October 11, 2007. *See* Oct. 11, 2007 MX Order. The B.C. Attorney General appealed this decision on November 8, 2007. *See* Mar. 29, 2012 MX Order at 69. Thus, the statute of limitations ran for less than a month and was

---

[8] Sempra does not argue—nor could it—that any of the "requisite conditions" to establish an exception to the law of the case doctrine apply here: a clearly erroneous first decision, an intervening change in the law, substantially different evidence on remand, other changed circumstances, or manifest injustice. *See United States v. Alexander*, 106 F.3d 874, 876 (9th Cir. 1997) ("Failure to apply the doctrine of the law of the case absent one of the requisite conditions constitutes an abuse of discretion.").

[9] As noted above, Sempra argued that California limitations law applied to the claims in the SAC and barred every claim except the malicious prosecution claim. *See* Sempra's Mot. to Dismiss SAC at 18–21.

---

tolled until April 17, 2009, when the B.C. Superior Court invalidated the July 10, 2008 incarceration order and terminated Case No. 294 against Mr. Ritchie.  *See id.* at 127.  At the earliest, the statute of limitations recommenced running on this date.  *See Rare Coin Galleries, Inc. v. A-Mark Coin Co.*, 202 Cal. App. 3d 330, 338 (1988).  However, Sempra also instigated a second criminal proceeding, Case No. 1197, on April 22, 2009.  *See* SAC ¶ 31; May 12, 2010 MX Order at 2.  Mr. Ritchie appealed the initiation of this second prosecution only six days later, and the resulting appellate proceedings were resolved in his favor on May 24, 2010 with the dismissal of all charges against him and the restitution of his land.  *See* SAC ¶ 32; May 24, 2010 MX Order at 17.  Mr. Ritchie filed his Complaint on July 20, 2010, just over fifteen months after the first criminal prosecution terminated in his favor on appeal and less than two months after the favorable termination of the second criminal proceeding.  Calculated from either date, the Complaint was timely filed.[10]

### III.  Mr. Ritchie's Claim Would Be Timely Under Any Applicable Mexican Statute of Limitations.

Section 361 and the governmental interest test both foreclose an action in California only when the action would be time-barred under the statute of limitations applicable to an analogous claim under the foreign country's law.  Cal. Civ. Proc. Code § 361; *McCann*, 48 Cal. 4th at 87.  Mexican law does not govern Mr. Ritchie's malicious prosecution claim, but even if it did, Sempra has not shown, and cannot show, that an analogous action in Mexico would have been untimely at the filing of the Complaint.  Therefore, neither Section 361 nor the governmental interest test operate to bar Mr. Ritchie's malicious prosecution action.

---

[10] Sempra asserts that Mr. Ritchie's malicious prosecution claim does not relate back to his original Complaint (or even the FAC).  *See* Mot. at 13–16.  This argument is incorrect for the reasons discussed in Part III.A.3, *infra*.

Sempra cannot establish that Mr. Ritchie's claim is time-barred under Mexican law, for several reasons. First, Mr. Ritchie's claim is timely under the statute of limitations that would apply to an analogous action in Mexico, B.C. Civil Code Article 1812. Second, Article 1148, the statute of repose relied upon by Sempra and its expert, simply would not apply to Mr. Ritchie's claim for malicious prosecution. Third, to the extent Sempra has not met its burden of clearly establishing that Mr. Ritchie's claims would be time-barred under applicable Mexican statutes of limitations, the Court can apply California law, under which it is clear that Mr. Ritchie's claim is timely for the reasons set forth in Part II.B, *supra*.

### A.    Mr. Ritchie's Claim Would Be Timely Under Mexican Law.

The Mexican limitations analysis begins with an identification of the Mexican cause of action analogous to Mr. Ritchie's California law malicious prosecution claim. The parties (and the Court in its prior opinions) agree that Article 1788 of the B.C. Civil Code (hereinafter "Article 1788") would provide Mr. Ritchie with a civil cause of action for malicious prosecution in Mexico. *See* Lopez Decl. ¶ 3.1 and Ex. 3 at 2 (Article 1788 translation); Declaration of Esteban Gorches [Doc. No. 116–2] ("Gorches Decl.") ¶ 18; May 1, 2012 Order at 12 (noting that "Plaintiff's malicious prosecution claim would be allowed to go forward under the broad provisions of Baja California Civil Code Article 1788"). As the Court explained, Article 1788 allows civil recovery where "a person who, acting illegally or against good custom, causes damage to another." May 1, 2012 Order at 13. *See also* Lopez Decl. Ex. 3 at 2. The parties also agree that Article 1812 of the Baja California Civil Code ("Article 1812") sets forth the limitations period for claims brought under Article 1788. *Id.* ¶ 4.3 & Ex. 3 at 3 (Article 1812 translation); Gorches Decl. ¶ 24. Article 1812 provides that "the statute of limitations for an action for compensation of injuries as described in this chapter is two years starting from the day on which the injury was caused, or

---

starting from the date on which it was discovered or should have been discovered by the victim."  Lopez Decl. Ex. 3 at 3.

### 1.   Mr. Ritchie's Cause of Action Would Not Accrue Until the Exhaustion of Appellate Proceedings in His Favor.

Mr. Ritchie's malicious prosecution claim, if brought under Article 1788, would not accrue until the resolution of all appeals from any decision establishing his innocence.  *See* Lopez Decl. ¶ 4.3.  Under Article 1788, liability arises when a person acting illicitly or against good custom causes damage to another.  *See id.* ¶ 3.2.  The three elements of an illicit acts claim brought under Article 1788 are: (1) an act or omission by the defendant that is contrary to law; (2) fault; and (3) damage to the plaintiff.  *See id.* ¶ 3.4 & Ex. 3 at 9–10 (Manuel Bejarano Sánchez, *Obligaciones Civiles* 218 (6th ed. 2010) translation).  A claim does not accrue under Article 1788 and injury is not "caused . . . or discovered" so as to trigger Article 1812's two-year limitations period until a plaintiff can establish these elements.  *See id.* ¶ 4.3 & Ex. 3 at 10 (*Banco Unión, S.A. Institución de Banca Múltiple*, Direct *Amparo* 128/2007, Ninth Era, Collegiate Circuit Courts, XXVI S.J.F. 1779, [TA] (Civil), I.3o.C.628.C [Registry No. 171674] translation).

None of the elements of an Article 1788 claim based on Sempra's malicious prosecution could be established while Mr. Ritchie's guilt in the underlying *despojo* charge remained in question on appeal.  *See id.* ¶ 4.3.  The reason for this is simple: each of those elements requires that Mr. Ritchie establish his innocence, and he could not do so while the validity of the Sempra-instigated prosecution of him remained in doubt.  Mr. Ritchie could not establish that Sempra had committed any act contrary to law while appeals or *amparos* remained pending that could overturn the initial decisions establishing his innocence (as the B.C. court of appeals in fact did for a short time in 2008).  *See* July 10, 2008 MX Order.  Nor could he establish Sempra's fault or damages resulting from its actions until he established his innocence beyond the specter of reversal.

This self-evident principle is further illustrated by reference to the sources of B.C. law that would give rise to Mr. Ritchie's claim under Article 1788 and render Sempra's acts "illicit or against good custom." *See id.* ¶ 3.4.  In this case, the acts that form the basis for Mr. Ritchie's malicious prosecution claim are criminal actions by Sempra proscribed under various provisions of the B.C. Penal Code.  *See id.*  For example, Article 191 ("Article 191"), which proscribes slanderous criminal accusations, makes it an offense punishable by imprisonment to:

> (I) "[A]ttribute[] to another a particular act that is classified as a crime under the law, if this act is false, or if the person to whom it is attributed is innocent; [or]
> (II) . . . . [P]resent[] criminal complaints, grievances or slanderous accusations, meaning those in which [one] attributes a crime to particular person, knowing that the latter person is innocent or that the crime has not been committed. . . .

*Id.* Ex. 3 at 4 (Article 191 translation).[11]  Article 194 of the B.C. Penal Code ("Article 194") provides that "[w]hen an investigatory proceeding of a crime slanderously attributed to a person is pending, the exercise of the action for slander will be suspended <u>until said proceeding terminates</u>."  *Id.* ¶ 4.3 & Ex. 3 at 4 (Article 194 and translation) (emphasis added).  The criminal statute of limitations for slander prosecutions does not begin to run until the proceedings resolving the innocence of the accused— a "legal impediment to exercising punitive power"—finally conclude. *See id.* Ex. 3 at 4 (Article 112 translation).  Pursuant to these provisions, a criminal prosecution for slanderous criminal accusations cannot be brought, and the statute of limitations will not run, during the pendency of an unfavorable appellate decision casting doubt on the innocence of the accused.  *Id.* ¶ 4.3.  Likewise, the elements of a

---

[11] *See also* Lopez Decl. ¶ 3.4 (discussing the applicability of B.C. Penal Code Articles 320, making it unlawful for one who has a legal duty to be truthful to provide false information to or conceal the truth from government authorities, and 321, making it a crime to knowingly present false witnesses before public authorities in the exercise of their functions).

civil claim under Article 1788 based on such "illicit acts" cannot be established, and the statutes of limitations would not be triggered, until the underlying criminal proceedings are finally resolved in the plaintiff's favor.

### 2.   Mr. Ritchie's Malicious Prosecution Claim Would Have Been Timely If Brought in Mexico.

Applying the correct standard for a malicious prosecution claim under Article 1788, Mr. Ritchie's claim arising out of Criminal Case No. 294 did not accrue, at the earliest, until <u>April 17, 2009</u>, when the July 10, 2008 MX Order was overturned, and his Article 1788 malicious prosecution claim arising out of Criminal Case No. 1197 did not accrue until <u>May 24, 2010</u>, when the B.C. criminal court voided its April 2009 resolution authorizing the renewed prosecution against him.  Mr. Ritchie filed his original Complaint on July 20, 2010, within two years of either of these dates.[12]

Sempra cites no Mexican authority for the proposition that a malicious prosecution cause of action could accrue prior to the exhaustion of appeals and *amparos*.  Instead, Sempra simply ignores the extensive appellate record, as well as the second malicious prosecution alleged in the SAC.  Remarkably, Sempra even goes so far as to falsely assert that "Ritchie expressly alleges that the malicious prosecution came to an end on October 11, 2007, when a Mexican court exonerated him of the crime and restored his rights to the property."  Mot. at 1.  This assertion directly contradicts the SAC, which clearly alleges that, following the October 2007 Order, "[i]nstead of returning the property to Ritchie based on the court's ruling, Sempra caused an appeal to be filed."  SAC ¶ 30.  That appeal resulted in the July 10, 2008 MX Order in Sempra's favor, extinguishing any malicious prosecution claim Mr. Ritchie had until he obtained a reversal of that Order.  *See* Lopez Decl. ¶ 3.4. Sempra provides no explanation as to how limitations could possibly continue to run after the July 10, 2008 Mexican appellate decision that overturned the October 11,

---

[12] The FAC, filed December 20, 2010, was also filed within two years of either of these dates, and the SAC was filed within two years of the second date.

2007 B.C. trial court decision in Mr. Ritchie's favor and reissued an incarceration order against him.  *See* July 10, 2008 MX Order.  It was not until April 17, 2009, when the Mexican federal court reinstated the October 11, 2007 MX Order after Mr. Ritchie's *amparo*, that Mr. Ritchie had a "finally definitive" favorable judgment in Case No. 294 that could substantiate a malicious prosecution claim.  *See* Mar. 29, 2012 MX Order at 127.

   In arguing for October 11, 2007 as the limitations trigger date, Sempra also simply pretends that its second malicious prosecution of Mr. Ritchie does not exist. Unfortunately for Sempra, it does, and it did not even <u>commence</u> until 2009, less than two years prior to the filing of the Complaint.  The SAC alleges that, in April 2009, Sempra "again maliciously presented knowingly false evidence purporting to establish that Plaintiff was not the lawful possessor of the property," SAC ¶ 31, and "initiated a second and equally frivolous criminal complaint." *Id.* ¶ 76.  Here again, Sempra provides no explanation in its papers for why this Court should adopt an October 11, 2007 limitations trigger date that would necessarily ignore these allegations.

   Sempra's motion can only succeed if this Court, like Sempra, simply ignores key well–pleaded allegations in the SAC.  This Court should decline that invitation. A motion for judgment on the pleadings must be directed to the actual operative pleading, not some hypothetical version that omits allegations inconvenient to its arguments.  Sempra's motion should be denied for this reason alone.

### 3.   The SAC Relates Back to the Filing of the Original Complaint.

   Contrary to Sempra's assertions, the SAC relates back to the Complaint under Federal Rule of Civil Procedure 15(c)(1).[13]  The relation-back standard under Rule

---

[13] Unless Mexican relation-back law is more favorable than federal law, it does not apply.  *See* Fed. R. Civ. P. at 15(c)(1)(A).

15(c)(1) is liberally applied, especially when a plaintiff seeks only to amend a claim against an existing defendant under 15(c)(1)(B).  *See Martell v. Trilogy Ltd.*, 872 F.2d 322, 324 (9th Cir. 1989); *Rural Fire Prot. Co. v. Hepp*, 366 F.2d 355, 361–62 (9th Cir. 1966) ("[T]he purpose of Rule 15(c) is to defeat the bar of statutes of limitations, and is liberally applied . . . .").  A complaint will relate back to an earlier pleading under 15(c)(1)(B) as long as it shares a "common core of operative facts so that the adverse party has fair notice of the transaction, occurrence, or conduct called into question."  *Martell*, 872 F.2d at 325; *see also Percy v. S. F. Gen. Hosp.*, 841 F.2d 975, 979 (9th Cir. 1988).

The SAC's malicious prosecution claim rests on the same core of operative facts as those alleged in the Complaint.  Since his first Complaint, Mr. Ritchie has alleged causes of action against Sempra related to its unlawful seizure of his property and its involvement in the related unlawful *despojo* prosecutions.  *See* Compl. ¶ 44; FAC ¶¶ 70–78; SAC ¶¶ 72–89.  The very first paragraph of the original Complaint alleges that Sempra made "false accusations" against Mr. Ritchie that caused the Mexican authorities to "unlawfully arrest" him.  *See* Compl. ¶ 1.  *See also id.* ("Despite knowledge that it did not legally hold title to Plaintiff's property, Defendant and its agents falsely asserted before several Courts and other Mexican authorities that it, in fact, held legal title.").  The Complaint goes on to allege facts sufficient to allege each element of a malicious prosecution claim: (1) instigating a criminal proceeding that terminated in Mr. Ritchie's favor, *id.* ¶¶ 28, 32; (2) without probable cause, *id.* ¶ 93; and (3) with malice, *id.* ¶ 82.  The Complaint even uses the term "malicious prosecution" in describing Sempra's actions.  *See id.* ¶ 44 (asserting that Sempra's "unlawful, unfair, and fraudulent acts and practices . . . include . . . malicious prosecution").  Sempra thus misrepresents the Complaint when it falsely asserts that it "did not include any allegations of malicious prosecution."  Mot. at 2.

Sempra's response to the Complaint's clear allegations of facts related to malicious prosecution appears to be that relation-back is precluded merely because

the Complaint "did not include a claim for malicious prosecution." *Id.* at 13.  This argument ignores the relation-back doctrine's focus on "factual commonality, and not on the actual legal claims made." *Martell*, 872 F.2d at 325 n.5.  Provided that the original pleading puts the defendant on notice of the amended claim, the amended claim will relate back even though it relies on a new theory of relief or cause of action.  *See Santana v. Holiday Inns, Inc.*, 686 F.2d 736, 739 (9th Cir. 1982) ("Once the defendant is in court on a claim arising out of a particular transaction or set of facts, he is not prejudiced if another claim, arising out of the same facts, is added.").

Sempra also argues that the SAC does not relate back because it adds a factual allegation related to Mr. Ritchie's malicious prosecution claim—specifically, the allegation that "[o]n October 11, 2007, after a hearing and presentation of evidence by Plaintiff, the [trial] court found that Plaintiff and *not* Sempra was the lawful possessor and . . . there was thus no conviction."  SAC ¶ 30.  However, factual allegations need not be completely identical to or consistent with allegations in a prior complaint to relate back—in fact, they can differ considerably, as long as the complaints both relate to the same general subject matter.  *See Hepp*, 366 F.2d at 360–61; *Forte v. Jones*, 2013 WL 1164929, at *9 (E.D. Cal. Mar. 20, 2013) ("To the extent Defendant's motion suggests that . . . relation back does not apply where additional facts are alleged, Defendant misstates the law.").  *See also, e.g., In re Brocade Commc'ns Sys., Inc. Derivative Litig.*, 615 F. Supp. 2d 1018, 1039 (N.D. Cal. 2009); *Clipper Exxpress v. Rocky Mountain Motor Tariff Bureau, Inc.*, 690 F.2d 1240, 1259 n.29 (9th Cir. 1982).[14]

---

[14] *Williams v. Boeing Co.*, 517 F.3d 1120 (9th Cir. 2008), cited by Sempra (Mot. at 15), is inapposite here.  In *Williams*, the plaintiffs attempted to introduce an entirely new legal theory of discrimination based on different facts, statistical evidence, and witnesses—nothing like the addition of new claims based on the same facts at issue here.  517 F.3d at 1133.  *Middlekauff v. KCRA-TV*, CIV S-12-105 KJM DAD, 2012 WL 5388139 (E.D. Cal. Nov. 1, 2012), in which the Plaintiff sought to add a disability discrimination claim to an age discrimination case, is along similar lines.

(Footnote Cont'd on Following Page)

The FAC's addition of a malicious prosecution claim and the SAC's addition of an allegation regarding the October 2007 ruling in Mr. Ritchie's favor do nothing to change the fact that all of the Complaints stem from a common nucleus of operative facts. Sempra makes much of the fact that the SAC amended the FAC to make clear that no Mexican court ever convicted Mr. Ritchie of any crime. In light of the convoluted procedural history of the *despojo* actions—consisting of multiple arrest warrants, appeals, and *amparo*s filed over the course of six years—the fact that Mr. Ritchie, in this Court's words, "clarifie[d]" (May 1, 2012 Order at 16) the procedural history in a later Complaint hardly qualifies as "entirely different factual grounds" or a "wholly opposite, and brand new, fact pattern," as Sempra claims. *See* Mot. at 13–14. The core of facts underlying Mr. Ritchie's claims—that Sempra unlawfully seized Mr. Ritchie's property and engaged in acts of malicious prosecution against him—remains the same.

Sempra's final argument is that the SAC cannot relate back because, without Mr. Ritchie's clarification that he was exonerated, rather than convicted, by the trial court, he "failed to state a cognizable claim for malicious prosecution at all." Mot. at 15. This argument ignores the fact that the viability of prior pleadings is irrelevant to the relation-back analysis. *See, e.g.*, *Stewart v. United States*, 620 F.2d 740 (9th Cir. 1980) (per curiam) (allowing relation-back where the original complaint failed for lack of subject-matter jurisdiction); *United States ex rel. Cericola v. Fannie Mae*, 529 F. Supp. 2d 1139, 1148–49 (C.D. Cal. 2007) ("Nothing in [Rule 15(c) (1)] suggests that a pleading failure negates the relation back doctrine and allows claims to be extinguished through the operation of the statute of limitations."). Accordingly,

---

(Footnote Cont'd From Previous Page)

*See id*. at *4. The only other case cited by Sempra in support of its relation-back argument, *Besig v. Dolphin Boating & Swimming Club*, 683 F.2d 1271 (9th Cir. 1982), addresses relation-back in the unrelated context of an amendment seeking to substitute a plaintiff rather than amend a claim.

under Rule 15(c)(1), which "is intended to promote the strong policy in favor of deciding cases on their merits as well as the federal policies in favor of simplified pleadings, liberal amendments, easy joinder of parties and claims, and broad discovery," *Brennan v. Lermer Corp.*, 626 F. Supp. 926, 935 n.11 (N.D. Cal. 1986), Mr. Ritchie's malicious prosecution claim relates back to the timely-filed Complaint.[15]

### 4. The Mexican Statute of Limitations Was Tolled by the Filing of the Complaint.

Even if the Court were to find that the SAC does not relate back to the Complaint, Mr. Ritchie's claim would still be timely under the provisions of Article 1155 of the B.C. Civil Code ("Article 1155"), a provision found under "Chapter V: Interruption of the Statute of Limitations." That Article provides that "[t]he statute of limitations is interrupted . . . [b]y a complaint or any other kind of judicial demand of which the possessor or debtor . . . is notified." Lopez Decl. Ex. 3 at 1 (Article 1155(II) translation). Article 1155 is a generally-applicable tolling provision that interrupts the running of Article 1812's two-year limitation period in a civil action when a complaint is filed notifying the defendant of the plaintiff's possession of a claim against him. *See id.* ¶ 5.2 and Ex. 3 at 11 (*Contradiction of Thesis* 147/2013, 1ª./J. 103/2013, Tenth Era, Supreme Court of Mexico, First Chamber, S.J.F. (Dec. 6, 2013) [Registry No. 2005046] translation). Article 1155 is therefore broader than the U.S. federal relation-back doctrine described above, as it does not require that amended pleadings share any factual similarity with the original complaint in order to be timely. *See id.*

Therefore, under Article 1155, the two-year statute of limitations for Mr. Ritchie's malicious prosecution claim would have been tolled from the filing of the

---

[15] By extension, the SAC also relates back to the FAC, filed December 20, 2010.

Complaint on July 20, 2010 until the filing of the SAC in 2011.  *See id.*  Sempra not only fails to mention this provision anywhere in its papers, but its expert also excerpted it out of the copy of the B.C. Civil Code he submitted to the court: Article 1155 is found on page 146, and Mr. Gorches' copy stops at page 145.  *See* Gorches Decl. Ex. A [Doc. No. 116–6] at 4–5.  Mr. Gorches' declaration, which boldly (and incorrectly) asserts that "Article 1812 is applied strictly as written [with] <u>no exception or other provision for tolling</u>," cannot be credited when a mere turn of the page reveals the falsity of its assertions.  *See* Gorches Decl. ¶ 28 (emphasis added).

### B.       Article 1148 Is Inapposite.

Sempra argues that Article 1148 of the B.C. Civil Code ("Article 1148") provides a two-year statute of repose that bars Mr. Ritchie's claims.  Mot. at 17–18. This argument fails, as Article 1148 would not apply to Mr. Ritchie's malicious prosecution claim.  Article 1148(V) provides a two-year statute of limitation for "civil liability arising from illicit acts <u>that do not constitute crimes</u> . . . running from the day on which the acts were verified."  Lopez Decl. Ex. 3 at 1 (Article 1148(V) translation) (emphasis added).  On its face, this provision does not apply to claims arising from acts that would constitute crimes under the B.C. Penal Code, such as malicious prosecution.  *See id.* ¶ 4.5 and Part III.A.1, *supra*.  Instead, Article 1148 applies to actions such as those for the recovery of "fees . . . for the provision of any service," *id.* Ex. 3 at 1 (Article 1148(I) translation); "[a]ction[s] by any merchant to collect the price of items sold to persons who were not resellers," *id.* (Article 1148(II) translation); "actions by owners of hotels . . . to collect the price of lodging," *id.* (Article 1148(III) translation); and "civil liability for insults . . . and liability resulting from injury caused by people or animals, which the law imposes on their representatives or their owners," *id.* (Article 1148(IV) translation).  Placing Article 1148(V) within the context of the other sections of the Article, it would be incongruous to interpret that Article, which references "civil liability arising from

illict acts that do not constitute crimes," to encompass "all wrongful acts . . . unless and until they have been considered by a criminal judge and ruled to be crimes," as Sempra urges.  *See* Gorches Decl. ¶ 36.  In fact, Article 1148(V) simply applies to claims arising from acts that do not rise to the level of crimes under the B.C. Civil Code, more akin to the noncriminal acts referenced in Article 1148's other subsections.  *See* Lopez Decl. ¶ 4.5.  Accordingly, Article 1812, which specifically applies to actions brought under Article 1788, would govern a malicious prosecution claim if brought under Baja California law, not Article 1148.  *See id.* ("[U]nder the Mexican legal principle that the specific controls over the general, Article 1812 . . . would apply in lieu of Article 1148(V).").[16]

Even if Article 1148 could apply to a malicious prosecution action, Sempra has not shown how Article 1148(V)'s "running from the day on which the [illicit] acts were verified" language could make Mr. Ritchie's claim untimely.  As explained above, the illicit nature of Sempra's acts was not "verified" until April 17, 2009, in Case No. 294 and until May 24, 2010, in Case No. 1197.  Even if the Court were to adopt Sempra's erroneous contention that Article 1148 begins to run on the day the illicit acts "were carried out," *see* Mot. at 18, Article 1148 still would not bar Mr. Ritchie's claim, as Sempra carried out illicit acts at least as late as April 2009, when it again provided false information to the B.C. Attorney General and instigated a second, renewed prosecution, *see* SAC ¶¶ 31, 76.  Under any interpretation, the SAC would still be timely under Article 1148 given that it relates back to the July 20, 2010 filing date of the Complaint under Rule 15(c)(1)(B) (and even if it did not, the two-year imitations period would have been tolled by the filing of the Complaint under Article 1155).

---

[16] Mr. Gorches's "ruled to be crimes" standard would lead to the nonsensical result of many (if not most) "illicit acts" claims based on criminal activity being time-barred under Article 1148 before they even accrued under Article 1788 (if more than two years elapsed during the pendency of a criminal proceeding).  *See* Lopez Decl. ¶ 4.5.

### C.   Unless Sempra Clearly Establishes That Mexican Law Bars Mr. Ritchie's Claim, Its Motion Should Be Denied.

A party arguing that a claim is barred under foreign law bears the burden of clearly establishing the content of the law it claims is controlling such that the court may apply it to the facts of the case.  *See Banque Libanaise Pour Le Commerce v. Khreich*, 915 F.2d 1000, 1006–07 (5th Cir. 1990) ("If the Bank wanted to rely on Abu Dhabi law, it was obligated to present to the district court clear proof of the relevant Abu Dhabi legal principles."); *Hammerl v. Acer Europe, S.A.*, No.C 08-4754 JF(RS), 2009 WL 30130, at *4 n.3 (N.D. Cal. Jan. 5, 2009) ("[T]he party . . . claim[ing] that the foreign law is different from the local law of the forum[,] has the burden of establishing the content of the foreign law." (internal quotation marks omitted); *Riffe v. Magushi,* 859 F. Supp. 220, 223 (S.D.W.Va. 1994) ("Where foreign law is applicable, the parties have the burden of sufficiently proving foreign law in such a way that the court may apply it to the facts of the case.").  Where the party asserting foreign law fails to carry its burden of clearly establishing the content of the foreign law, the forum will usually look to its own law.  *See Lien Huynh v. Chase Manhattan Bank*, 465 F.3d 992, 1001 (9th Cir. 2006) ("[W]here foreign law is applicable but it is neither pled nor proven, California permits the court to apply the law of California."); *Banco de Credito Indus, S.A.. v. Tesoreria Gen.*, 990 F.2d 827, 836 (5th Cir. 1993) ("When the parties have failed to conclusively establish foreign law, a court is entitled to look to its own forum's law in order to fill in any gaps.").

For example, in *Huynh*, even though the Ninth Circuit determined that the appellants were subject to Section 361, and the timeliness of their action was "dependent on the law of Vietnam (where the cause of action arose)", the court declined to apply Vietnamese law as the appellees failed to offer "any interpretation thereof." 465 F.3d at 1000–01.  *See also Symonette Shipyards, Ltd. v. Clark*, 365 F.2d 464, 468 n.5 (5th Cir. 1966); *Hammerl*, 2009 WL 30130, at *3; *Pfizer Inc. v. Elan Pharm. Research Corp.*, 812 F. Supp. 1352, 1360 (D. Del. 1993).

Here, Sempra has failed to carry its burden of answering the court's question of "how and whether Mexico courts apply" Baja California's two-year limitation period to malicious prosecutions or analogous actions so as to clearly establish it is entitled to judgment as a matter of law.  *See* May 1, 2012 Order at 16 n.15.  Sempra offers little in support of its limitations position other than its expert's *ipse dixit* that limitations would begin to run no later than October 11, 2007, *see* Gorches Decl. ¶¶ 32, 41, and that limitations are "applied strictly as written [with] no exception or other provision for tolling, delayed accrual or other savings." *Id.* ¶¶ 28, 37.  Sempra's Mexican law limitations argument also asks this Court to ignore numerous well-pleaded allegations of the operative Complaint, as well as clear U.S. federal relation-back law and clearly applicable Mexican tolling provisions.  Such a submission on Mexican law does not come close to meeting Sempra's burden of proving that foreign law requires judgment on the pleadings.  Therefore, even if this Court believes Mexico's statutes of limitations should be considered, and even if it does not agree with Mr. Ritchie's submission of Mexican limitations law, it can (and should) apply California limitations law if it believes Sempra's proffered analysis is less than clear.

## IV.    Sempra's Motion Cannot Be Resolved At This Stage.

A claim may not be dismissed on the ground that it is barred by the applicable statute of limitations unless "the running of the statute is apparent on the face of the complaint." *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F. 3d 954, 969 (9th Cir. 2010).  Accordingly, "determining when an action has accrued under a discovery-based statute of limitations . . . is a question of fact" that is inappropriate for resolution on a motion to dismiss or a motion for judgment on the pleadings. *DISH Network L.L.C. v. Vicxon Corp.*, 923 F. Supp. 2d 1259, 1268 (S.D. Cal. 2013); *see also B. Braun Med., Inc. v. Rogers*, 163 F. App'x 500, 504 (9th Cir. 2006) ("[R]esolution of the statute of limitations issue is normally a question of fact . . . established through discovery. . . .").

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Sempra's argument as to when Article 1812's "caused or discovered" standard was triggered requires the Court to make factual findings that it cannot make at this stage.  For example, Sempra argues that Mr. Ritchie "would have discovered he was damaged" as early as September 2006 "for purposes of triggering the limitation period in Article 1812."  Mot. at 17.  However, the SAC clearly alleges that the nature and extent of Sempra's illicit acts "were not known by Plaintiff . . . in September 2006" due to Sempra's fraudulent representations and omissions.  SAC ¶ 80.  Indeed, as this Court noted in denying Sempra's last attempt at dismissing Mr. Ritchie's malicious prosecution claim, "it is unclear how and whether Mexico's courts strictly apply the two-year statute of limitations in analogous action—i.e., <u>regardless of allegations that fraud delayed the discovery of facts rendering</u> <u>[Sempra's] conduct 'illegal' or 'against good custom'</u> pursuant to Article 1788." May 1, 2012 Order at 15 (emphasis added).  As the accrual of Mr. Ritchie's claim under Article 1788's statute of limitations is a fact-intensive question, Sempra's motion for judgment on the pleadings is not only without merit, but also premature. For both reasons, it should be denied.

## **CONCLUSION**

Sempra has not established that Mexican statutes of limitations should be considered, and it has not (and cannot) establish that Mr. Ritchie's claim is time barred under California law or would have been time-barred under Mexican law. Sempra's motion for judgment on the pleadings should be denied.

Dated:  January 10, 2014

Respectfully submitted,


/s/ Peter J. Kahn
Peter J. Kahn (admitted *pro hac vice*)
William P. Ashworth (admitted *pro hac vice*)
Grace L. Hill (admitted *pro hac vice*)
WILLIAMS & CONNOLLY LLP
725 Twelfth Street N.W.
Washington, DC  20005
(202) 434-5000

Leonard B. Simon
THE LAW OFFICES OF LEONARD B.
SIMON, P.C.
655 West Broadway, Suite 1900
San Diego, CA  92101
(619) 338-4549

Kirk B. Hulett
HULETT HARPER STEWART LLP
225 Broadway, Suite 1350
San Diego, CA 92101
(619) 338-1133

*Attorneys for Plaintiff*
*Ramon Eugenio Sanchez Ritchie*

### CHRONOLOGY OF MEXICAN CRIMINAL PROCEEDINGS

**Ex. A TO PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS**

| Date | State | Federal | Source |
|---|---|---|---|
| July 21, 2006 | Baja California ("B.C.") Attorney General authorizes a preliminary investigation into Mr. Ritchie for the crime of *despojo* based on a criminal complaint filed by Sempra. | | March 29, 2012 MX Order at 64. |
| September 14, 2006 | B.C. Attorney General orders the provisional restitution of Mr. Ritchie's property to Sempra. | | March 29, 2012 MX Order at 65. |
| September 18, 2006 | Criminal *despojo* proceedings filed against Mr. Ritchie in Criminal Case No. 294. | | March 29, 2012 MX Order at 66. |
| January 25, 2007 | Arrest Warrant issued against Mr. Ritchie by the Second Judge for Criminal Matters in Ensenada, B.C. | | March 29, 2012 MX Order at 66. |
| February 24, 2007 | Incarceration Order issued against Mr. Ritchie by the Second Judge for Criminal Matters in Ensenada B.C. | | March 29, 2012 MX Order at 67. |
| August 9, 2007 | | Mr. Ritchie's *Amparo* from February 24, 2007 Incarceration Order granted by the Tenth District Court in B.C. | March 29, 2012 MX Order at 68. |
| October 11, 2007 | Liberty Decree by the Court of First Instance of Civil and Criminal Affairs in Rosarito Beach, B.C. voiding the February 24, 2007 Incarceration Order in compliance with the August 9, 2007 federal *Amparo*. | | October 11, 2007 MX Order at 114-15. |
| November 8, 2007 | B.C. Attorney General appeals the October 11, 2007 Order. | | March 29, 2012 MX Order at 69. |
| July 10, 2008 | Appeal granted by Order of the Fourth Chamber of the Superior Court of Justice of B.C., overturning the October 11, 2007 Order and re-issuing the Incarceration Order. | | July 10, 2008 MX Order at 250. |
| July 11, 2008 | | *Amparo* filed by Mr. Ritchie in the Tenth District Court in B.C. challenging the July 10, 2008 Incarceration Order. | March 29, 2012 MX Order at 70. |

| March 13, 2009 | | Mr. Ritchie's *Amparo* from the Incarceration Order unanimously granted by the Second Collegiate Court of the Fifteenth Circuit. | March 29, 2012 MX Order at 71. |
|---|---|---|---|
| April 17, 2009 | Liberty Decree by the Fourth Court of the Superior Court of Justice of B.C. voiding the July 10, 2008 Incarceration Order and dismissing Case No. 294 for lack of evidence. | | March 29, 2012 MX Order at 71. |
| April 22, 2009 | First Judge of the Criminal Court of Tijuana authorizes the B.C. Attorney General to re-initiate the prosecution of Mr. Ritchie in Criminal Case No. 1197. | | May 12, 2010 MX Order at 2. |
| April 28, 2009 | First Criminal Court of Tijuana denies Mr. Ritchie's appeal of the April 22, 2009 Order authorizing renewal of Criminal Case No. 1197. | | May 12, 2010 MX Order at 2. |
| May 11, 2009 | | *Amparo* filed by Mr. Ritchie in the Tenth District Court of B.C. challenging the April 28, 2009 denial of his appeal from the April 22, 2009 renewal of Case No. 1197. | May 12, 2010 MX Order at 1. |
| November 17, 2009 | Arrest Order issued against Mr. Ritchie by the First Criminal Court of Tijuana. | | March 29, 2012 MX Order at 75. |
| May 12, 2010 | | Mr. Ritchie's *Amparo* from the April 28, 2009 Order unanimously granted by the Second Collegiate Court of the Fifteenth Circuit. | May 12, 2010 MX Order at 168-69. |
| May 24, 2010 | Liberty Decree by the First Criminal Court of Tijuana voiding the April 28, 2009 Order, dismissing Case No. 1197 with effects of an acquittal and ordering the restitution of Mr. Ritchie's property, all in compliance with the May 12, 2010 federal *Amparo* Order. | | May 24, 2010 MX Order at 16. |
| July 30, 2011 | | *Amparo* filed by Sempra challenging the authority of the Fifteenth Circuit to restitute the property through *Amparo* proceedings. | March 29, 2012 MX Order at 1-3 |

| March 29, 2012 | | Order of the Second Collegiate Court of the Fifteenth Circuit unanimously denying Sempra's July 30, 2011 *Amparo*. | March 29, 2012 MX Order at 129. |
|---|---|---|---|