

H. Congreso del Estado de Baja California
Secretaría de Servicios Parlamentarios
Coordinación de Editorial y Registro Parlamentario

*Última reforma P.O. No. 41, 04- Octubre-2013*

# CODIGO CIVIL PARA EL ESTADO DE BAJA CALIFORNIA

**ARTICULO 1148.-** Prescriben en dos años:

I.- Los honorarios, sueldos, salarios, jornales u otras retribuciones por la prestación de cualquier servicio. La prescripción comienza a correr desde la fecha en que dejaron de prestarse los servicios.

II.- La acción de cualquier comerciante para cobrar el precio de objetos vendidos a personas que no fueren revendedoras;

La prescripción corre desde el día en que fueron entregados los objetos, si la venta no se hizo a plazo;

III.- La acción de los dueños de hoteles y casas de huéspedes para cobrar el importe del hospedaje; y la de éstos y la de los fondistas para cobrar el precio de los alimentos que ministren;

La prescripción corre desde el día en que debió ser pagado el hospedaje, o desde aquel en que se ministraron los alimentos;

IV.- La responsabilidad civil por injurias, ya sean hechas de palabra o por escrito, y la que nace del daño causado por personas o animales, y que la Ley impone al representante de aquellas o al dueño de éstos.

La prescripción comienza a correr desde el día en que se recibió o fue conocida la injuria o desde aquel en que se causó el daño;

V.- La responsabilidad civil proveniente de actos ilícitos que no constituyan delitos.

La prescripción corre desde el día en que se verificaron los actos.

**ARTICULO 1155.-** La prescripción se interrumpe:

I.- Si el poseedor es privado de la posesión de la cosa o del goce del derecho por más de un año;

II.- Por demanda u otro cualquier género de interpelación judicial notificada al poseedor o al deudor en su caso.

Se considerará la prescripción como no interrumpida por la interpelación judicial, si el actor desistiese de ella, o fuese desestimada su demanda:

III.- Porque la persona a cuyo favor corre la prescripción reconozca expresamente de palabra o por escrito o tácitamente por hechos indudables el derecho de la persona contra quien prescribe.

Empezará a contarse el nuevo término de la prescripción en caso de reconocimiento de las obligaciones desde el día en que se haga si se renueva el documento desde la fecha del nuevo título y si se hubiere prorrogado el plazo del cumplimiento de la obligación, desde que éste hubiere vencido.



*H. Congreso del Estado de Baja California*
*Secretaría de Servicios Parlamentarios*
*Coordinación de Editorial y Registro Parlamentario*

<u>Última reforma P.O. No. 41, 04- Octubre-2013</u>

**ARTICULO 1788.**- El que obrando ilícitamente o contra las buenas costumbres cause daño a otro, está obligado a repararlo, a menos que demuestre que el daño se produjo como consecuencia de culpa o negligencia inexcusable de la víctima.    [*as amended June 11, 2004*]

La imprudencia concurrente del perjudicado no exime de responsabilidad, pero conlleva la reducción de la indemnización. En todo caso, la víctima de acto ilícito deberá tomar las medidas conducentes a atenuar su daño, de lo contrario su reclamo por indemnización se verá reducida en la proporción en que tales medidas, de haberse tomado, hubiesen reducido su daño.

**ARTICULO 1794.**- Independientemente de los daños y perjuicios, el Juez puede acordar en favor de la víctima de un hecho ilícito, o de su familia, si aquella muere, una indemnización equitativa, a título de reparación moral, que pagará el responsable del hecho.    [*as amended Oct. 5, 2007*]

Por daño moral se entiende el menoscabo, que una persona sufre en sus sentimientos, afectos, creencias, decoro, honor, reputación, vida privada, configuración y aspectos físicos, o bien en la consideración que de sí misma tienen los demás.

Se presumirá que hubo daño moral en cualquiera de los siguientes casos:

I.- Cuando se vulnera o menoscaba de manera ilegítima la libertad o la integridad física o psíquica de las personas;

II.- Cuando ocurre la pérdida o detrimento en la relación padre e hijo, o la intimidad entre cónyuges o de quienes cohabiten en unión libre;

III.- Cuando una persona sea víctima de la discriminación, humillación, acoso sexual o malos tratos por razón de su origen étnico, sexo o preferencia sexual, o por razón de algún impedimento físico;

IV.- Cuando una persona sea víctima del abuso de un derecho.

Cuando un hecho u omisión ilícitos produzcan un daño moral, el responsable del mismo tendrá la obligación de repararlo mediante una indemnización en dinero, con independencia de que se haya causado un daño material. Igual obligación de reparar el daño moral tendrá quien incurra en responsabilidad objetiva conforme al Artículo 1791 del presente Código.

La acción de reparación no es transmisible a terceros por actos entre vivos y solo pasa a los herederos de la víctima cuando esta haya intentado la acción en vida.

El monto de la indemnización lo determinará el juez tomando en cuenta los derechos lesionados, el grado de responsabilidad, la situación económica del responsable, y la de la víctima, así como las demás circunstancias del caso.

La indemnización por daño moral en ningún caso excederá del equivalente a la que se prevé en este Código para el supuesto del daño que produzca la incapacidad permanente total de la víctima.

Cuando el daño moral haya afectado a la víctima en su decoro, honor, reputación o consideración el juez ordenará a petición de ésta y con carga al responsable, la publicación de un



*H. Congreso del Estado de Baja California*
*Secretaría de Servicios Parlamentarios*
*Coordinación de Editorial y Registro Parlamentario*

*Última reforma P.O. No. 41, 04- Octubre-2013*

extracto de la sentencia que refleje adecuadamente la naturaleza y el alcance de la misma a través de los medios informativos que considere conveniente. En los casos que el daño derive de un acto que haya tenido difusión en los medios informativos, el juez ordenará que los mismos den publicidad el extracto de la sentencia con la misma relevancia que hubiera tenido la difusión original.

No estará obligado a la reparación del daño moral quien ejerza sus derechos de opinión, crítica, expresión e información en los términos y con las limitaciones de los Artículos 6 y 7 de la Constitución Política de los Estados Unidos Mexicanos.

**ARTICULO 1812.-** La acción de exigir la reparación de los daños causados en los términos del presente capítulo, prescribe en dos años contados a partir del día en que se haya causado el daño, o a partir de la fecha en que éste fue descubierto o debió haber sido descubierto por la víctima.

*[as amended Oct. 5, 2007]*

El término de prescripción se interrumpirá mientras la víctima tenga derecho a tramitar procedimientos para exigir la responsabilidad patrimonial del Estado o Municipios de Baja California, en los que se pueda determinar una participación concurrente de un particular.

*Código Civil para el Estado de Baja California.*



*H. Congreso del Estado de Baja California*
*Secretaría de Servicios Parlamentarios*
*Coordinación de Editorial y Registro Parlamentario*

*Última reforma P.O. No. 40,Secc I, 13-Sep-2013,*

# CODIGO PENAL PARA EL ESTADO DE BAJA CALIFORNIA

**ARTÍCULO 19.-** Responsabilidad de las personas físicas y morales.- Para los efectos de este Código, sólo pueden ser penalmente responsables las personas físicas.

Cuando un miembro o representante de una persona moral, con excepción de las entidades del Estado, cometa algún delito con los medios que para tal objeto la misma entidad le proporciona, de modo que resulte cometido a nombre, bajo el amparo, o en beneficio de ésta, el juzgador impondrá en la sentencia, con audiencia e intervención de su representante legal, las consecuencias previstas por este Código para las personas morales, sin perjuicio de la responsabilidad en que hubieren incurrido las personas físicas.

La responsabilidad penal no pasa de la persona y bienes de los delincuentes.

**ARTÍCULO 112.-** Impedimento legal para correr los plazos.- No correrán los plazos para la prescripción cuando exista algún impedimento legal para el ejercicio de la pretensión punitiva o para ejecutar las penas o medidas de seguridad impuestas.

**ARTÍCULO 191.-** Tipo y punibilidad.- El delito de calumnia se castigará con prisión de seis meses a dos años o hasta cien días multa, o ambas sanciones, a juicio del Juez:

I.- Al que impute a otro un hecho determinado y calificado como delito por la Ley, si este hecho es falso, o es inocente la persona a quien se imputa;

II.- Al que presente denuncias, quejas o acusaciones calumniosas, entendiéndose por tales aquellas en que su autor imputa un delito a persona determinada, sabiendo que ésta es inocente o que aquel no se ha cometido; y

III.- Al que, para hacer que un inocente aparezca como reo de un delito, ponga sobre la persona del calumniado, en su casa o en otro lugar adecuado para ese fin, una cosa que pueda dar indicios o presunciones de responsabilidad.

En los casos de las dos últimas fracciones, si el calumniado es condenado por sentencia irrevocable, se impondrá al calumniador la misma sanción que aquel.

**ARTÍCULO 194.-** Suspensión de la acción.- Cuando haya pendiente un juicio en averiguación de un delito imputado a alguien calumniosamente, se suspenderá el ejercicio de la acción de calumnia hasta que dicho juicio termine. Para los efectos de la prescripción, en este caso se estará a lo dispuesto por el artículo 112 de este Código.          [*as it existed prior to Sept. 22, 2010*]

**ARTÍCULO 194.-** Suspensión de la acción.- Cuando haya pendiente un juicio en averiguación o investigación de un delito imputado a alguien calumniosamente, se suspenderá el ejercicio de la acción de calumnia hasta que dicho juicio termine. Para los efectos de la prescripción, en este caso se estará a lo dispuesto por el artículo 112 de este Código.          [*as amended Sept. 22, 2010*]



H. Congreso del Estado de Baja California
Secretaría de Servicios Parlamentarios
Coordinación de Editorial y Registro Parlamentario

*Última reforma P.O. No. 40,Secc I, 13-Sep-2013,*

**ARTÍCULO 320.-** Tipo y punibilidad.- Al que teniendo la obligación legal de conducirse con verdad en un acto ante la autoridad, lo haga falsamente u ocultando la verdad, se le impondrá de uno a cinco años de prisión y hasta cien días multa.  *[as amended Feb. 7, 2007]*

Si el agente se retractare de sus declaraciones falsas antes de que se pronuncie resolución en el procedimiento en el que se condujo con falsedad, sólo se le impondrá la multa a que se refiere el párrafo anterior.

**ARTÍCULO 321.-** Presentación de testigos falsos y otros.- Al que presente testigos falsos conociendo esta circunstancia o logre que un testigo, perito, intérprete traductor falte a la verdad o la oculte al ser examinado por la autoridad pública en el ejercicio de sus funciones, se le impondrá prisión de uno a cuatro años y hasta cien días multa.

Además de las penas a que se refiere el párrafo anterior, el perito, intérprete o traductor sufrirá inhabilitación para desempeñar sus funciones hasta por dos años.



*H. Congreso del Estado de Baja California*
*Secretaría de Servicios Parlamentarios*
*Coordinación de Editorial y Registro Parlamentario*

*Última reforma P.O. No. 32, 19-Julio-2013*

# CODIGO DE PROCEDIMIENTOS PENALES PARA EL ESTADO DE BAJA CALIFORNIA

## Publicado en el Periódico Oficial No. 23, Tomo XCVI, Sección III, de fecha 20 de Agosto de 1989

**Nota de Vigencia:**
El presente Código es vigente en Ensenada hasta el 10 de agosto de 2014; y en Tijuana, Tecate y Playas de Rosarito hasta el 10 de agosto de 2015. En Mexicali está vigente el Código publicado el 19 de octubre de 2007.

ARTICULO 7.- **Juzgamiento Unico**.- Nadie puede ser perseguido o Juzgado penalmente dos veces por los mismos hechos, ya sea que en el juicio se le absuelva o se le condene. No puede absolverse de la instancia.

ARTICULO 282.- **Caducidad de la Acción**.- El juez, de oficio o a petición de parte, decretará el sobreseimiento de la causa, el cual surtirá los efectos de una sentencia absolutoria y, una vez ejecutoriado, tendrá valor de cosa juzgada, cuando transcurridos seis meses a partir del auto de libertad por falta de elementos para procesar o de no sujeción a proceso, el Ministerio Público no ha consignado nuevamente apoyándose en elementos adicionales de prueba o, cuando ejercitada por segunda vez la acción penal, los datos presentados son igualmente insuficientes para dictar un auto de formal procesamiento. La caducidad operará en los mismos términos, cuando se dicte libertad por desvanecimiento de datos. *[as amended Sept. 2, 1994]*



*H. Congreso del Estado de Baja California*
*Secretaría de Servicios Parlamentarios*
*Coordinación de Editorial y Registro Parlamentario*

*Última reforma P.O. No. 47, Secc I, 25-Octubre-2013,*

# LEY ORGANICA DEL PODER JUDICIAL DEL ESTADO DE BAJA CALIFORNIA

**ARTICULO 2.-** Son órganos jurisdiccionales del Poder Judicial.

I.- El Tribunal Superior de Justicia, actuando en Pleno o en Salas;

II.- Los Juzgados de Primera Instancia en Materia Civil;

III.- Los Juzgados de primera Instancia en Materia Familiar;

IV.- Los Juzgados de Primera Instancia del Ramo Penal;

V.- El Juzgado de Primera Instancia en materia de extinción de dominio;

VI.- Los Juzgados de Primera Instancia Especializados para Adolescentes.

VII.- Los Juzgados de Paz, y

VIII.- Tribunal de Justicia Electoral, actuando en Pleno o en Salas.

Los órganos del Poder Judicial del Estado, funcionarán de modo permanente e ininterrumpido durante cada año de actividades. El Consejo de la Judicatura dictará las medidas correspondientes para la organización permanente de las actividades de los juzgados de conformidad con el Título Decimoprimero de esta Ley.

**ARTICULO 21.-** El Tribunal Superior de Justicia, estará integrado por trece Magistrados Numerarios como mínimo y tres Supernumerarios. Funcionará en Pleno o en Salas en forma permanente en los términos de su calendario anual de actividades colegiadas.

Además contará con una Sala Unitaria Especializada para Adolescentes.

COLECCIÓN TEXTOS JURÍDICOS UNIVERSITARIOS

# Obligaciones civiles

Sexta edición

## Manuel Bejarano Sánchez
UNIVERSIDAD NACIONAL AUTÓNOMA DE MÉXICO

OXFORD
UNIVERSITY PRESS

Los códigos civiles francés y español adoptan más adelante dicho término pero, variando el criterio de la distinción reservan la calificación de *delito* al acto intencional, deliberado, y la de *cuasidelito* al culposo o imprudencial, lo que lleva a diferenciar la responsabilidad delictual de la cuasidelictual atendiendo al tono o matiz de la conducta del agente. La clasificación tiende a desaparecer en el derecho moderno, que denomina *obligaciones procedentes de la culpa o negligencia* u *obligaciones generadas por los hechos ilícitos*, tanto a las obligaciones delictuales como a las cuasidelictuales.

En las páginas siguientes se aborda y sistematiza el estudio de los hechos ilícitos civiles (los *delitos* civiles) a partir del análisis de sus elementos conceptuales, y se examinan las diversas especies de responsabilidad civil.

### 12.2. Elementos del hecho ilícito

¿Qué se entiende por hecho ilícito? El art. 1830 del Código Civil lo define como todo aquel *contrario a las leyes de orden público o a las buenas costumbres*. Se trata de un concepto conocido, cuyo alcance se precisó en la teoría del acto jurídico (véase capítulo 6). El hecho ilícito, caracterizado así como una acción antijurídica, contraria a la ley o a la moral social, anula el contrato que lo tiene por objeto o finalidad principal.

El hecho ilícito que engendra obligaciones, que es fuente de ellas, se regula en el art. 1910 del Código, que dice: "El que obrando ilícitamente o contra las buenas costumbres cause daño a otro, está obligado a repararlo." Es decir, la obligación de reparar daños, la llamada *responsabilidad civil*, surge a cargo de quien incurre en una conducta *antijurídica* y *dañosa*.

Tenemos aquí dos elementos conceptuales del hecho ilícito generador de obligaciones: la antijuricidad y el daño. Pero, ¿basta una conducta contraria al derecho y perjudicial para crear obligaciones? No, pues el art. 1914 del Código Civil, contenido en el mismo capítulo de los hechos ilícitos, prescribe: "Cuando [...] sin culpa o negligencia de ninguna de las partes, se producen daños, cada una los soportará sin derecho a indemnización."

Aparece así un nuevo elemento del hecho ilícito: la *culpa*. Para responsabilizar a alguien necesitamos demostrar que estuvo a su alcance evitar el daño y no lo hizo, que cometió una falta o culpa, o que produjo el daño en forma intencional. De todo ello se concluye que los elementos característicos del hecho ilícito son, por consiguiente, la *antijuricidad*, la *culpa* y el *daño*.

Semanario Judicial de la Federación

Consulta tradicional   Especiales   Índices   Consulta por Circuito   Tribunal Electoral   Ayuda

| Tesis: I.3o.C.628 C | Semanario Judicial de la Federación y su Gaceta | Novena Época | 171674   1 de 1 |
|---|---|---|---|
| Tribunales Colegiados de Circuito | Tomo XXVI, Agosto de 2007 | Pag. 1779 | Tesis Aislada (Civil) |

**PRESCRIPCIÓN NEGATIVA. CARGA DE LA PRUEBA DE LOS ELEMENTOS DE LA ACCIÓN.**

De la interpretación sistemática y teleológica de los artículos 1135, 1136, 1158, 1159 y 1168 del Código Civil para el Distrito Federal, se advierte la existencia de dos elementos estructurales de la prescripción negativa, a saber: la existencia de una obligación y el solo transcurso del tiempo contado a partir de que aquélla pudo exigirse por el tiempo previsto por la ley, lo cual demuestra que se atribuye implícitamente una inactividad al acreedor de ejercer el derecho de crédito que tiene a su favor, que permite establecer la intención del legislador de sancionar la inercia de las partes en el cumplimiento de una obligación y, fundamentalmente, del abandono del titular del derecho durante un tiempo determinado, conforme al cual el ordenamiento jurídico se desentiende de dicho interés privado impidiendo el cobro coactivo de dicha obligación. Derivado de lo anterior, cuando se ejerce la acción de prescripción negativa se desprende de manera clara que los hechos que deben probarse por el actor son: a. La existencia de una obligación, y b. Que a partir de la fecha en que la obligación se volvió exigible ha transcurrido el tiempo previsto en la ley para que opere la prescripción negativa. En ese sentido, si bien es cierto que el artículo 281 del Código de Procedimientos Civiles para el Distrito Federal dispone que las partes asumirán la carga de la prueba de los hechos constitutivos de sus pretensiones, y que la fracción IV del artículo 282 del mismo ordenamiento señala claramente que el que niega sólo está obligado a probar cuando la negativa sea un elemento constitutivo de la acción, dicha regla general no es aplicable al caso de la acción de prescripción negativa, tanto porque se apoya en el hecho de que el acreedor de una obligación no ha exigido el cumplimiento de la obligación por determinado tiempo, lo que implica atribuirle al acreedor demandado una conducta de abstención o negativa, que no es propia del actor; como porque la ley sustantiva al configurar la institución de la prescripción negativa estableció una presunción a favor del deudor en el sentido de que la falta de cumplimiento proviene de una inactividad del acreedor, por lo cual si la enjuiciante hace valer las consecuencias de la expiración de un plazo que dará lugar a que no sea exigible una obligación, sólo debe probar la existencia de la obligación, cuándo fue exigible y cuándo expiró, y el acreedor debe demostrar que sí requirió de pago o se actualizó alguno de los casos de interrupción de la prescripción previstos en el ordenamiento jurídico.

TERCER TRIBUNAL COLEGIADO EN MATERIA CIVIL DEL PRIMER CIRCUITO.

Amparo directo 128/2007. Banco Unión, S.A., Institución de Banca Múltiple. 17 de mayo de 2007. Unanimidad de votos. Ponente: Neófito López Ramos. Secretario: José Luis Evaristo Villegas.

| Tesis: 1a./J. 103/2013 (10a.) | Semanario Judicial de la Federación | Décima Época | 2005046 | 1 de 0 |
|---|---|---|---|---|
| Primera Sala | Publicación: viernes 06 de diciembre de 2013 06:00 h | Ubicada en publicación semanal | Jurisprudencia (Civil) | |

**PRESCRIPCIÓN ADQUISITIVA. SU INTERRUPCIÓN NO SE ACTUALIZA CON LAS MANIFESTACIONES REALIZADAS A TRAVÉS DE EXCEPCIONES DE DEFENSA PLANTEADAS EN LA CONTESTACIÓN DE DEMANDA FORMULADA EN ANTERIOR JUICIO PROMOVIDO EN RELACIÓN CON EL BIEN EN DISPUTA, SALVO EN CASOS DE RECONVENCIÓN (LEGISLACIÓN DE LOS ESTADOS DE CHIHUAHUA Y COLIMA).**

Los artículos 1170 del Código Civil del Estado de Chihuahua y 1164 del Código Civil para el Estado de Colima establecen, respectivamente, una lista de causales de interrupción de la prescripción. Al respecto, la causal de interrupción de prescripción que establece la fracción II de los preceptos citados, consistente en "cualquier género de interpelación judicial", es un concepto genérico, indeterminado y abierto cuya actualización puede suscitarse por hechos diversos; los cuales deberán tener por denominador común el que se trate de actos positivos del acreedor, como lo es el ejercicio de una acción. En consecuencia, las excepciones ejercidas por el demandado en su contestación de demanda, no se encuentran incluidas dentro del texto normativo "cualquier género de interpelación judicial", pues el ejercicio de defensa que realiza el demandado al contestar la demanda sólo puede tener como resultado la detención del proceso o la absolución. En ese sentido, el plazo para configurar la prescripción adquisitiva no se interrumpe por la oposición que se manifieste a través de excepciones de defensa formuladas en un juicio promovido en relación con el bien inmueble en disputa, pero sí se interrumpe cuando a través de la contestación de demanda se ejerce una acción, en vía de reconvención, sobre la posesión del inmueble y se plantean pretensiones por las que se busque la declaratoria del órgano jurisdiccional sobre esa posesión y, en su caso, una condena relacionada con la misma.

PRIMERA SALA

Contradicción de tesis 147/2013. Suscitada entre el entonces Primer Tribunal Colegiado del Décimo Séptimo Circuito, actual Primer Tribunal Colegiado en Materias Civil y de Trabajo del Décimo Séptimo Circuito y el Tribunal Colegiado del Trigésimo Segundo Circuito. 21 de agosto de 2013. La votación se dividió en dos partes: mayoría de cuatro votos por la competencia. Disidente: José Ramón Cossío Díaz. Mayoría de tres votos en cuanto al fondo. Disidentes: Jorge Mario Pardo Rebolledo y Arturo Zaldívar Lelo de Larrea, quienes reservaron su derecho a formular voto de minoría. Ponente: Alfredo Gutiérrez Ortiz Mena. Secretario: Óscar Echenique Quintana.

Tesis de jurisprudencia 103/2013 (10a.). Aprobada por la Primera Sala de este Alto Tribunal, en sesión de fecha once de septiembre de dos mil trece.

Esta tesis se publicó el viernes 06 de diciembre de 2013 a las 06:00 horas en el Semanario Judicial de la Federación y, por ende, se considera de aplicación obligatoria a partir del lunes 09 de diciembre de 2013, para los efectos previstos en el punto séptimo del Acuerdo General Plenario 19/2013.

Semanario Judicial de la Federación

Consulta tradicional    Especiales    Índices    Consulta por Circuito    Tribunal Electoral    Ayuda

| Tesis: 1a./J. 57/2013 (10a.) | Semanario Judicial de la Federación y su Gaceta | Décima Época | 2004961 | 1 de 1 |
| Primera Sala | Libro XXVI, Noviembre 2013 Tomo 1 | Pag. 405 | Jurisprudencia (Civil) | |

**PRESCRIPCIÓN DEL DERECHO A EJECUTAR UN CONVENIO JUDICIAL CELEBRADO EN UN JUICIO EJECUTIVO MERCANTIL. LA SOLICITUD DE REINSCRIPCIÓN DE UN EMBARGO ES APTA PARA INTERRUMPIR EL TÉRMINO PARA QUE OPERE.**

De los artículos 1041, 1079, fracción IV y 1398 del Código de Comercio, se advierte que los convenios judiciales derivados de juicios ejecutivos mercantiles que adquieren la categoría de cosa juzgada, están sujetos a la figura de la prescripción cuando transcurra un plazo de tres años, que comienza a partir de que sea exigible la obligación en términos del convenio judicial. Ahora bien, el referido artículo 1041 prevé los actos susceptibles de interrumpir la prescripción, a saber: a) la demanda; b) cualquier otro género de interpelación judicial hecha al deudor; c) el reconocimiento de las obligaciones; y, d) la renovación del documento en que se funde el derecho del acreedor, los cuales no deben interpretarse limitativamente, pues el segundo supuesto, al emplear la expresión "cualquier otro género de interpelación judicial", debe entenderse como el requerimiento de cualquier índole que hace el acreedor al deudor para cumplir su obligación. De lo anterior se colige que dicho artículo no restringe ni prohíbe que se aplique a otros casos, ya que se hace extensiva a todos aquellos en los que se advierta la voluntad del acreedor de mantener vigente su derecho; como lo constituye la solicitud de reinscripción de un embargo, cuya intención es mantener vigente la exigibilidad de los derechos derivados del convenio judicial. Por tanto, dicha solicitud es apta para interrumpir el término para que opere la prescripción negativa del derecho a ejecutar un convenio judicial.

CONTRADICCIÓN DE TESIS 500/2012. Entre las sustentadas por el Quinto Tribunal Colegiado en Materia Civil del Primer Circuito y el Segundo Tribunal Colegiado del Trigésimo Circuito. 24 de abril de 2013. Mayoría de cuatro votos por lo que hace a la competencia y al fondo. Disidente: José Ramón Cossío Díaz, quien reservó su derecho a formular voto particular. Ponente: Olga Sánchez Cordero de García Villegas. Secretaria: Rocío Balderas Fernández.

Tesis de jurisprudencia 57/2013 (10a.). Aprobada por la Primera Sala de este Alto Tribunal, en sesión de fecha veintidós de mayo de dos mil trece.

Ejecutorias
CONTRADICCIÓN DE TESIS 500/2012.