JOHN C. HUESTON (164921)
jhueston@irell.com
MARSHALL A. CAMP (231389)
mcamp@irell.com
SANDRA L. HABERNY (260977)
shaberny@irell.com
IRELL & MANELLA LLP
840 Newport Center Drive, Suite 400
Newport Beach, California 92660-6324
Telephone: (949) 760-0991
Facsimile: (949) 760-5200

Attorneys for Defendant SEMPRA ENERGY

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA
### SAN DIEGO DIVISION

| | |
|---|---|
| RAMON EUGENIO SANCHEZ RICHIE, <br><br> Plaintiff, <br><br> vs. <br><br> SEMPRA ENERGY, A California Corporation, <br><br> Defendant. | Case No. 3:10-cv-01513-CAB (KSC) <br><br> **SEMPRA ENERGY'S REPLY IN SUPPORT OF ITS MOTION FOR JUDGMENT ON THE PLEADINGS** <br><br> Judge: Hon. Cathy Ann Bencivengo <br> Ctrm: 4C <br> Date: January 31, 2014 <br> Time: 2:00 p.m. <br><br> **ORAL ARGUMENT REQUESTED SUBJECT TO COURT APPROVAL** |

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

2961587

Sempra Energy's Reply ISO
Motion for Judgment on the Pleadings

Case No. 10-cv-1513

## I.     Introduction

Sanchez Ritchie's Opposition contains yet another set of factual allegations and unsubstantiated theories about Mexican law (from an "expert" who is not a Mexican lawyer), but it fails to offer any persuasive reason why Sempra's motion for judgment on the pleadings should be denied.  Rather, it simply confirms that Sanchez Ritchie's sole remaining claim, for malicious prosecution, is time-barred.

Sanchez Ritchie alleges that Sempra caused two Mexican criminal cases to be filed against him, one in 2006 and another in 2009.  The Court has already determined that the second case was dismissed by Mexican courts as untimely.  A statute of limitations dismissal is not a "favorable termination" for purposes of a malicious prosecution claim under California law.  Sanchez Ritchie's claim thus turns entirely on the 2006 proceeding, and it is untimely under both Mexican and California law.

<u>First</u>, Sanchez Ritchie does not dispute that the elements of his claim came into existence in Mexico.  Under California law, this claim "arose" in Mexico and is governed by Mexico's statute of limitations.  Under Mexican law, Sanchez Ritchie was required to bring his claim within two years of when the injury was caused, discovered or should have been discovered.  The injuries Sanchez Ritchie alleges, including dispossession of his property, and his arrest and prosecution, occurred between October 2006 and January 2007.  They were known to him no later than October 11, 2007, when he alleges the Mexican trial court ruled in his favor and terminated the prosecution.  Because the malicious prosecution claim was filed more than two years later, it is untimely.

<u>Second</u>, even if the Court were to apply California's limitations period, the malicious prosecution claim would still be untimely.  In his opposition, Sanchez Ritchie admits for the first time that—contrary to the allegations in his pleading—the appeal in the 2006 case ended no later than ***July 10, 2008***.  Although California law tolls the two-year statutory period during an appeal, the appeal ended more

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

2961587

- 1 -

Sempra Energy's Reply ISO
Motion for Judgment on the Pleadings

Case No. 10-cv-1513

than two years before the claim in this case was filed, rendering it untimely.

## II.  Argument

### A.  The 2009 Proceeding, Case No. 1197, Does Not Delay The Limitations Period Because It Was Not "Favorably Terminated"

Sanchez Ritchie alleges that two distinct criminal proceedings were initiated against him by Mexican authorities, one in 2006 ("Case No. 294") and another in 2009 ("Case No. 1197").  SAC ¶¶ 30-32, 75-76.  This Court previously concluded that the second proceeding, Case No. 1197, was dismissed by a Mexican court pursuant to a determination "that the time to prosecute Sanchez Ritchie based on additional evidence had run . . . ."  D.I. 73 at 2.  The Court described Case No. 1197 as "untimely" and foreclosed by the Mexican court's determination that "the period granted by law" for re-prosecution "had expired."  *Id*.  Sanchez Ritchie himself now admits that Case No. 1197 was dismissed because of a time bar.  *See* Opp. at 3-4; *see also* Lopez Decl. ¶ 1.8(b).[1]  Under California law, a dismissal on statute of limitations grounds is not a "favorable termination" for purposes of a malicious prosecution claim.  *See, e.g.*, *Casa Herrera, Inc. v. Beydoun*, 32 Cal. 4th 336, 342 (Cal. 2004) (collecting authorities).  Sanchez Ritchie's malicious prosecution claim thus turns entirely on his allegations regarding the ***first*** proceeding, Case No. 294.

### B.  Sanchez Ritchie's Claim Is Time-Barred Pursuant To Section 361

In his opposition, Sanchez Ritchie asserts that this Court previously decided that California law applies to the statute of limitations issue, and that that ruling constituted a "law of the case" foreclosing further consideration.  Opp. at 8.  Not so.

First, the very fact that the Court was inclined to apply California law is what requires adherence to California Code of Civil Procedure Section 361, which the

---

[1] Sanchez Ritchie's expert, Mr. Lopez, attempts to mischaracterize the dismissal as a ruling "on the merits" simply because, according to him, the Mexican court labeled it that way. Lopez Decl. ¶ 1.8(b). Lopez improperly attempts to elevate form over substance.

**IRELL & MANELLA LLP**
A Registered Limited Liability
Law Partnership Including
Professional Corporations

2961587

- 2 -

Sempra Energy's Reply ISO
Motion for Judgment on the Pleadings

Case No. 10-cv-1513

Court had not previously considered. Second, "law of the case" does not preclude a district court from revisiting an earlier ruling based on new information. *See, e.g., Pyramid Lake Paiute Tribe of Indians v. Hodel*, 882 F.2d 364, 369 (9th Cir. 1989). Although the Court indicated in May 2012 that it was inclined to apply California limitations law, it expressly noted that its decision was "based on the *limited record* before the Court at that time," and observed that its view could change based on additional information. 5/1/12 Order, D.I. 62, at 15 (emphasis added). The parties have now provided that additional information, and it is clear that the Mexican statute of limitations applies, and must be applied strictly.

### 1. **The Claim Arose In Mexico**

Sempra demonstrated in its opening brief that under Section 361, Sanchez Ritchie's claim "arose" in Mexico when the elements of the claim were established, and thus the Mexican statute of limitations applies. Rather than offer evidence to the contrary, Sanchez Ritchie attempts to argue that the claim arose in California based on the vague—and unsupported—notion that a claim arises where it "originated." *See* Opp. at 6. That is not the law.

"A cause of action … does not come into existence *or arise* until all the elements have been established." *See, e.g., In re Marriage of Klug*, 130 Cal. App. 4th 1389, 1398 (Cal. App. 3d Dist. 2005) (emphasis added); *see also Ferraro v. Camarlinghi*, 161 Cal. App. 4th 509, 553-554 (Cal. App. 6th Dist. 2008) ("A cause of action exists (*or 'arises'*) when all the elements it comprises have come into being so that an action may be brought.") (citing *Mosesian v. County of Fresno* 28 Cal. App. 3d 493, 500 (1972)) (emphasis added). Sanchez Ritchie's reliance on *Dalkilic v. Titan Corp.*, 516 F. Supp. 2d 1177 (S.D. Cal. 2007) to suggest otherwise is misplaced. Opp. at 7.

The *Dalkilic* court stated that a cause of action arises "when the wrongful act is committed." *Id.* at 1184. That was a rationale for distinguishing between "arising" and "accrual" to determine whether Section 361 applied. *Id.* Nothing

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

2961587

- 3 -

Sempra Energy's Reply ISO
Motion for Judgment on the Pleadings

Case No. 10-cv-1513

about that analysis gave a special meaning to the notion of "arising"—much less one that would permit a claim to arise **before** its elements are established, as Sanchez Ritchie suggests. To the contrary, the *Dalkilic* court rejected the notion that "arising" has a special meaning in the Section 361 context, and that is precisely why the court held that "arising" cannot be conflated with "accrual" under the statute. *Id.*

The *Dalkilic* court was applying a concept that is already a matter of settled law. Generally, a cause of action "arises" and "accrues" at the same time—when all of the elements of the cause of action come into existence. *See, e.g., Ferraro*, 161 Cal. App. 4th at 553-54 ("Properly understood, 'accrual' refers to the moment at which the statute of limitations begins to run against the cause of action. Ordinarily a cause of action accrues when it comes into existence."). But "accrual can sometimes follow existence by a substantial period. The most familiar example is a cause of action that does not accrue until the plaintiff discovers, or should discover, its existence." *Id.*; *Klug*, 31 Cal. Rptr. 3d at 334.

In *Dalkilic*, the plaintiff was attempting to rely on undiscovered events to support a theory that the case "arose" when those events were discovered **after** the elements of the claim were established. *Dalkilic*, 516 F. Supp. 2d at 1184. Faced with a circumstance in which a claim accrues after the elements come into existence, the *Dalkilic* court appropriately rejected the plaintiffs' theory. *See id.* That is not the situation here.

As Sempra amply demonstrated in its opening brief, Sanchez Ritchie's claim came into existence in Mexico. Br. at 7-9. Sanchez Ritchie does not allege delayed discovery or delayed damages that would give rise to the need to distinguish arising from accrual in this case pursuant to *Dalkilic*. Nor is that what Sanchez Ritchie is even arguing. His attempt to substitute "California's strong connection with the alleged malicious prosecution claim" for the actual establishment of the claim's elements is meritless and must be rejected. *See* Opp. at 7.

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

2961587

- 4 -

Sempra Energy's Reply ISO
Motion for Judgment on the Pleadings

Case No. 10-cv-1513

### 2. Applicable Mexican Limitations Are Strictly Applied And Time-Bar Sanchez Ritchie's Claim

Mexican law provides for a limitations period of "two years starting from the day on which the *injury* was caused, or starting from the date on which it was discovered or should have been discovered by the victim." *See* Article 1812, Gorches Ex. C (emphasis added). Sanchez Ritchie alleges that his injury was caused in September 2006 and January 2007 when Sempra allegedly dispossessed him of his property and caused him to be arrested. SAC ¶¶ 1, 2, 26, 40, 41 43, 48, 69, 73; *see* also Br. at 16-17. At the latest, according to the SAC, Sanchez Ritchie discovered these injuries pursuant to the trial court ruling on October 11, 2007, when the court allegedly "exonerated" him and ordered the restoration of his property. SAC ¶¶ 30, 75. Indeed, he alleges that after that time, he fought to redress the injuries and repossess his property, including through appeals and *amparos*—evidencing that he was aware he had been injured. SAC ¶¶ 30-32, 75-76. Sanchez Ritchie does not allege a single *injury* beyond the dispossession in September 2006, or the arrest and prosecution that ended no later than October 2007. Thus, under the plain language of Article 1812, Mexico's two-year limitations period ended no later than October 2009, and Sanchez Ritchie's malicious prosecution claim—filed no earlier than July 20, 2010—is untimely.

In response to the plain language of the Mexican statute, Sanchez Ritchie advocates a different standard based on the uncorroborated interpretation of his "expert," an individual who has never practiced, or even been licensed to practice, law in Mexico. This interpretation—that the statute's two-year limitations runs not from the occurrence or discovery of the *injury*, but from when the claim purportedly "accrued"—is simply not supported by the plain language of the statute or basic principles of statutory interpretation under the code-based Mexican legal system. *See* Gorches Suppl. Decl. ¶¶ 21-31. Citing the same purported "expert," Sanchez Ritchie's opposition contains a fusillade of other meritless theories about

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

2961587

- 5 -

Sempra Energy's Reply ISO
Motion for Judgment on the Pleadings

Case No. 10-cv-1513

the interpretation of Mexican law, including efforts to graft inapt tolling provisions and unrelated principles onto unambiguous statutory language and the mistranslation of a statute (Article 1155) that on its face refers to adverse possession and not statutes of limitations. *See* Gorches Suppl. Decl. ¶¶ 5-20; 32-48.

Mexican law is clear: A claim analogous to malicious prosecution must be brought within two years of the alleged injury. Sanchez Ritchie alleges injuries that occurred between September 2006 and January 2007, and which concluded, at the latest, in October 2007, when he concedes that the "prosecution . . . ended[.]" SAC ¶ 30. The malicious prosecution claim is thus untimely under Mexican law.

### C. The Malicious Prosecution Claim Is Untimely Under The California Statute of Limitations

Even if the Court were to apply the California statute of limitations here, Sanchez Ritchie's sole remaining claim would *still* be time-barred for two separate and independently-sufficient reasons:

***First***, if the Court finds, as Sempra argued in its opening brief, that Sanchez Ritchie did not file the pending claim until the October 3, 2011 SAC,[2] then it is clearly time-barred. Indeed, Sanchez Ritchie concedes this point in his opposition brief. *See* Opp. at 15, fn. 12 (noting that the SAC was not filed within two years of the allegedly final disposition of Case No. 294 on April 17, 2009).

***Second***, even if timeliness is judged in relation to the original Complaint – filed on July 20, 2010 – Sanchez Ritchie's opposition contains key admissions that prove the malicious prosecution claim would still be untimely under California law. Under the California statute of limitations, a malicious prosecution claim must be

---

[2] There is no case holding that a claim can relate back to a prior complaint that does not allege the facts necessary to establish the elements of the claim. Sanchez Ritchie's citation to cases supporting relation back in which additional allegations were added are inapposite. *See* Opp. at 18. None of those cases involved relating back to a set of facts that, like the allegations of the FAC and Original Complaint here, **negated** the facts underlying the elements of the claim at issue.

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

2961587

- 6 -

Sempra Energy's Reply ISO
Motion for Judgment on the Pleadings

Case No. 10-cv-1513

brought within two years of the accrual of the claim, which Sanchez Ritchie admits occurred at the latest on October 11, 2007, when the Mexican trial court allegedly ruled in his favor and "and thus the prosecution of Ritchie ended[.]"  SAC ¶ 30. Sanchez Ritchie further alleged that this ruling was "affirmed" by the "Court of Appeals" in March 2009.  SAC ¶¶ 30, 75.  In his opposition, however, Sanchez Ritchie admits that these allegations are ***not true***.  In fact, as he now concedes, the appeal of the October 2007 ruling ended with a decision dated July 10, 2008, that "<u>vacated</u>" the trial court ruling. Opp. at 3 (emphasis in original). Accordingly, if the limitations period were tolled during the pendency of this appeal, the tolling ended no later than July 10, 2008 – more than two years before Sanchez Ritchie's original Complaint was filed on July 20, 2010.

Sanchez Ritchie now concedes that the March 2009 ruling, which he repeatedly and erroneously described in his Second Amended Complaint as part of an "appeal," was no such thing. In fact, it was part of a collateral *amparo* proceeding that Sanchez Ritchie filed in Mexican federal court to challenge the constitutionality of the criminal proceeding, and which Sanchez Ritchie now concedes—flatly contrary to his operative pleading—is "distinct from a direct appeal[.]" Opp. at 3; *see* Gorches Suppl. Decl. ¶¶ 49-57 (an *amparo* is a constitutional challenge of the actions of judicial officials—not Sempra or ECA— and it is heard by a federal court that does not have any jurisdiction to hear a state criminal prosecution).

An *amparo* does not toll the statute of limitations under California law.  The California limitations period is tolled during appeal only where "the pendency of an appeal from the judgment in the underlying action prevents the maintenance of a malicious prosecution action based on that judgment." *Gibbs v. Haight, Dickson, Brown & Bonesteel*, 183 Cal. App. 3d 716, 722 (Cal. App. 2d Dist. 1986). Aside from the fact that the *amparo* is not an appeal from the judgment in the underlying action, it also would not prevent the maintenance of a malicious prosecution claim

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

2961587

- 7 -

Sempra Energy's Reply ISO
Motion for Judgment on the Pleadings

Case No. 10-cv-1513

based on that judgment. The *amparo* decided whether **the Mexican state court** violated Sanchez Ritchie's constitutional rights, an issue completely collateral to the allegation that Sempra caused Mexican authorities to obtain criminal charges against Sanchez Ritchie. *See* Opp. at 3. Indeed, there is no allegation that Sempra prompted the state trial court to commit the constitutional violations of which Sanchez Ritchie complained, and the *amparo* proceeding thus cannot toll the limitations period for a malicious prosecution claim based on an entirely "distinct" criminal proceeding.

Accordingly, Sanchez Ritchie's assertion that the California statute of limitations would be tolled through April 2009 pending the *amparo* is meritless. At most, as Sanchez Ritchie now concedes, the only "appeal" ended on July 10, 2008—more than two years before this case was filed on July 20, 2010. Thus, the malicious prosecution claim is time-barred irrespective of whether California or Mexican law applies. Accordingly, judgment on the pleadings should be granted and the case dismissed.

## III. Conclusion

For the reasons stated in Sempra's opening brief and in its reply above, Sanchez Ritchie's claim is time-barred. This case must be dismissed with prejudice.

Dated: January 24, 2014

IRELL & MANELLA LLP
John C. Hueston
Marshall Camp
Sandra L. Haberny

By: */s/ Sandra L. Haberny*

Sandra L. Haberny
Attorneys for Defendant
SEMPRA ENERGY

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

2961587

- 8 -

Sempra Energy's Reply ISO
Motion for Judgment on the Pleadings

Case No. 10-cv-1513