# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Ramon Eugenio Sanchez Ritchie,<br><br>　　　　　　　　　　Plaintiff,<br>vs.<br>Sempra Energy,<br>　　　　　　　　　　Defendant. | CASE NO. 10cv01513-CAB (KSC)<br><br>Order Denying Motion for Judgment on the Pleadings<br><br>[Doc. No. 116] |

Presently before the Court is defendant Sempra Energy's motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) as to the applicable statute of limitations for this case. Though not specifically identified in its answer, Sempra argues in its motion that the applicable statute of limitations arises under Mexican law and bars plaintiff's malicious prosecution claim.[1] Plaintiff disagrees.[2]

Plaintiff correctly points out that this issue was squarely briefed before, and decided by, this Court under Rule 12. In response to this Court's Order of March 27, 2012, [Doc. No. 57], both parties submitted supplemental briefing specifically addressing "whether Mexican civil law conflicts with California law with respect to

---

[1] Sempra's third affirmative defense reads: "The Second Amended Complaint is barred, in whole or in part, by the applicable statute of limitations, including but not limited to the 2-year statute of limitation under California Code of Civil Procedure section 335.1." [Doc. No. 74 at 19.]

[2] Sempra argues in its reply brief that based on the contents of plaintiff's opposition California's statute of limitations bars plaintiff's malicious prosecution claim.

Plaintiff[']s claim for malicious prosecution" as well as "which law . . . should the Court apply in deciding the pending motion to dismiss." [*Id.*; *see also* Doc. Nos. 59-60]. The arguments presented do not raise new facts or new law that could not have been raised in conjunction with the motions to dismiss plaintiff's first and second amended complaints. Thus, the Court declines to revisit and reconsider its analysis of plaintiff's malicious prosecution claim under a Rule 12 standard. Thus, for purposes of any Rule 12 analysis, California law applies, and the claim is not time-barred.

To the extent additional analysis is ultimately required to choose California's statute of limitations over Mexico's statute of limitations, the Court has not yet made a final determination on any choice of law issues. The Court is not persuaded that the choice of law issues in this case are suitable for final determination at this procedural juncture. For example, the Court's analysis of where plaintiff's claim arose for purposes of determining whether California's borrowing statute applies,[3] and whether California has a strong governmental interest in the application of its laws in this case, will benefit from facts revealed through discovery. Discovery regarding conduct that is alleged to have emanated from Sempra's California operations will be relevant to any future choice of law analysis. Thus, Sempra's request for a final determination on the choice of law issues presented by this case is also premature.

Therefore, Sempra's motion for judgment on the pleadings [Doc. No. 116] is DENIED.

DATED: January 27, 2014

_____
**CATHY ANN BENCIVENGO**
United States District Judge

---

[3] *See* Cal. Code Civ. Proc. § 361 ("When a cause of action has arisen in another State, or in a foreign country, and by the laws thereof an action thereon cannot there be maintained against a person by reason of the lapse of time, an action thereon shall not be maintained against him in this State, except in favor of one who has been a citizen of this State, and who has held the cause of action from the time it accrued.").