1  JOHN C. HUESTON (164921)
   JHueston@irell.com
2  MARSHALL A. CAMP (231389)
   MCamp@irell.com
3  SANDRA L. HABERNY (260977)
   SHaberny@irell.com
4  IRELL & MANELLA LLP
   840 Newport Center Drive, Suite 400
5  Newport Beach, California 92660
   Telephone:   (949) 760-0991
6  Facsimile:   (949) 760-5200
7

8  Attorneys for Defendant
   SEMPRA ENERGY
9                    UNITED STATES DISTRICT COURT

10             SOUTHERN DISTRICT OF CALIFORNIA

11

12  RAMON EUGENIO SANCHEZ         )   Case No. 3:10-cv-1513-CAB-KSC
    RITCHIE,                      )
13                                )   **SEMPRA ENERGY'S FIRST**
              Plaintiff,          )   **AMENDED ANSWER TO SECOND**
14                                )   **AMENDED COMPLAINT**
         vs.                      )
15                                )
    SEMPRA ENERGY, a California    )
16  corporation,                  )
                                  )
17            Defendant.          )   Judge:  Honorable Cathy Ann
                                  )   Bencivengo
18  _____)

19

20

21

22

23

24

25

26

27

28

Defendant SEMPRA ENERGY ("Sempra"), by and through its counsel of record, hereby answers the Second Amended Complaint of plaintiff RAMON EUGENIO SANCHEZ RITCHIE ("Plaintiff") in this matter, and responds to the numbered allegations of the Second Amended Complaint as follows:

## FIRST AMENDED ANSWER TO SECOND AMENDED COMPLAINT

## INTRODUCTION

1.     In answer to paragraph 1, Sempra admits that this case involves property designated as Lot A-3 ("Lot A-3") located approximately 15 miles north of Ensenada, Mexico.  Sempra further admits that one of its indirect subsidiaries, Energía Costa Azul S. de R.L. de C.V. ("ECA"), purchased Lot A-3 and subsequently removed a dwelling from the lot.  Sempra further admits that ECA filed a criminal complaint with the Baja California Attorney General's Office ("Attorney General's Office") based on Plaintiff wrongfully dispossessing ECA of Lot A-3.  Sempra further admits that the Attorney General's Office subsequently issued a provisional order in September 2006 placing ECA in sole possession of Lot A-3.  To the extent that the remaining allegations stated in paragraph 1 are conclusions of law, no response is required.  Except as expressly admitted, Sempra denies the remaining allegations stated in paragraph 1.

2.     In answer to paragraph 2, Sempra admits that in May 2010, as a result of one of Plaintiff's challenges to the criminal action against him, a Mexican court ordered that the September 2006 provisional order be revoked and that, as a result of the revocation, that Plaintiff be given possession of Lot A-3.  To the extent that the remaining allegations stated in paragraph 2 of the Second Amended Complaint are conclusions of law, no response is required.  Except as expressly admitted, Sempra denies the remaining allegations stated in paragraph 2.

## BACKGROUND

3.     In answer to paragraph 3, Sempra does not have knowledge or information sufficient to form a belief as to the truth of Plaintiff's citizenship, and

SEMPRA'S FIRST AMENDED ANSWER TO
SECOND AMENDED COMPLAINT
(Case No. 3:10-cv-1513-CAB-KSC)

therefore denies it.  To the extent that the remaining allegations stated in paragraph 3 of the Second Amended Complaint are conclusions of law, no response is required.  Sempra denies the remaining allegations stated in paragraph 3.

4.      To the extent that the allegations stated in paragraph 4 of the Second Amended Complaint are conclusions of law, no response is required.  Sempra denies the remaining allegations stated in paragraph 4.

## JURISDICTION

5.      In answer to paragraph 5, Sempra denies that jurisdiction in this Court is proper.  Nonetheless, Sempra admits that this Court has personal jurisdiction over Sempra.  To the extent that the remaining allegations stated in paragraph 5 of the Second Amended Complaint are conclusions of law, no response is required.  Sempra does not have knowledge or information sufficient to form a belief as to the truth of any remaining allegations stated in paragraph 5, and therefore denies them.

6.      In answer to paragraph 6, Sempra admits that it is a resident of San Diego County.

## PARTIES

7.      In answer to paragraph 7, Sempra does not have knowledge or information sufficient to form a belief as to the truth of the allegations stated in paragraph 7, and therefore denies them.

8.      In answer to paragraph 8, Sempra admits that Sempra Energy is a California corporation with its principal place of business and headquarters located at 101 Ash Street in San Diego, California.  Sempra admits that Sempra Energy is a Fortune 500 energy services company with 2009 revenues of approximately $8 billion.  Sempra admits that Sempra Energy indirectly owns Sempra LNG, Sempra Energy México, and ECA.  Sempra also admits that Sempra Energy indirectly owns two LNG receipt terminals, including the Energía Costa Azul terminal located at lots 24 through 28-1, approximately 15 miles north of Ensenada, Baja California, Mexico.

9.      In answer to paragraph 9, Sempra admits that Sempra Energy México and ECA were Mexican based wholly-owned, indirect subsidiaries of Sempra Energy.  As the remaining allegations stated in paragraph 9 of the Second Amended Complaint are conclusions of law, no response is required.

10.      To the extent that the allegations stated in paragraph 10 of the Second Amended Complaint are conclusions of law, no response is required.  Sempra denies the remaining allegations contained in paragraph 10.  Except as expressly admitted, Sempra denies the remaining allegations stated in paragraph 10.

11.      To the extent that the allegations stated in paragraph 11 of the Second Amended Complaint are conclusions of law, no response is required.  Sempra denies the remaining allegations contained in paragraph 11.

12.      To the extent that the allegations stated in paragraph 12 of the Second Amended Complaint are conclusions of law, no response is required.  Sempra does not have knowledge or information sufficient to form a belief as to the truth of any remaining allegations stated in paragraph 12, and therefore denies them.

13.      To the extent that the allegations stated in paragraph 13 of the Second Amended Complaint are conclusions of law, no response is required.  Sempra denies the remaining allegations contained in paragraph 13.

14.      To the extent that the allegations stated in paragraph 14 of the Second Amended Complaint are conclusions of law, no response is required.  Sempra admits that it received updates concerning the development of the Energía Costa Azul LNG receipt terminal near Ensenada, Baja California, Mexico (the "LNG Terminal").  Except as expressly admitted, Sempra denies the remaining allegations contained in paragraph 14.

15.      To the extent that the allegations stated in paragraph 15 of the Second Amended Complaint are conclusions of law, no response is required.  Sempra denies the remaining allegations contained in paragraph 15.

16.     To the extent that the allegations stated in paragraph 16 of the Second Amended Complaint are conclusions of law, no response is required.  Sempra denies the remaining allegations contained in paragraph 16.

## **FACTUAL BACKGROUND**

17.     In answer to paragraph 17, Sempra does not have knowledge or information sufficient to form a belief as to the truth of allegations regarding a property known as "Las Brisas," (the "Property"), and therefore denies them.

18.     In answer to paragraph 18, Sempra does not have knowledge or information sufficient to form a belief as to the truth of the allegations stated therein, and therefore denies them.  Except as expressly admitted, Sempra denies the remaining allegations stated in paragraph 18.

19.     In answer to paragraph 19, Sempra admits that in or about 2001, Sempra Energy announced a plan to build the LNG Terminal.  Sempra admits that in or about late 2002 and early 2003, ECA submitted its applications to obtain the construction, environmental, and operating permits for the LNG Plant.  Sempra admits that the applications disclosed that the LNG Plant would be 15 miles north of Ensenada, Baja California, Mexico, and would require land for construction and operations.  Except as expressly admitted, Sempra denies the remaining allegations stated in paragraph 19.

20.     In answer to paragraph 20, Sempra admits that there were several property parcels located in or around the proposed boundaries of the LNG Terminal. Sempra admits that in or about 2001, Francisco Molina Robles or his company, Emetec, was retained to assist with ECA's acquisition of land located in and around the proposed terminal.  Sempra does not have sufficient knowledge or information to form a belief as to the allegation regarding the content of press articles concerning the prices ECA paid for property it purchased, and therefore denies it.  Except as expressly admitted, Sempra denies the remaining allegations stated in paragraph 20.

SEMPRA'S FIRST AMENDED ANSWER TO
SECOND AMENDED COMPLAINT
(Case No. 3:10-cv-1513-CAB-KSC)

21.     In answer to paragraph 21, Sempra does not have knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and therefore denies them.

22.     In answer to paragraph 22, Sempra admits that on January 11, 2005, Mexico's state-owned electrical utility, Comisión Federal de Electricidad, awarded Sempra's subsidiary, Sempra Energy LNG Marketing, Mexico, S. de R.L. de C.V, a 15-year natural gas supply contract with an estimated value of $1.4 billion.  Sempra further admits that as of January 11, 2005, ECA had acquired the properties it needed to begin the LNG Terminal's operations.  Except as expressly admitted, Sempra denies the remaining allegations stated in paragraph 22.

23.     To the extent that the allegations stated in paragraph 23 of the Second Amended Complaint are conclusions of law, no response is required.  Sempra denies the remaining allegations contained in paragraph 23.

24.     In answer to paragraph 24, Sempra admits that in or about 2005, ECA representatives negotiated and reached agreements with Armando Navarro Peña and Gabriela Natera Ramirez, and Dinorah Villafan Gutierrez, representing Castañon under a power of attorney, for the purchase of their respective portions of Lot A-3. Sempra does not have knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff's knowledge of Castañon's death or his use of such information, and therefore denies them.  Sempra does not have knowledge or information sufficient to form a belief as to the truth of allegations as to purported testimony by the Attorney General of Baja California in 2006, Antonio Martinez Luna and Sonia Navarro, and therefore denies them.  To the extent that the allegations stated in paragraph 24 of the Second Amended Complaint are conclusions of law, no response is required.  Except as expressly admitted, Sempra denies the remaining allegations contained in paragraph 24.

25.     In answer to paragraph 25, Sempra admits that on January 31, 2006, ECA representative Darcel L. Hulse executed a purchase agreement reflecting

SEMPRA'S FIRST AMENDED ANSWER TO
SECOND AMENDED COMPLAINT
(Case No. 3:10-cv-1513-CAB-KSC)

1   ECA's purchase of Lot A-3 from Peña, Ramirez and Castañon, and that ECA filed

2   such agreement with the Public Registry of Property and Commerce in Ensenada,

3   Baja California, Mexico.  Except as expressly admitted, Sempra denies the

4   remaining allegations contained in paragraph 25.

5           26.    In answer to paragraph 26, as previously set forth in paragraph 1 above,

6   Sempra admits that ECA filed a criminal complaint with the Attorney General's

7   Office based on Plaintiff wrongfully dispossessing ECA of Lot A-3.  Sempra further

8   admits that the Attorney General's Office subsequently issued a provisional order in

9   September 2006 placing ECA in sole possession of Lot A-3.  Sempra further admits

10  that it removed a dwelling on Lot A-3 after purchasing the property.  To the extent

11  that the allegations stated in paragraph 26 of the Second Amended Complaint are

12  conclusions of law, no response is required.  Except as expressly admitted Sempra

13  denies the remaining allegations contained in paragraph 26.

14          27.    In answer to paragraph 27, Sempra admits that at some point before

15  joining Sempra as an employee, Gil Moya was a California-based police officer.

16  Sempra does not have sufficient knowledge or information to form a belief as to the

17  truth of the allegations regarding alleged injuries to Plaintiff's daughter or any

18  alleged effects thereof, and Sempra therefore denies them.  To the extent that the

19  allegations stated in paragraph 27 of the Second Amended Complaint are

20  conclusions of law, no response is required.  Except as expressly admitted, Sempra

21  denies the remaining allegations contained in paragraph 27.

22          28.    In answer to paragraph 28, Sempra admits that police came to Lot A-3

23  to enforce the provisional order described in paragraphs 1 and 26 above.  Sempra

24  further admits, as described in paragraphs 1 and 26 above, that ECA removed a

25  dwelling on Lot A-3 after purchasing the property.  Sempra further admits that ECA

26  hired security guards to patrol Lot A-3 and erected a perimeter fence.  Sempra does

27  not have sufficient knowledge or information to form a belief as to the truth of the

28  allegations regarding Plaintiff's knowledge of purported facts or any presentation of

them to any official, including the scope of any defense he may have presented, therefore denies them.  To the extent that the allegations stated in paragraph 28 of the Second Amended Complaint are conclusions of law, no response is required. Except as expressly admitted, Sempra denies the remaining allegations contained in paragraph 28.

29.     In answer to paragraph 29, Sempra admits that on or about April 16, 2008, Sempra Energy attorney Raul Olamendi Smith retained Jaime Niebla of Chula Vista, California, on behalf of ECA to provide factual research and investigations related to various civil, amparo, and criminal cases involving ECA in Baja California, Mexico.  To the extent that the allegations stated in paragraph 29 of the Second Amended Complaint are conclusions of law, no response is required. Except as expressly admitted, Sempra denies the remaining allegations contained in paragraph 29.

30.     In answer to paragraph 30, Sempra admits that in January 2007, an arrest warrant was issued against Plaintiff.  Sempra further admits that on October 11, 2007, the state criminal court in Rosarito, Baja California, Mexico issued an order finding that sufficient evidence had not been presented to prove the crime of dispossession and revoked the arrest warrant.  Sempra further admits that ECA remained in possession of Lot A-3 until May 2010.  To the extent that the allegations stated in paragraph 30 of the Second Amended Complaint are conclusions of law, no response is required.  Except as expressly admitted, Sempra denies the remaining allegations contained in paragraph 30.

31.     In answer to paragraph 31, Sempra admits that in 2009, the Attorney General resumed the criminal investigation against Plaintiff relating to ECA's claims of dispossession.  To the extent that the allegations stated in paragraph 31 of the Second Amended Complaint are conclusions of law, no response is required. Except as expressly admitted, Sempra denies the remaining allegations contained in paragraph 31.

32.     In answer to paragraph 32, Sempra admits that on or about March 10, 2010, the Tenth District Court of Baja California, Mexico, issued a resolution directing that the 2009 arrest warrant be revoked.  Sempra further admits that the Seventh District Court ordered that the provisional order of possession of Lot A-3 in favor of ECA be nullified, and that on or about May 24, 2010, the First Criminal Court of Tijuana ordered that Plaintiff be reinstated in possession of Lot A-3. Sempra admits that the Mexican authorities executed this order on or about May 25, 2010.  To the extent that the allegations stated in paragraph 32 of the Second Amended Complaint are conclusions of law, no response is required.  Except as expressly admitted, Sempra denies the remaining allegations contained in paragraph 32.

33.     To the extent that the allegations stated in paragraph 33 of the Second Amended Complaint are conclusions of law, no response is required.  Sempra denies the remaining allegations stated in paragraph 33.

34.     In answer to paragraph 34, Sempra admits that ECA's website formerly stated that the LNG Plant "provides a new supply alternative to California and the West, where an increasing imbalance between supply and demand has led to rapidly escalating natural gas prices and electric rates."  Except as expressly admitted, Sempra denies the remaining allegations contained in paragraph 34.

35.     In answer to paragraph 35, Plaintiff does not indicate to which of Sempra's annual reports he is referring but Sempra admits that its consolidated annual reports often reference facilities owned and operated by its subsidiaries, including ECA's LNG Plant.  Sempra denies the remaining allegations in paragraph 35.

36.     To the extent that the allegations stated in paragraph 36 of the Second Amended Complaint are conclusions of law, no response is required.  Sempra denies the remaining allegations stated in paragraph 36.

# FIRST CLAIM FOR RELIEF
## (Trespass)

37.     In answer to paragraph 37, Sempra incorporates by reference its answers to paragraphs 1-36 as if stated herein.

38.     To the extent that the allegations stated in paragraph 38 of the Second Amended Complaint are conclusions of law, no response is required.  Sempra does not have knowledge or information sufficient to form a belief as to the truth of allegations regarding Plaintiff's alleged possession of property in Northern Mexico, and therefore denies them.

39.     To the extent that the allegations stated in paragraph 39 of the Second Amended Complaint are conclusions of law, no response is required.  Sempra does not have knowledge or information sufficient to form a belief as to the truth of allegations regarding Plaintiff's allegation that he used the property described in paragraph 17 of the Second Amended Complaint for residential and agrarian purposes, and therefore denies them.

40.     In answer to paragraph 40, as previously set forth in paragraphs 1 and 26 above, Sempra admits that ECA filed a criminal complaint with the Attorney General's Office based on Plaintiff wrongfully dispossessing ECA of Lot A-3. Sempra further admits that the Attorney General's Office subsequently issued a provisional order in September 2006 placing ECA in sole possession of Lot A-3.  As set forth in paragraphs 1 and 26 above, Sempra further admits that it removed a dwelling on Lot A-3.  Except as expressly admitted, Sempra denies the remaining allegations contained in paragraph 40.

41.     In answer to paragraph 41, as previously set forth in paragraphs 1, 26 and 40 above, Sempra admits that ECA filed a criminal complaint with the Attorney General's Office based on Plaintiff wrongfully dispossessing ECA of Lot A-3. Sempra further admits that the Attorney General's Office subsequently issued a provisional order in September 2006 placing ECA in sole possession of Lot A-3.

Except as expressly admitted, Sempra denies the remaining allegations contained in paragraph 41.

42.     In answer to paragraph 42, as previously set forth in paragraphs 1, 26, and 41 above, Sempra admits that ECA filed a criminal complaint with the Attorney General's Office based on Plaintiff wrongfully dispossessing ECA of Lot A-3. Sempra further admits that the Attorney General's Office subsequently issued a provisional order in September 2006 placing ECA in sole possession of Lot A-3. Except as expressly admitted, Sempra denies the remaining allegations contained in paragraph 42.

43.     In answer to paragraph 43, Sempra admits that ECA maintained possession of Lot A-3 between September 2006 and May 2010, hired security guards to patrol Lot A-3, and erected a perimeter fence.  Except as expressly admitted, Sempra denies the remaining allegations contained in paragraph 43.

44.     To the extent that the allegations stated in paragraph 44 of the Second Amended Complaint are conclusions of law, no response is required.  As previously set forth in paragraph 43 above, Sempra admits that ECA maintained possession of Lot A-3 between September 2006 and May 2010.  Except as expressly admitted, Sempra denies the remaining allegations contained in paragraph 44.

45.     To the extent that the allegations stated in paragraph 45 of the Second Amended Complaint are conclusions of law, no response is required.  Sempra denies the remaining allegations stated in paragraph 45.

46.     To the extent that the allegations stated in paragraph 46 of the Second Amended Complaint are conclusions of law, no response is required.  Sempra denies the remaining allegations stated in paragraph 46.

## SECOND CLAIM FOR RELIEF
### (Conversion)

47.     In answer to paragraph 47, Sempra incorporates by reference its answers to paragraphs 1-46 as if stated herein.

48.     In answer to paragraph 48, Sempra admits that there was a provisional order in September 2006 ordering the removal of Plaintiff from Lot A-3.  To the extent that the allegations stated in paragraph 48 of the Second Amended Complaint are conclusions of law, no response is required.  Except as expressly admitted, Sempra denies the remaining allegations contained in paragraph 48.

49.     To the extent that the allegations stated in paragraph 49 of the Second Amended Complaint are conclusions of law, no response is required.  Sempra denies the remaining allegations stated in paragraph 49.

50.     To the extent that the allegations stated in paragraph 50 of the Second Amended Complaint are conclusions of law, no response is required.  Sempra denies the remaining allegations stated in paragraph 50.

51.     To the extent that the allegations stated in paragraph 51 of the Second Amended Complaint are conclusions of law, no response is required.  Sempra denies the remaining allegations stated in paragraph 51.

**THIRD CLAIM FOR RELIEF**
**(Intentional Interference with Prospective Economic Advantage)**

52.     In answer to paragraph 52, Sempra incorporates by reference its answers to paragraphs 1-51 as if stated herein.

53.     In answer to paragraph 53, Sempra does not have knowledge or information sufficient to form a belief as to the truth of allegations regarding any contractual rights he may have had to sell property in Northern Mexico to others or any benefits he stood to obtain, and therefore denies them.  To the extent that the allegations stated in paragraph 53 of the Second Amended Complaint are conclusions of law, no response is required.  Sempra denies the remaining allegations stated in paragraph 53.

54.     To the extent that the allegations stated in paragraph 54 of the Second Amended Complaint are conclusions of law, no response is required.  Sempra denies the remaining allegations stated in paragraph 54.

1    55.    To the extent that the allegations stated in paragraph 55 of the Second

2   Amended Complaint are conclusions of law, no response is required.  Sempra denies

3   the remaining allegations stated in paragraph 55.

4                        **FOURTH CLAIM FOR RELIEF**

5   **(Violation of California Business and Professional Code Sections 17200, *et seq.*,
    Unfair Business Practices)**

6    56.    In answer to paragraph 56, Sempra incorporates by reference its

7   answers to paragraphs 1-55 as if stated herein.

8    57.    To the extent that the allegations stated in paragraph 57 of the Second

9   Amended Complaint are conclusions of law, no response is required.  Sempra denies

10  the remaining allegations stated in paragraph 57.

11   58.    To the extent that the allegations stated in paragraph 58 of the Second

12  Amended Complaint are conclusions of law, no response is required.  Sempra denies

13  the remaining allegations stated in paragraph 58.

14   59.    To the extent that the allegations stated in paragraph 59 of the Second

15  Amended Complaint are conclusions of law, no response is required.  Sempra denies

16  the remaining allegations stated in paragraph 59.

17   60.    To the extent that the allegations stated in paragraph 60 of the Second

18  Amended Complaint are conclusions of law, no response is required.  Sempra denies

19  the remaining allegations stated in paragraph 60.

20   61.    To the extent that the allegations stated in paragraph 61 of the Second

21  Amended Complaint are conclusions of law, no response is required.  Sempra denies

22  the remaining allegations stated in paragraph 61.

23   62.    In answer to paragraph 62, this claim has been dismissed.

24                        **FIFTH CLAIM FOR RELIEF**
                              **(Unjust Enrichment)**
25

26   63.    In answer to paragraph 63, Sempra incorporates by reference its

27  answers to paragraphs 1-62 as if stated herein.

28

64.     To the extent that the allegations stated in paragraph 64 of the Second Amended Complaint are conclusions of law, no response is required.  Sempra specifically denies that at all times relevant to this Second Amended Complaint, the Defendant had to acquire the rights to the property claimed by Plaintiff in order to begin operations of the LNG Plant.  Sempra denies the remaining allegations stated in paragraph 64.

65.     To the extent that the allegations stated in paragraph 65 of the Second Amended Complaint are conclusions of law, no response is required.  Sempra denies the remaining allegations stated in paragraph 65.

66.     To the extent that the allegations stated in paragraph 66 of the Second Amended Complaint are conclusions of law, no response is required.  Sempra denies the remaining allegations stated in paragraph 66.

## SIXTH CLAIM FOR RELIEF
### (Imposition of a Constructive Trust)

67.     In answer to paragraph 67, Sempra incorporates by reference its answers to paragraphs 1-66 as if stated herein.

68.     To the extent that the allegations stated in paragraph 68 of the Second Amended Complaint are conclusions of law, no response is required.  Sempra does not have knowledge or information sufficient to form a belief as to the truth of allegations regarding Plaintiff's allegations that he owned residential real estate property in Northern Mexico and therefore denies them.  Sempra denies the remaining allegations stated in paragraph 68.

69.     To the extent that the allegations stated in paragraph 69 of the Second Amended Complaint are conclusions of law, no response is required.  Sempra admits, as previously set forth in paragraphs 1, 26, 41 and 42 above, that ECA filed a criminal complaint with the Attorney General's Office based on Plaintiff wrongfully dispossessing ECA of Lot A-3.  Sempra further admits that the Attorney General's Office subsequently issued a provisional order in September 2006 placing

1    ECA in sole possession of Lot A-3.  Sempra further admits that, as set forth in

2    paragraphs 43 and 44 above, that ECA maintained possession of Lot A-3 between

3    September 2006 and May 2010.  Except as expressly admitted, Sempra denies the

4    remaining allegations stated in paragraph 69.

5           70.    To the extent that the allegations stated in paragraph 70 of the Second

6    Amended Complaint are conclusions of law, no response is required.  Sempra

7    admits, as previously set forth in paragraphs 1, 26, 41, 42 and 69 above, ECA filed a

8    criminal complaint with the Attorney General's Office based on Plaintiff wrongfully

9    dispossessing ECA of Lot A-3.  Sempra further admits that the Attorney General's

10   Office subsequently issued a provisional order in September 2006 placing ECA in

11   sole possession of Lot A-3.  Sempra further admits that, as set forth in paragraphs

12   43, 44 and 69 above, that ECA maintained possession of Lot A-3 between

13   September 2006 and May 2010.  Except as expressly admitted, Sempra denies the

14   remaining allegations stated in paragraph 70.

15          71.    To the extent that the allegations stated in paragraph 71 of the Second

16   Amended Complaint are conclusions of law, no response is required.  Sempra denies

17   the remaining allegations stated in paragraph 71.

18                         **SEVENTH CLAIM FOR RELIEF**
                              **(Malicious Prosecution)**
19

20          72.    In answer to paragraph 72, Sempra incorporates by reference its

21   answers to paragraphs 1-71 as if stated herein.

22          73.    In answer to paragraph 73, as previously set forth in paragraphs 1, 26,

23   41, 42, 69 and 70 above, Sempra admits that ECA filed a criminal complaint with

24   the Attorney General's Office based on Plaintiff wrongfully dispossessing ECA of

25   Lot A-3.  Sempra further admits that the Attorney General's Office subsequently

26   issued a provisional order in September 2006 placing ECA in sole possession of Lot

27   A-3.  Except as expressly admitted, Sempra denies the remaining allegations

28   contained in paragraph 73.

74.     In answer to paragraph 74, Sempra admits that in January 2007, an arrest warrant was issued for Plaintiff's arrest.  To the extent that the remaining allegations stated in paragraph 74 of the Second Amended Complaint are conclusions of law, no response is required.  Except as expressly admitted, Sempra denies the remaining allegations stated in paragraph 74.

75.     In answer to paragraph 75, as set forth in paragraph 30, Sempra admits that on October 11, 2007 the state criminal court in Rosarito, Baja California, Mexico issued an order finding that sufficient evidence had not been presented to prove the crime of dispossession and revoked the arrest warrant.  Sempra further admits that the Attorney General's Office appealed from the October 11, 2007 trial court order, and that the appeal was granted on July 10, 2008.  Sempra further admits that by order dated March 13, 2009, the Second Tribunal of the Fifteenth Circuit Court granted an amparo to Plaintiff and ordered that the July 10, 2008 order be revoked.  To the extent that the remaining allegations stated in paragraph 75 of the Second Amended Complaint are conclusions of law, no response is required. Except as expressly admitted, Sempra denies the remaining allegations contained in paragraph 75.

76.     In answer to paragraph 76, as set forth in paragraph 31 above, Sempra admits that in April 2009, the Attorney General's Office resumed the criminal investigation against Plaintiff relating to ECA's claims of dispossession.  To the extent that the allegations stated in paragraph 31 of the Second Amended Complaint are conclusions of law, no response is required.  To the extent that the remaining allegations stated in paragraph 76 of the Second Amended Complaint are conclusions of law, no response is required.  Except as expressly admitted, Sempra denies the remaining allegations stated in paragraph 76.

77.     In answer to paragraph 77, Sempra admits that ECA asserts that it is legally operating the LNG Terminal facility.  Sempra further admits that Plaintiff has filed an amparo challenging the permits and authorizations issued to ECA for

1  the LNG Terminal.  Sempra also admits that ECA paid a total of approximately $4.5
2  million for Lot A-3 in 2006.  To the extent that the remaining allegations stated in
3  paragraph 77 of the Second Amended Complaint are conclusions of law, no
4  response is required.  Except as expressly admitted, Sempra denies the remaining
5  allegations stated in paragraph 77.

6      78.    In answer to paragraph 78, Sempra admits that in May 2010, as a result
7  of one of Plaintiff's challenges to the criminal action against him, a Mexican court
8  ordered that the September 2006 provisional order be revoked and that, as a result of
9  the revocation, that Plaintiff be given possession of Lot A-3.  To the extent that the
10  remaining allegations stated in paragraph 78 of the Second Amended Complaint are
11  conclusions of law, no response is required.  Except as expressly admitted, Sempra
12  denies the remaining allegations stated in paragraph 78.

13      79.    In answer to paragraph 79, Sempra does not have knowledge or
14  information sufficient to form a belief as to the truth of allegations regarding
15  Plaintiff's beliefs or any bases therefor, and therefore denies them.  As set forth in
16  paragraphs 1, 26, 41, 42, 69, 70 and 73 above, Sempra admits that ECA filed a
17  criminal complaint with the Attorney General's Office based on Plaintiff wrongfully
18  dispossessing ECA of Lot A-3.  Sempra further admits that ECA subsequently filed
19  civil cases against Plaintiff to establish its better right to possession of Lot A-3 and
20  seeking an order requiring Plaintiff to present his claims to Lot A-3 in the
21  appropriate forum.  To the extent that the remaining allegations stated in paragraph
22  79 of the Second Amended Complaint are conclusions of law, no response is
23  required.  Except as expressly admitted, Sempra denies the remaining allegations
24  stated in paragraph 79.

25      80.    In answer to paragraph 80, Sempra does not have knowledge or
26  information sufficient to form a belief as to the truth of the allegation regarding
27  Plaintiff's knowledge regarding Lot A-3, and therefore denies it.  As set forth in
28  paragraph 24 above, Sempra does not have knowledge or information sufficient to

form a belief as to the truth of allegations as to purported testimony by the Attorney General of Baja California in 2006, Antonio Martinez Luna, and Sonia Navarro, and therefore denies them.  To the extent that the remaining allegations stated in paragraph 80 of the Second Amended Complaint are conclusions of law, no response is required.  Except as expressly admitted, Sempra denies the remaining allegations stated in paragraph 80.

81.     In answer to paragraph 81, Sempra does not have knowledge or information sufficient to form a belief as to the truth of the allegations of what Plaintiff knew in 2006, and therefore denies them.  As set forth in paragraphs 24 and 80 above, Sempra does not have knowledge or information sufficient to form a belief as to the truth of allegations as to purported testimony by the Attorney General of Baja California in 2006, Antonio Martinez Luna, and Sonia Navarro, and therefore denies them.  To the extent that the remaining allegations stated in paragraph 81 of the Second Amended Complaint are conclusions of law, no response is required.

82.     In answer to paragraph 82, Sempra admits Alex Rios and Sergio Fillad Fahme met at various times with state government officials, including Lieutenant Governor Bernardo Martinez Aguirre, Attorney General Antonio Martinez Luna, and others within the Attorney General's Office in connection with ECA's request for provisional order that was issued in September 2006 by the Attorney General's Office.  Sempra further admits that ECA's purchase agreement for Lot A-3 was submitted to the Attorney General's Office.  To the extent that the remaining allegations stated in paragraph 82 of the Second Amended Complaint are conclusions of law, no response is required.  Except as expressly admitted, Sempra denies the remaining allegations stated in paragraph 82.

83.     In answer to paragraph 83, Sempra admits that the Attorney General's Office issued a provisional order in September 2006 placing ECA in sole possession of Lot A-3.  To the extent that the remaining allegations stated in paragraph 83 of

1   the Second Amended Complaint are conclusions of law, no response is required.
2   Except as expressly admitted, Sempra denies the remaining allegations stated in
3   paragraph 83.

4         84.    In answer to paragraph 84, Sempra admits that in connection with
5   obtaining the September 2006 provisional order described in paragraphs 1, 26, 41,
6   42, 69, 70, 73 and 79 above, ECA was required to and did post a 100,000 peso bond
7   with the Attorney General's Office as a guarantee for any damages suffered by
8   Plaintiff in connection with his removal from Lot A-3 and that the bond was
9   eventually returned to ECA after Plaintiff was put in possession of Lot A-3, as
10  described in paragraph 32 and 78 above, in May 2010.  To the extent that the
11  allegations stated in paragraph 84 of the Second Amended Complaint are
12  conclusions of law, no response is required.  Except as expressly admitted, Sempra
13  denies the remaining allegations stated in paragraph 84.

14        85.    To the extent that the allegations stated in paragraph 85 of the Second
15  Amended Complaint are conclusions of law, no response is required.  Sempra denies
16  the remaining allegations stated in paragraph 85.

17        86.    To the extent that the allegations stated in paragraph 86 of the Second
18  Amended Complaint are conclusions of law, no response is required.  Sempra denies
19  the remaining allegations stated in paragraph 86.

20        87.    To the extent that the allegations stated in paragraph 87 of the Second
21  Amended Complaint are conclusions of law, no response is required.  Sempra denies
22  the remaining allegations stated in paragraph 87.

23        88.    To the extent that the allegations stated in paragraph 88 of the Second
24  Amended Complaint are conclusions of law, no response is required.  Sempra denies
25  the remaining allegations stated in paragraph 88.

26        89.    To the extent that the allegations stated in paragraph 89 of the Second
27  Amended Complaint are conclusions of law, no response is required.  Sempra denies
28  the remaining allegations stated in paragraph 89.

## EIGHTH CLAIM FOR RELIEF
### (Abuse of Process)

90.     In answer to paragraph 90, Sempra incorporates by reference its answers to paragraphs 1-89 as if stated herein.

91.     To the extent that the allegations stated in paragraph 91 of the Second Amended Complaint are conclusions of law, no response is required.  Sempra denies the remaining allegations stated in paragraph 91.

92.     To the extent that the allegations stated in paragraph 92 of the Second Amended Complaint are conclusions of law, no response is required.  Sempra denies the remaining allegations stated in paragraph 92.

93.     To the extent that the allegations stated in paragraph 93 of the Second Amended Complaint are conclusions of law, no response is required.  Sempra denies the remaining allegations stated in paragraph 93.

## AFFIRMATIVE DEFENSES TO SECOND AMENDED COMPLAINT

94.     In addition to the foregoing denials, Sempra alleges and asserts the following defenses.  By pleading these defenses, Sempra does not assume the burden of proving any fact, issue, or element of a cause of action where such burden properly belongs to the Plaintiff.  No assertion of any defense is intended or may be construed as a concession.

## FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

95.     Plaintiff fails to state a cause of action upon which relief can be granted or fails to state a set of facts sufficient to constitute a claim for relief.

## SECOND AFFIRMATIVE DEFENSE
### (Lack of Subject Matter Jurisdiction)

96.     The Second Amended Complaint is barred, in whole or in part, because there is a lack of subject matter jurisdiction.

1

## THIRD AFFIRMATIVE DEFENSE
### (Statute of Limitations)

2

3    97.    The Second Amended Complaint is barred, in whole or in part, by the

4  applicable statute of limitations, including but not limited to: (i) the 2-year statute of

5  limitations under California Code of Civil Procedure section 335.1, or (ii) because

6  the claims arose in Baja California, Mexico, the 2-year statutes of limitations under

7  Civil Code of the State of Baja California, Mexico, articles 1812 or 1148, pursuant

8  to California Code of Civil Procedure section 361.

9

## FOURTH AFFIRMATIVE DEFENSE
### (Existence of Probable Cause)

10

11    98.    The Second Amended Complaint fails because there was probable

12  cause for the underlying action.

13

## FIFTH AFFIRMATIVE DEFENSE
### (Independent Investigation)

14

15    99.    The Second Amended Complaint fails because the underlying action

16  was commenced following the independent investigation of Mexican authorities.

17

## SIXTH AFFIRMATIVE DEFENSE
### (Action Not Favorably Terminated)

18

19    100.    The Second Amended Complaint fails because the underlying action

20  was not terminated in Plaintiff's favor.

21

## SEVENTH AFFIRMATIVE DEFENSE
### (Lack of Malice)

22

23    101.    The Second Amended Complaint fails because at all times, Sempra

24  acted without malice.

25

## EIGHTH AFFIRMATIVE DEFENSE
### (Laches, Waiver, Estoppel, and Unclean Hands)

26

27    102.    The Second Amended Complaint is barred, in whole or in part, by the

28  equitable doctrines of laches, waiver, estoppel, and unclean hands.

## NINTH AFFIRMATIVE DEFENSE
### (Indispensable Parties)

103.    The Second Amended Complaint fails to join indispensable parties in accordance with Rule 19 of the Federal Rules of Civil Procedure.

## TENTH AFFIRMATIVE DEFENSE
### (Defendant Presented Honest Statement)

104.    The Second Amended Complaint is barred, in whole or in part, because Sempra presented an honest statement of facts to authorities.

## ELEVENTH AFFIRMATIVE DEFENSE
### (Dismissal Did Not Indicate Innocence of Plaintiff)

105.    The Second Amended Complaint is barred, in whole or in part, because the dismissal of the underlying action did not indicate the innocence of Plaintiff.

## TWELFTH AFFIRMATIVE DEFENSE
### (Act of State Doctrine)

106.    The Second Amended Complaint is barred, in whole or in part, by the Act of State doctrine.

## THIRTEENTH AFFIRMATIVE DEFENSE
### (*Noerr-Pennington* Doctrine)

107.    The Second Amended Complaint is barred, in whole or in part, by the Noerr- Pennington Doctrine.

## FOURTEENTH AFFIRMATIVE DEFENSE
### (Proximate Cause)

108.    If and to the extent that Plaintiff has sustained any damages, these purported damages were not proximately caused by any conduct of Sempra, as alleged or otherwise.

## FIFTEENTH AFFIRMATIVE DEFENSE
### (Additional Affirmative Defenses)

109.   Sempra presently has insufficient knowledge or information upon which to form a belief as to whether it may have additional, as yet unstated, affirmative defenses available.  Sempra reserves the right to add affirmative defenses should addition information become known.

## PRAYER FOR RELIEF

WHEREFORE, SEMPRA prays that:

A.   That this Court enters judgment in favor of Sempra and against Plaintiff on the Second Amended Complaint;

B.   That the Plaintiff takes nothing by this action;

C.   That Sempra be awarded its cost of suit in this action; and

D.   That the Court grants such other and further relief as it may deem just and proper.

Dated:  February 28, 2014          Respectfully submitted,

IRELL & MANELLA LLP
John C. Hueston
Marshall A. Camp
Sandra L. Haberny


By:   /s/ Sandra L. Haberny
          Sandra L. Haberny
          SHaberny@irell.com

Attorneys for Defendant SEMPRA ENERGY