1  JOHN C. HUESTON (164921)
   JHueston@irell.com
2  MARSHALL A. CAMP (231389)
   MCamp@irell.com
3  SANDRA L. HABERNY (260977)
   SHaberny@irell.com
4  LEE LINDERMAN (280743)
   LLinderman@irell.com
5  IRELL & MANELLA LLP
6  840 Newport Center Drive, Suite 400
   Newport Beach, California  92660-6324
7  Telephone:  (949) 760-0991
   Facsimile:  (949) 760-5200
8

9  Attorneys for Defendant SEMPRA ENERGY

10              UNITED STATES DISTRICT COURT
              SOUTHERN DISTRICT OF CALIFORNIA
11

12
   RAMON EUGENIO SANCHEZ          )  Case No. 3:10-cv-01513-CAB (KSC)
13 RICHIE,                        )
                                  )  **SEMPRA'S REPLY IN SUPPORT**
14         Plaintiff,             )  **OF ITS MOTION TO DISQUALIFY**
                                  )  **THE LAW FIRM OF HULETT**
15    vs.                         )  **HARPER STEWART LLP**
                                  )
16 SEMPRA ENERGY, A California     )  Judge:  Hon. Cathy Ann Bencivengo
17 Corporation,                   )  Ctrm:   4C
                                  )  Date:   August 12, 2014
18         Defendant.             )  Time:   1:30 PM
                                  )
19                                )
                                  )  **ORAL ARGUMENT REQUESTED**
20                                )  **SUBJECT TO COURT APPROVAL**
21 ─────────────────────────────  )

22

23

24

25

26

27

28

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

3094629

Sempra's Reply in Support of
Motion to Disqualify Counsel
Case No. 10-cv-1513-CAB(KSC)

# I.   INTRODUCTION

Sempra filed this disqualification motion after it learned in May 2014 that the Hulett Firm has been in possession of hundreds of privileged Sempra documents for the last four years, and had never given Sempra notice of its possession of those documents. Notably, before Sempra filed its motion, the Hulett Firm represented to Sempra that Plaintiff's litigation team had never reviewed or used any of the privileged documents at issue.  Plaintiff's Opposition admits for the first time that the Hulett Firm's representations were simply false. In fact, the Hulett Firm has reviewed and used hundreds of obviously privileged Sempra documents for the last four years. Moreover, in clear violation of California law, the Hulett Firm never notified Sempra of its possession and use of those privileged documents. These undisputed facts not only warrant disqualification, they require it.

Plaintiff raises two primary arguments in opposition to Sempra's motion, each of which lacks merit. First, Plaintiff argues that the Hulett Firm satisfied their legal and ethical obligations when they received privileged Sempra documents from former Sempra employee Rodolfo Michelon four years ago because they promptly identified and sequestered the privileged documents in the production, and have not used any of those privileged documents to litigate this case. Not only is this argument flatly inconsistent with California law, but it is based upon facts that Plaintiff's Opposition concedes are not true.  The Hulett Firm did sequester *some* privileged Sempra documents, but has continued to use hundreds of others.

Second, Plaintiff erroneously argues that Sempra waived its right to seek disqualification by waiting too long to raise the issue. Once again, Plaintiff is wrong. The undisputed facts show that Sempra acted quickly to seek disqualification once Plaintiff finally, in May 2014, produced copies of the Sempra documents he had received from Michelon. Plaintiff's argument that Sempra should have *assumed* that Michelon had given privileged Sempra documents to the Hulett Firm—and should have sought disqualification *before* Plaintiff ever either produced copies of the

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

3094629

- 1 -

Sempra's Reply in Support of
Motion to Disqualify Counsel
Case No. 10-cv-1513-CAB(KSC)

privileged documents or admitted that his counsel possessed them—is absurd. Sempra cannot possibly have had a duty to *assume* that the Hulett Firm had Sempra's privileged documents—much less to file a disqualification motion based upon that assumption before discovery had begun. To the contrary, California law is clear that the Hulett Firm had a duty to notify Sempra of its possession of those materials, which is something that the Hulett Firm admittedly never did.

## II.   DISCUSSION

**A.    Plaintiff's Opposition Admits For the First Time that the Hulett Firm Has Reviewed and Used Hundreds of Privileged Sempra Documents, and that the Hulett Firm's Prior Representations to the Contrary Were False**

In May 2014, the Hulett Firm produced a disc containing the Michelon documents to Sempra's counsel. Dkt. No. 152-2 (07/11/2014 Haberny Decl.) ¶ 6, Ex. 5. Upon reviewing those documents, Sempra learned for the first time that the Hulett Firm is in possession of numerous privileged Sempra documents. *Id.* ¶ 21. When Sempra promptly confronted the Hulett Firm with this fact, the Hulett Firm denied having used or reviewed any of the privileged documents at issue:

> The disc we delivered to you in response to discovery, I believe, contains **all of the documents Michelon gave us, which explains why it may contain privileged documents on the disc. That disc however was reviewed only by the contract attorney** hired to sort the files for privilege**. I am not aware of any documents in our litigation files that are privileged**[.]

Dkt. No. 152-2 (07/11/2014 Haberny Decl.) ¶ 12, Ex. 11 (emphasis added).

Plaintiff's Opposition proves that the Hulett Firm's representations to Sempra that the disc "was reviewed only by the contract attorney" . . . "which explains why it may contain privileged documents" were simply false. In fact, as Sempra just learned from Plaintiff's Opposition, ***the disc is exactly the opposite of what the Hulett Firm represented —in fact, it contains the documents that the "contract attorney" deemed to be <u>non-privileged</u>, and that the Hulett Firm has been using for the last four years to litigate this case.*** Opp'n at 5, n.3; Hulett Decl. ¶ 13.

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

3094629

In addition, contrary to the Hulett Firm's representation, the disc did *not* contain "all of the documents Michelon gave us." Rather, as Sempra learned shortly before its deadline to file this disqualification motion, the Hulett Firm is in possession of many *additional* privileged Sempra documents beyond those that are contained on the disc, which additional documents have purportedly been "sequestered." Mot. at 6–8.

The fundamental premise of Plaintiff's Opposition is that the Hulett Firm should not be disqualified because it instructed a junior attorney who was not working on Plaintiff's case to conduct a "taint review" of the Michelon documents four years ago, and that it thereafter promptly sequestered all of the Sempra privileged documents that Michelon provided. Opp'n at 3–4, 10–15. As discussed above, however, this argument depends upon facts that Plaintiff admits are not true. While the Hulett Firm may have sequestered *some* of Sempra's privileged documents, it failed to sequester—and has reviewed and used—more than 300 separate Sempra privileged documents that it received from Michelon. Declaration of Katie Yablonka ("Yablonka Decl.") ¶¶ 5, Exs. A–C. Notably, this includes all of the privileged documents about which Sempra initially confronted the Hulett Firm in June 2014, and which the Hulett Firm then falsely denied having ever reviewed or used. Dkt. No. 152-2 (07/11/2014 Haberny Decl.) ¶ 12, Ex. 11.

Plaintiff argues that disqualification is unnecessary because attorney Kirk Hulett has not *personally* reviewed all of the Sempra privileged documents. Rather, according to Plaintiff, only *other* attorneys at the Hulett Firm have done so. Hulett Decl., ¶ 13. Even assuming that this is true, it is legally irrelevant. The Hulett Firm admits that some if its attorneys who are working on this case for Plaintiff have reviewed the Sempra privileged documents. Hulett Decl. ¶ 13. Their knowledge is imputed as a matter of law to Kirk Hulett. *E.g.*, *Advanced Messaging Techs., Inc. v. EasyLink Servs. Int'l Corp.*, 913 F. Supp. 2d 900, 910–11 (C.D. Cal. 2012) ("[U]nder the Vicarious Presumption Rule, once an attorney is presumed to have

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

3094629

- 3 -

Sempra's Reply in Support of
Motion to Disqualify Counsel
Case No. 10-cv-1513-CAB(KSC)

confidential information, her law firm is presumed to have it, too."); *Pound v. DeMera DeMera Cameron*, 135 Cal. App. 4th 70, 77 (2005).

Plaintiff also contends that not *all* of the documents identified by Sempra are privileged. In this regard, Plaintiff argues that "it is not clear" that three of the ten documents attached to Sempra's Motion are privileged. Opp'n at 19–22. This argument is irrelevant (in addition to being incorrect), since Plaintiff apparently does not dispute that the other seven documents are, in fact, privileged. Moreover, at the time Sempra filed its Motion, the Hulett Firm claimed that it had not reviewed or used the privileged documents that the Hulett Firm produced to Sempra in May 2014. Mot. at 5–6. The Hulett Firm now concedes that these representations were not true. Opp'n at 5, n.3; Hulett Decl. ¶ 13. A review of the May 2014 production shows that the Hulett Firm has in fact been using literally *hundreds* of Sempra privileged documents, which are easily identifiable as such. Yablonka Decl., ¶ 5. Indeed, the Court need not take Sempra's word for it—dozens of documents that the Hulett Firm has been using to litigate the case are identical in content to those ***the Hulett Firm's own "taint reviewer" tagged as privileged.*** *Id.* ¶¶ 6-8; Exs. B, C.

Plaintiff also argues that there is "no harm, no foul" because the privileged Sempra documents that the Hulett Firm has been using purportedly are not relevant to this litigation. In support of this argument, Plaintiff materially mischaracterizes Sempra's position on the relevance of Mr. Michelon's documents. *See* Opp'n at 21–22. Sempra has never argued that the Michelon documents are *per se* irrelevant to this case. Rather, in negotiations over ESI custodians, Sempra took the position that Mr. Michelon was an improper primary custodian because he was not involved in the alleged malicious prosecution of Plaintiff, and that any responsive ESI in his custodial files would likely be duplicative of that of agreed-upon custodians. *See* Haberny Decl. ¶ 5, Ex. 29 at 2 (4-14-2014 Haberny letter to Gillenwater).

Contrary to Plaintiff's conclusory and self-serving assertion that none of the privileged Sempra documents his counsel has been using are relevant to this case,

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

3094629

- 4 -

Sempra's Reply in Support of
Motion to Disqualify Counsel
Case No. 10-cv-1513-CAB(KSC)

many are in fact directly relevant. For example, one such email—emblazoned with the subject headings "Privileged and Confidential," "Attorney-Client Communication," and "Attorney Work Product"—contains counsel instruction, given shortly after Sempra purchased Lot A-3, concerning the independent contractor who brokered the purchase. Yablonka Decl., ¶ 9, Ex. C (RTCH021388–89). Another discusses details of the purchase of an adjacent lot and includes legal advice regarding title diligence. *Id.* ¶ 10, Ex. C (RTCH023059–60). A third details certain issues ECA encountered in purchasing two adjacent lots. *Id.* ¶ 11, Ex. C (RTCH023344–49). These and other privileged documents are clearly relevant, which is presumably why Plaintiff produced them in the first place. Further demonstrating their relevance, at Plaintiff's request, the Court has ordered discovery into Sempra's purchases of lots adjacent to Lot A-3. Dkt. No. 155 at 12.

Plaintiff also incorrectly argues that the Court should now review all of Sempra's privileged documents to confirm that the documents are both relevant and privileged. California law is clear that neither the party who receives its opponent's privileged documents nor the Court are entitled to review the substance of the privileged documents in order to determine either privilege or relevance, as doing so would obviously invade the privilege. *Costco*, 47 Cal. 4th at 739 ("Evidence Code section 915 prohibits a court from ordering in camera review of information claimed to be privileged in order to rule on the claim of privilege. . . ."); *Clark v. Superior Court*, 196 Cal. App. 4th 37, 51 (Cal. App. 2011). Sempra's burden on this motion is merely to show "the nature of the information and its material relationship to the present proceedings." *In re Complex Asbestos Lit.*, 232 Cal. App. 3d 572, 597 (1991). Sempra has easily met this burden.

Simply put, it is now undisputed that the Hulett Firm has reviewed and used *hundreds* of privileged Sempra documents, including many documents that the Hulett Firm's own "taint reviewer" tagged as privileged. Moreover, when Sempra confronted the Hulett Firm with the fact that the Hulett Firm is in possession of and

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

3094629

- 5 -

Sempra's Reply in Support of
Motion to Disqualify Counsel
Case No. 10-cv-1513-CAB(KSC)

had apparently been using Sempra's privileged documents, the Hulett Firm falsely denied that it had access to, or had been using, the privileged documents that Sempra identified.[1] Only when Plaintiff filed his opposition and had to explain various inconsistencies pointed out by Sempra did the Hulett Firm finally admit that its statements to Sempra were false (an admission that is relegated to footnote 3 at pg. 5 in Plaintiff's brief), and that the privileged Sempra documents it previously claimed to have sequestered are in fact the very documents it has been using to litigate the case. These facts not only warrant, but require, disqualification.

**B.      The Hulett Firm's Failure to Provide Timely Notice to Sempra Constitutes a Separate and Independent Basis For Disqualification**

The Hulett Firm contends that its decision not to provide Sempra with timely notice of its receipt of privileged Sempra documents, and instead to conduct a unilateral "taint review," was permissible under California law. The Hulett Firm is wrong. As discussed in Sempra's opening brief, and again below, California case law provides a clear duty to provide notice to the privilege holder—and it has provided that duty since long before the Hulett Firm received the documents at issue in 2010. *See, e.g.*, *Rico v. Mitsubishi Motors Corp.*, 42 Cal. 4th 807, 817 (2007); *Clark*, 196 Cal. App. 4th at 53–54; *State Comp. Ins. Fund v. WPS, Inc.*, 70 Cal. App. 4th 644, 656–57 (1999).

Plaintiff contends that the Hulett Firm was not required to provide notice because there is purportedly a distinction between receiving privileged documents from "a third party such as his adversary's former employee" as opposed to through inadvertence. Opp'n at 12. Not so. Indeed, none of the cases that Plaintiff cites support this proposition—rather, they simply hold that an attorney cannot be

---

[1] The Hulett Firm also refused to answer Sempra's questions about which of the Michelon documents the Hulett Firm *has* been using, and refused to answer nearly all of Sempra's other questions about the Michelon documents. Dkt. No. 152-2 (07/11/2014 Haberny Decl.) ¶ 13, Ex. 12; *id.* ¶ 14, Ex. 13; *id.* ¶ 17, Ex. 16; Declaration of Sandra L. Haberny ("Haberny Decl.") ¶ 3, Ex. 27 (Sempra's July 15, 2014 email); *id.* ¶ 4, Ex. 28 (Mr. Hulett's July 25, 2014 email).

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

3094629

- 6 -

Sempra's Reply in Support of
Motion to Disqualify Counsel
Case No. 10-cv-1513-CAB(KSC)

1  disqualified for receiving privileged information *from her own client* (as opposed to

2  a third party). *See Layer2 Comm. Inc. v. Flexera Software LLC*, 2014 WL 2536993,

3  at *8–9 (N.D. Cal. June 5, 2014) (holding that privilege had been waived by

4  privilege holder); *Neal v. Health Net, Inc.*, 100 Cal. App. 4th 831, 850 (2002)

5  (declining to disqualify because "communications of even confidential or privileged

6  information with one's own attorney are authorized by law"); *Fox Searchlight*

7  *Pictures, Inc. v. Paladino*, 89 Cal. App. 4th 294, 302–04 (2001) (holding that a

8  company's former in-house counsel was entitled to disclose to her own attorney all

9  facts relevant to her wrongful termination case against her former employer);

10 *Maruman Integrated Circuits, Inc. v. Consortium Co.*, 166 Cal. App. 3d 443, 447–

11 51 (1985) (declining to disqualify because individual who disclosed adversary's

12 confidences was the attorney's own client); *Cooke v. Superior Court*, 83 Cal. App.

13 3d 582, 592 (1978) (same).

14     With respect to cases in which the privileged information has been supplied

15 by someone other than the attorney's own client, "***[c]ourts have applied the rule***

16 ***articulated in* Rico** ***to situations where the production of privileged information is***

17 ***not inadvertent***." *Gotham City Online, LLC v. Art.com, Inc.*, 2014 WL 1025150, at

18 *3 (N.D. Cal. Mar. 13, 2014) (emphasis added) (citing *Clark*, 196 Cal. App. 4th at

19 49, and *United States ex rel Hartpence v. Kinetic Concepts, Inc.*, 2013 WL 2278122

20 (C.D. Cal. May 20, 2013)). For example, the court in *Gotham* disqualified plaintiff's

21 counsel for failing to notify the privilege holder that it had obtained privileged

22 documents from a third party: "Under *Rico*, it would have been [the law firm's] duty

23 to notify Art.com of this issue ***when it came into possession of the privileged***

24 ***materials and to cease any further review***." *Id.* at *4 (emphasis added).

25     Likewise, the State Bar of CA Committee on Professional Responsibility and

26 Conduct squarely addressed this issue and concluded that the duty to provide notice

27 applies *even when documents are intentionally transmitted by a third party*:

28     In our hypothetical, Attorney did not receive Company's document

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

3094629

- 7 -

Sempra's Reply in Support of
Motion to Disqualify Counsel
Case No. 10-cv-1513-CAB(KSC)

from opposing counsel through the Company's inadvertence. Rather, Attorney received Company's document from Sender, an unknown third party, who intentionally transmitted it. However, given the strong public policies underlying *State Fund* and *Rico*, we conclude the ethical duties set forth in *State Fund* and *Rico* apply both when "it is reasonably apparent that the materials were provided or made available through inadvertence" by the privilege holder's counsel himself, **or when a third party intentionally sends privileged materials to another attorney**, and it is reasonably apparent that those materials were sent without their owner's authorization.

California State Bar Ethics Opinion No. 2013-188 (2013) (emphasis added).

Thus, the only question with respect to whether the Hulett Firm had a duty to provide Sempra with notice is whether the Hulett Firm knew that it had received privileged information without Sempra's authorization. And it is undisputed that the Hulett Firm knew that it had—indeed, the Hulett Firm admittedly commissioned a "taint review" precisely because it knew that Michelon provided it with Sempra's privileged documents without Sempra's authorization. Thus, as soon as the Hulett Firm realized it possessed Sempra's privileged documents, it had a duty to stop reviewing and to notify Sempra of that fact. *Clark*, 196 Cal. App. 4th at 53–54; *Rico*, 42 Cal. 4th at 817; *State Comp.*, 70 Cal. App. 4th at 656–57; *Gotham City*, 2014 WL 1025120, at *3–4; *Hartpence*, 2013 WL 2278122, at *2–3; *see also* CA State Bar Ethics Op. No. 2013-188 at 4. The Hulett Firm's failure to provide notice, and its decision to instead review and use the Michelon documents, constitutes a separate and independent basis for disqualification. *Rico*, 42 Cal. 4th at 817.

Finally, Sempra notes that even assuming for the sake of argument that a "taint review" could suffice in lieu of providing notice in some other hypothetical case, it clearly did not suffice *here* given the undisputed facts that (1) the Hulett Firm's taint review failed to sequester hundreds of privileged Sempra's documents that the Hulett Firm has been using in the case, and (2) the Hulett Firm misrepresented to Sempra its use of those unsequestered documents.

### C.    Disqualification Is the Only Appropriate Remedy

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

3094629

- 8 -

Sempra's Reply in Support of
Motion to Disqualify Counsel
Case No. 10-cv-1513-CAB(KSC)

1    The Hulett Firm contends that a lesser sanction—such as entering a protective

2    order—will suffice here, and would be appropriate because the Hulett Firm

3    purportedly acted in good faith. Opp'n at 22–25. However, disqualification is clearly

4    warranted in this case. The Hulett Firm failed to provide Sempra with notice when it

5    originally received the privileged Sempra documents four years ago, despite

6    numerous California cases stating that notice is required. Instead, apparently without

7    any due diligence to identify Sempra's in-house and outside counsel, the Hulett

8    Firm undertook a botched "taint review" that failed to identify over 300 privileged

9    Sempra documents, which have as a result been used by Plaintiff's litigation team in

10   this case for the last four years. Yablonka Decl. ¶ 5; Hulett Decl. ¶ 13. Then, when

11   Sempra learned of the Hulett Firm's possession of privileged Sempra documents,

12   the Hulett Firm materially falsely denied that it had reviewed or used the specific

13   privileged documents that Sempra identified. Dkt. No. 152-2, ¶ 12, Ex. 11. The

14   Hulett Firm also refused to meet and confer with Sempra's counsel, or to provide

15   other basic information concerning the documents at issue. *E.g.* Haberny Decl., ¶¶

16   3–4, Exs. 27–28.

17       On these facts, "disqualification is proper as a prophylactic measure to

18   prevent future prejudice to the opposing party from information the attorney should

19   not have possessed."[2] *Clark*, 196 Cal. App. 4th at 55. This is especially true given

20   that the Hulett Firm has been using the privileged Sempra documents for ***four years***,

21   and cannot possibly erase the knowledge of those documents from its memory.

22       **D.   Sempra Did Not Waive Its Right To Seek Disqualification.**

23

24       [2] At a bare minimum, the Hulett Firm's continued representation of Plaintiff
25   "trigger[s] doubts over the integrity of the legal process" because "the inevitable
     questions about the sources of [the Hulett Firm's] knowledge . . . could undermine
26   the public trust and confidence in the integrity of the adjudicatory process." *Id.*;
     *Chronometrics, Inc. v. Sysgen, Inc.*, 110 Cal. App. 3d 597, 607–08 (1980) ("As
27   counsel, Albertini would have the improperly obtained facts instantly available in
     his mind in questioning witnesses, making and responding to objections and
28   addressing the court and jury.").

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

3094629

- 9 -

Sempra's Reply in Support of
Motion to Disqualify Counsel
Case No. 10-cv-1513-CAB(KSC)

Finally, Plaintiff incorrectly argues that Sempra waived its right to seek disqualification because Sempra purportedly waited too long to file this Motion—notwithstanding the fact that Plaintiff only produced the documents at issue to Sempra in mid-May 2014. Specifically, Plaintiff argues that because Sempra knew Michelon took certain Sempra documents when he left Sempra in 2011, and because Sempra later alleged that Michelon disclosed some of those documents to "various third parties," Sempra somehow knew that Michelon had provided **privileged** Sempra documents to the Hulett Firm in 2012. Opp'n at 5–6.

But the fact of the matter is that Sempra had no way to know what documents Michelon had provided to Plaintiff—let alone that Michelon had provided **privileged** documents to Plaintiff—until the Hulett Firm produced the documents at issue in this motion to Sempra in May 2014, soon after discovery began in this case. Plaintiff's argument that Sempra should have *assumed* that Michelon gave privileged Sempra documents to the Hulett Firm and immediately brought a motion for disqualification without any evidence is flatly inconsistent with relevant California law (which puts a duty on the Hulett Firm to *inform* Sempra of its receipt of privileged documents, not a duty on Sempra to *assume* impropriety).

Moreover, even supposing for the sake of argument that Sempra should have assumed that the Hulett Firm was in possession of Sempra's privileged documents, Plaintiff has still fallen far short of showing waiver by Sempra.[3]

### III.   CONCLUSION

In accordance with the foregoing, Sempra respectfully requests the Court grant its Motion and disqualify the law firm of Hulett Harper Stewart LLP.

---

[3] *E.g. Fiduciary Trust Int'l of Cal. v. Super. Ct.*, 218 Cal. App. 4th 465, 490 (2013) (citation omitted) ("To operate as a waiver, . . . the 'delay [and] . . . the prejudice to the opponent must be extreme.'"); *W. Continental Op. Co. v. Natural Gas Corp.*, 212 Cal. App. 3d 752, 764 (1989) ("Delay will not necessarily result in the denial of a disqualification motion; the delay and the ensuing prejudice must be extreme.").

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

3094629

- 10 -

Sempra's Reply in Support of
Motion to Disqualify Counsel
Case No. 10-cv-1513-CAB(KSC)

1    Dated:  August 5, 2014                        Respectfully submitted,

2                                                  IRELL & MANELLA LLP

3                                                  John C. Hueston
                                                   Marshall A. Camp
4                                                  Sandra L. Haberny
                                                   Lee Linderman
5

6                                                  By: */s/ Sandra L. Haberny*

7                                                      Sandra L. Haberny
                                                       Attorneys for Sempra
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**IRELL & MANELLA LLP**
A Registered Limited Liability
Law Partnership Including
Professional Corporations

3094629                                    - 11 -

Sempra's Reply in Support of
Motion to Disqualify Counsel
Case No. 10-cv-1513-CAB(KSC)