JOHN C. HUESTON (164921)
JHueston@irell.com
MARSHALL A. CAMP (231389)
MCamp@irell.com
SANDRA L. HABERNY (260977)
SHaberny@irell.com
LEE LINDERMAN (280743)
LLinderman@irell.com
IRELL & MANELLA LLP
840 Newport Center Drive, Suite 400
Newport Beach, California 92660-6324
Telephone: (949) 760-0991
Facsimile: (949) 760-5200

Attorneys for Defendant SEMPRA ENERGY

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA
## SAN DIEGO DIVISION

| | |
|---|---|
| RAMON EUGENIO SANCHEZ RICHIE,<br><br>Plaintiff,<br><br>vs.<br><br>SEMPRA ENERGY, A California Corporation,<br><br>Defendant. | Case No. 3:10-cv-01513-CAB (KSC)<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF SEMPRA'S OPPOSITION TO AZANO'S MOTION TO FILE DOCUMENTS UNDER SEAL**<br><br>JUDGE: Hon. Karen S. Crawford<br>CTRM: 10th floor (Annex)<br>DATE: TBD<br>TIME: TBD |

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

3170706

Sempra's MPA ISO Opposition to
Azano Motion to File Under Seal
Case No. 10-cv-1513-CAB (KSC)

1 **I.     MEMORANDUM OF POINTS AND AUTHORITIES**

2          On June 27, 2014, Defendant Sempra Energy ("Sempra") served Jose Susumo

3 Azano Matsura ("Azano") with a deposition subpoena and a document subpoena.

4 The subpoenas seek information centrally relevant to this case, including evidence

5 of the damages Plaintiff alleges he suffered in the form of attorneys' fees and costs

6 paid by Azano. Azano seeks to quash the deposition subpoena, which Sempra

7 opposes. Pursuant to the Court's Chamber Rules, the parties prepared a Joint Motion

8 for Determination of Discovery Dispute to resolve Azano's motion to quash. Shortly

9 before the deadline the parties agreed upon for Azano to file the Joint Motion,

10 Azano's counsel asked Sempra's counsel to consent to filing the Joint Motion under

11 seal. Because there does not appear to be any valid basis for under-seal filing,

12 Sempra stated its opposition. Azano then unilaterally filed the instant Motion to File

13 Documents Under Seal (the "Sealing Motion"), which Sempra now opposes.

14          The Sealing Motion fails to identify any valid basis for filing the Joint Motion

15 and supporting papers under seal, and falls far short of demonstrating "a

16 particularized showing under the good cause standard" as the law requires. *Pintos v.*

17 *Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010). Rather, the Sealing Motion

18 appears to be predicated entirely on Azano's claim that he intends to refuse on Fifth

19 Amendment grounds to answer *any* questions that may be asked of him at his

20 deposition, and that records reflecting his intended invocation should be shielded

21 from public access. Azano does not (and cannot) articulate any good faith basis for

22 such a categorical invocation of the Fifth Amendment privilege, much less a

23 compelling reason why documents referencing his intended invocation should be

24 sealed. Indeed, despite sweeping claims that the Joint Motion contains "privileged"

25 and "confidential" information, the Sealing Motion fails to identify a single

26 confidential, privileged, proprietary or otherwise sensitive fact that would be

27 disclosed if the Joint Motion were filed publicly. Nor have any of the documents

28 Azano seeks to file under seal been marked confidential or highly confidential

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

Sempra's MPA ISO Opposition to
Azano Motion to File Under Seal
Case No. 10-cv-1513-CAB (KSC)

1  pursuant to the protective order agreed upon by the parties in this case. *See* Dkt. No.
2  140.

3       Moreover, the premise of Azano's motion to quash his deposition subpoena—
4  i.e., that he will invoke Fifth Amendment protections in response to *every question*
5  that may be asked—is speculative and highly dubious. This case involves entirely
6  different parties, facts and legal issues than the federal criminal matter in which
7  Azano is under indictment. *See* Case No. 3:14-cr-00388-MMA (S.D. Cal.), Dkt. No.
8  42. Azano's argument that he will have a valid Fifth Amendment privilege to *any*
9  question that could be asked of him at a deposition in this case thus reflects
10  unfounded speculation. Under the "good cause" standard for under-seal filing,
11  "[s]uch generalized speculation is insufficient to justify a sealing order, let alone a
12  prophylactic one." *Bank of Am., N.A. v. Hensley Props., L.P.*, No. CIV 07-1584
13  GEB, 2008 WL 2724875, at *7 (E.D. Cal. Jul. 11, 2008).

14       The Sealing Motion also fails because Azano cannot meet his burden of
15  showing "that 'for each particular document [he] seeks to protect . . . specific harm
16  or prejudice will result'" if the document is filed publicly. *BT Collective v. IP*
17  *Holdings, LLC*, No. 11-cv-0021-LAB (WVG), 2011 WL 5873388, at *5 (S.D. Cal.
18  Nov. 23, 2011) (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122,
19  1130 (9th Cir. 2003)). Azano vaguely asserts that he will be "unduly burdened" and
20  "embarrassed" if it is revealed that he intends to invoke the Fifth Amendment at his
21  deposition, but this fact has ***already been disclosed publicly*** through the Sealing
22  Motion itself. The only case cited by Azano in support of his "undue burden" and
23  "embarrassment" argument, *Hobley v. Chicago Police Commander Burge*, 225
24  F.R.D. 221 (N.D. Ill. 2004), involved sealing transcripts and videotapes of an
25  already-completed deposition. *Id.* at 225. By contrast, here, Azano has simply
26  asserted that he ***intends*** to invoke the Fifth Amendment if and when he is ordered to
27  sit for a deposition. As set forth above, "generalized speculation is insufficient to
28

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

3170706

- 2 -

Sempra's MPA ISO Opposition to
Azano Motion to File Under Seal
Case No. 10-cv-1513-CAB (KSC)

1 justify a sealing order, let alone a prophylactic one." *Hensley Props.*, 2008 WL
2 2724875, at \*7.

3       Azano's argument that publicly filing the Joint Motion would place an undue
4 "cost" on his invocation of the Fifth Amendment fails for the same reason: he has
5 not yet asserted the Fifth Amendment in response to any questions in this action,
6 and he may not have a valid basis to do so. The sole case Azano cites in support of
7 his argument is inapposite, as it involved an in camera review of "certain specific
8 questions" asked during an already-completed deposition to determine the
9 application of the Fifth Amendment privilege. *Nursing Home Pension Fund v.*
10 *Oracle Corp.*, No. C01-00988 MJJ, 2007 WL 3232267, at \*2–3 (N.D. Cal. Nov. 1,
11 2007). Azano has not cited any cases in which a court sealed a motion to quash
12 simply on the ground that the deponent *might* invoke the Fifth Amendment in
13 response to certain deposition questions. Azano's speculative "harm" does not
14 suffice "to show that 'for each particular document [he] seeks to protect . . . ***specific***
15 ***harm or prejudice will result'*** if the documents are filed publicly. *BT Collective*,
16 2011 WL 5873388, at \*5 (citation omitted) (emphasis added).

17       Finally, even if there could be *some* questions asked at his deposition as to
18 which Azano could validly invoke Fifth Amendment protections, the fact that Azano
19 may be contemplating such invocation would not outweigh the public's "right of
20 access to judicial records." *Nixon v. Warner Comms., Inc.*, 435 U.S. 589, 597
21 (1978). It is well-established that although a deponent "may have a Fifth
22 Amendment right not to answer questions put to him, . . . ***the invocation of that***
23 ***right is not protected from disclosure***, nor are incriminating statements that he
24 makes when he fails to invoke that right." *BT Collective*, 2011 WL 5873388, at \*3
25 n.2 (emphasis added).

26
27
28

**IRELL & MANELLA LLP**
A Registered Limited Liability
Law Partnership Including
Professional Corporations

3170706

Sempra's MPA ISO Opposition to
Azano Motion to File Under Seal
Case No. 10-cv-1513-CAB (KSC)

## II. **CONCLUSION**

Accordingly, for the reasons set forth above, the Court is respectfully requested to deny Azano's Motion to File Documents Under Seal [Dkt. No. 184].

Dated: November 6, 2014

Respectfully submitted,

IRELL & MANELLA LLP
John C. Hueston (164921)
Marshall A. Camp (231389)
Sandra L. Haberny (260977)
Lee Linderman (280743)

By: */s/ Lee Linderman*

Lee Linderman
Attorneys for Defendant
Sempra Energy

**IRELL & MANELLA LLP**
A Registered Limited Liability
Law Partnership Including
Professional Corporations

3170706

- 4 -

Sempra's MPA ISO Opposition to
Azano Motion to File Under Seal
Case No. 10-cv-1513-CAB (KSC)