
Case 3:10-cv-01513-CAB-KSC   Document 194   Filed 11/10/14   Page 1 of 6

Peter J. Kahn (admitted *pro hac vice*)

William P. Ashworth (admitted *pro hac vice*)

Meghan A. Ferguson (admitted *pro hac vice*)

WILLIAMS & CONNOLLY LLP

725 Twelfth Street, N.W.

Washington, DC  20005

Telephone: (202) 434-5000

Facsimile: (202) 434-5029


Leonard B. Simon (58310)

THE LAW OFFICES OF

LEONARD B. SIMON, P.C.

655 West Broadway, Suite 1900

San Diego, CA  92101

Telephone: (619) 338-4549

Facsimile: (619) 231-7423

*Attorneys for Jose Susumo Azano Matsura*

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA
### SAN DIEGO DIVISION

| | |
|---|---|
| RAMON EUGENIO SANCHEZ RITCHIE,<br><br>Plaintiff,<br><br>v.<br><br>SEMPRA ENERGY, a California corporation,<br><br>Defendant. | Case No.: 3:10-cv-1513-CAB-KSC<br>**[REDACTED] JOSE SUSUMO AZANO MATSURA'S REPLY IN SUPPORT OF MOTION TO SEAL THE JOINT MOTION FOR DETERMINATION OF DISCOVERY DISPUTE**<br><br>DATE:  TBD<br>TIME:   TBD<br>JUDGE:  Magistrate Karen S. Crawford<br>CTRM:   10th Floor (Annex) |


AZANO'S REPLY ISO MOTION TO SEAL THE JOINT MOTION
10-CV-1513-CAB(KSC)

In opposing Mr. Azano's Motion to Seal (Doc. Nos. 189, 190), Sempra has subjected Mr. Azano to precisely the "annoyance, embarrassment, oppression, or undue burden" he sought to avoid by moving to file under seal, and the "harassment" he has asked the Court to prevent in his Motion to Quash.  The sole purpose of Sempra's opposition appears to be to maximize public disclosure of sensitive information that Sempra hopes will cast Mr. Azano in a negative light.  Sempra's conduct in filing its meritless opposition exemplifies why both the Motion to Seal and the Motion to Quash should be granted.

On November 3, 2014, Mr. Azano filed a Notice of Motion and Motion to File Documents Under Seal (Doc. No. 184) and a Memorandum of Points and Authorities In Support (Doc. No. 184-1) on the public docket.  Mr. Azano also conditionally lodged under seal a Memorandum of Points and Authorities in Further Support of Azano's Motion to File Documents Under Seal and a Joint Motion for Resolution of Discovery Dispute (the Motion to Quash).  Mr. Azano sought to seal the latter two documents because they referenced privileged and sensitive information: ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.  Because of the sensitive nature of this information, Mr. Azano made no reference to ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ on the public docket.

On November 6, 2014, Sempra publicly filed a Response in Opposition to Mr. Azano's Motion to File Documents Under Seal (Doc. No. 186).  In that Opposition, Sempra falsely claimed that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ *id.* at 2 (emphasis in original).  In fact, Mr. Azano had not publicly disclosed that fact at all, as the whole point of Mr. Azano's sealing motion was to protect that information from public disclosure—a goal that Sempra saw fit to ignore with impunity.

On November 7, 2014, counsel for Mr. Azano sent Sempra a letter expressing dismay at Sempra's public disclosure of information conditionally filed under seal, and demanding that Sempra take "prompt action to remove its filing from the public record and lodge it under seal." In response, Sempra filed a Motion to Strike its improper Opposition (Doc. No. 187). However, rather than acknowledging the impropriety of its conduct (or even admitting a mistake), Sempra simply stated: "The reason for this motion is that Azano has taken the position that Sempra's November 6, 2014 filing contains nonpublic, confidential, and sensitive information . . . . Sempra does not agree." *Id.* Sempra then re-lodged an amended Opposition under seal, omitting the false assertion—[REDACTED]—that was the focus of its original Opposition.

### ARGUMENT

As an initial matter, common sense dictates that the procedures for filing documents under seal provided for in both the Federal and Local Rules cannot simply be circumvented by unilaterally revealing the information for which protection is sought in opposing the motion to seal. Such tactics are not only improper, but sanctionable. *See* [REDACTED] *Wallis v. PHL Associates, Inc.*, 168 Cal. App. 4th 882, 896–98 (2008) (sanctioning attorney for disclosing information filed by opposing party under seal—even though opposing party mistakenly made that information available to the public—because it would have been clear to a reasonable attorney that the information was meant to remain confidential). Sempra's filing of its original Opposition on the public docket was thus highly improper.

[REDACTED]



AZANO'S REPLY ISO MOTION TO SEAL THE JOINT MOTION



## CONCLUSION

For the foregoing reasons, Mr. Azano respectfully requests this Court to enter an Order granting his Motion to Seal the Joint Motion.

                                                 Respectfully submitted,

DATED: November 10, 2014      */s/ Peter J. Kahn*
                                             Peter J. Kahn

WILLIAMS & CONNOLLY LLP
PETER J. KAHN (admitted *pro hac vice*)
WILLIAM P. ASHWORTH
  (admitted *pro hac vice*)
MEGHAN A. FERGUSON
  (admitted *pro hac vice*)
JAMES E. GILLENWATER
  (admitted *pro hac vice*)
725 Twelfth Street, N.W.
Washington, DC  20005
Telephone:  (202) 434-5000
Facsimile:  (202) 434-5029
Email:  pkahn@wc.com
       washworth@wc.com
       mferguson@wc.com
       jgillenwater@wc.com

THE LAW OFFICES OF LEONARD B. SIMON, P.C.
Leonard B. Simon (58310)
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  (619) 338-4549
Facsimile:  (619) 231-7423
Email:  LenS@rgrdlaw.com

*Attorneys for Jose Susumo Azano Matsura*