# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAMON EUGENIO SANCHEZ RITCHIE,<br><br>Plaintiff,<br>vs.<br><br>SEMPRA ENERGY, a California corporation,<br><br>Defendant. | CASE NO. 10cv1513-CAB(KSC)<br><br>ORDER RE SUPPLEMENTAL JOINT MOTION REGARDING DISCOVERY DISPUTE<br><br>[Doc. No. 211.] |

Before the Court is the parties' Supplemental Joint Motion Regarding Discovery Dispute. [Doc. No. 211.] The parties also submitted two supporting declarations and a number of exhibits. In the Joint Motion, plaintiff seeks an order compelling defendant to provide further responses to six written discovery requests: Interrogatory No. 4, and Document Request Nos. 2, 5, 10, 13, and 14. Plaintiff agrees that defendant has already provided satisfactory responses and produced relevant documents and information in response to these discovery requests through October 11, 2007. [Doc. No. 211, at p. 5, 14, 15, 18-19, 21, 23.] However, plaintiff argues that defendant should be ordered to provide further responses to these discovery requests and to produce additional documents which "post-date October 11, 2007" through at least April or June 2009. [Doc. No. 211, at p. 5.] Defendant argues that any responsive documents and information post-dating October 11, 2007 are irrelevant. [Doc. No. 211,

at p. 3.]¹ For the reasons outlined more fully below, the Court finds that plaintiff's request for an order compelling defendant to produce responsive documents and information through April 2009 must be GRANTED. Defendant must supplement its responses to Interrogatory No. 4, and Document Request Nos. 2, 5, 10, 13, and 14 with documents and information from October 2007 through April 2009.

## *Background*

The remaining causes of action in the operative Second Amended Complaint are for malicious prosecution. [Doc. No. 62, at pp. 11-14, 20.] A claim for malicious prosecution under California law requires proof that: "'the prior action (1) was commenced by or at the direction of the defendant and was pursued to a legal termination in his, plaintiff's, favor; (2) was brought without probable cause; and (3) was initiated with malice.' *Sheldon Appel Co. v. Albert & Oliker*, 47 Cal. 3d 863, 871 (1989) (quoting *Bertero v. Nat'l Gen. Corp.*, 13 Cal. 3d 43, 50 (1974))." [Doc. No. 62, at p. 16.]

## *Discussion*

The discovery dispute raised in the current Joint Motion pertains to the element of a malicious prosecution claim requiring the plaintiff to establish that a prior action was pursued to a legal termination in his favor. In this regard, defendant has cited California case law stating that "'favorable' termination does not occur merely because a party complained against has prevailed in an underlying action. If the termination does not relate to the merits–reflecting on neither innocence of nor responsibility for

---

¹ The parties' current Joint Motion is "Supplemental," because this is not the first time the Court has considered plaintiff's request for documents and information through at least April 2009. Plaintiff raised this argument in two prior Joint Motions. [Doc. Nos. 135 and 176.] However, the issue was not resolved because it was not fully and adequately briefed by the parties. Based on the prior briefing provided, the Court concluded that many of plaintiff's discovery requests were overly broad on their face and needed to be more narrowly tailored as to time and scope. [Doc. No. 155, 208.] In an Order filed on March 30, 2015, the parties were allowed additional time to meet and confer and submit another joint motion addressing appropriate time and scope limitations to plaintiff's discovery requests on a request-by-request basis in the manner provided by this Court's Chambers' Rules. [Doc. No. 208, at pp. 7-8.] The parties then filed the instant Joint Motion on April 30, 2015. [Doc. No. 211.]

the alleged misconduct–the termination is not favorable in the sense that it would support a subsequent action for malicious prosecution." *Casa Herrera, Inc. v. Beydoun*, 32 Cal.4th 336, 342 (2004). Thus, a dismissal on technical or procedural grounds, such as the statute of limitations, settlement or laches, "is not favorable for purposes of a malicious prosecution claim." *Id.*

According to plaintiff, the Second Amended Complaint "specifically pleads" there were two separate instances of alleged malicious prosecution initiated by defendant in July 2006 and again in April 2009. [Doc. No. 211, at p. 5-6; Doc. No. 34, at pp. 8-12, 18-23.] Since he must prove that each of these prosecutions was brought without probable cause, plaintiff argues that defendant should be required to produce documents and information responsive to Interrogatory No. 4 and Document Request Nos. 2, 5, 10, 13, and 14 through at least April 2009, when the second alleged malicious prosecution was initiated. [Doc. No. 211, at p. 6.]

Defendant argues the additional discovery plaintiff seeks through April 2009 is not relevant, because "the District Court has already ruled that this 'second' prosecution was terminated on statute of limitations grounds, and thus it cannot form the basis of a 'second' malicious prosecution claim." [Doc. No. 211, at p. 3.] In support of this argument, defendant cites a single phrase in the District Court's August 29, 2012 Order Denying Motion to Stay or Dismiss. [Doc. No. 73, at p. 1.]

As background, the record shows that defendant filed a Motion to Stay on June 15, 2012 seeking to stay the entire action pending the outcome of related civil and criminal proceedings in Mexico. [Doc. No. 65-1, at p. 2.] However, in an Order filed on June 19, 2012, the District Court converted defendant's Motion to Stay to a Motion to Stay, or in the Alternative, Motion to Dismiss the Second Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). [Doc. No. 66, at p. 1.] The reason for this conversion was that defendant argued in Footnote 7 of its Motion to Stay that plaintiff would be unable to establish the favorable termination element of his malicious prosecution claim. [Doc. No. 65-1, at p. 9 n.7; Doc. No. 66, at p. 1.]

Defendant's argument was based on court documents from the underlying Mexican court proceedings which were submitted with the Motion as exhibits to a Notice of Lodgment. [Doc. No. 65-1, at p. 9; Doc. No. 65-5.]

In ruling on a motion to dismiss under Rule 12(b)(6), the Court must generally accept all factual allegations in the complaint as true and construe them in the light most favorable to the nonmoving party. *Harris v. Amgen, Inc.*, 770 F.3d 865, 874 (9th Cir. 2014.) Other sources that may be considered in ruling on a Rule 12(b)(6) motion include "matters of which a court may take judicial notice." *Id.* To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim, a complaint need only state a "plausible claim for relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). When a Court considers the sufficiency of the allegations in a complaint under Rule 12(b)(6), it does not generally consider whether the plaintiff can ultimately prevail on a particular claim. Rather, the Court's role at this stage of a lawsuit is to consider whether the complaint includes sufficient factual allegations to proceed and offer evidence in support of the claim. *Diaz v. Int'l Longshore and Warehouse Union*, 474 F.3d 1201, 1205 (9th Cir. 2007).

On August 29, 2012, the District Court issued an Order Denying Motion to Stay or Dismiss. [Doc. No. 73, at p. 1.] In pertinent part, the District Court's Order states as follows:

> In addressing the Motion, the Court takes judicial notice of the translated Mexican court records submitted by the parties. . . .
>
> As explained below, the Court reaffirms its finding that plaintiff pleads a claim for malicious prosecution.
>
> The favorable termination requirement of a malicious prosecution claim 'has been variously defined but the core of the concept is that termination must reflect on the *merits* of the prior action.' *Warren v. Wasserman, Comden & Caselman*, 220 Cal. App. 3d 1297, 1301 (1990) (emphasis in original). Here, this requirement is met. The Mexican Criminal Court issued an October 2007 order that analyzed evidence of title and possession and found that there was insufficient evidence to establish the first required element of the crime of dispossession against Plaintiff – that he was in possession or an 'occupation of an alien property that does not belong to him' or that 'he does not have any right to.' [Doc. No. 65-11 at 8, 9.] On April 17, 2009, this merits-based determination was affirmed on appeal. [Doc. No. 65-23 at 72 ('freedom for lack of

elements').] These determinations sufficiently reflect Plaintiff's innocence as to the crime of dispossession.

On April 22, 2009, the Mexican Criminal Court ordered the Baja California Attorney General to engage in an untimely investigation of the dispossession charges so as to allow for a renewed prosecution of Plaintiff. Ultimately, the Mexican Circuit Court found that the Criminal Court should not have allowed this renewed investigation to go forward ***because the period granted by law to do so had expired.*** [Doc. No. 65-19 at 164-65.] In 2010, the Mexican courts held that the time to prosecute Plaintiff based on additional evidence had run and dismissed the criminal case in its entirety. ***Given the merits-based determinations in 2007 and 2009*** withstood the appeals that ultimately led to dismissal, the criminal proceedings were fully and finally resolved in Plaintiff's favor. Therefore, Plaintiff sufficiently pleads the element of favorable termination to go forward on his malicious prosecution claim.

[Doc. No. 73, at pp. 1-2 (emphasis added).]

As defendant contends, the District Court's Order does state that the Mexican Circuit Court ultimately determined the "renewed investigation" in 2009 should not have been allowed to proceed ***"because the period granted by law to do so had expired.*** [Doc. No. 65-19 at 164-65.]" [Doc. No. 73, at p. 2.] On the other hand, the District Court denied the pending Motion to Dismiss, reaffirmed a prior ruling that plaintiff sufficiently pled a claim for malicious prosecution, and concluded plaintiff's allegations were sufficient to plead "the element of favorable termination to go forward with his malicious prosecution claim." [Doc. No. 73, at p. 1-2, 4.] The District Court's Order also refers to the 2007 and 2009 decisions of the Mexican courts as "merits-based determinations." [Doc. No. 73, at p. 2.]

Based on these statements in the District Court's Order of August 29, 2012, there is no basis to conclude the District Court intended to determine, as matter of fact or law, that plaintiff cannot prove the favorable termination element of his malicious prosecutions claims arising out of the original complaint filed against him in July 2006 or the renewed prosecution initiated in April 2009. Rather, the District Court clearly intended to leave those determinations to be made at a later time in the context of dispositive motions or at trial. Accordingly, the Court finds that documents and information responsive to plaintiff's Interrogatory No. 4, and Document Request Nos.

2, 5, 10, 13, and 14 through April 2009 meet the relevance standard of Federal Rule of Civil Procedure 26(b)(1) and are therefore discoverable.

### *Conclusion*

Based on the foregoing, the Court finds that plaintiff's request for an order compelling defendant to provide further responses to Interrogatory No. 4, and Document Request Nos. 2, 5, 10, 13, and 14 must be GRANTED. ***No later than July 10, 2015***, defendant shall produce additional documents and information responsive to these discovery requests for the time period October 2007 through April 2009.

IT IS SO ORDERED.

Date: 6/10 , 2015

KAREN S. CRAWFORD
United States Magistrate Judge