| | |
|---|---|
| RAMON EUGENION SANCHEZ RICHIE,<br><br>                              Plaintiff,<br><br>vs.<br><br>SEMPRA ENERGY,<br>                              Defendants. | Case No.: 3:10-CV-1513-CAB-KSC<br><br>**ORDER OVERRULING DEFENDANT'S OBJECTIONS TO MAGISTRATE JUDGE'S JUNE 11, 2015 DISCOVERY ORDER**<br><br><br>[Doc. No. 219] |

On June 11, 2015, Magistrate Judge Crawford entered an order requiring Defendant Sempra Energy ("Sempra") to provide further information and documents in response to certain discovery requests from Plaintiff. [Doc. No. 217.] On June 22, 2015, Sempra filed objections to this order. [Doc. No. 219.] Upon review of Sempra's objections, the Court does not need to wait for Plaintiff's opposition to rule.

District court review of magistrate judge orders on non-dispositive motions is limited. A motion relating to discovery, such as the motion at issue here, is considered non-dispositive. *See* 28 U.S.C. § 636(b)(1)(A). A district court judge may reconsider a magistrate judge's ruling on a non-dispositive motion only "where it has been shown that the magistrate's order is clearly erroneous or contrary to law."

*Id.*; *see also* Fed. R. Civ. P. 72(a). The Court therefore must uphold the magistrate judge's order unless it is "clearly erroneous or contrary to law." *Id.*; 28 U.S.C. § 636(b)(1)(A). "The 'clearly erroneous' standard applies to the magistrate judge's factual determinations and discretionary decisions. . . ." *Computer Econ., Inc. v. Gartner Grp., Inc.*, 50 F.Supp.2d 980, 983 (S.D. Cal. 1999) (citations omitted). "Under this standard, 'the district court can overturn the magistrate judge's ruling only if the district court is left with the definite and firm conviction that a mistake has been made.'" *Id*. (quoting *Weeks v. Samsung Heavy Indus. Co., Ltd.*, 126 F.3d 926, 943 (7th Cir. 1997).

Sempra's objections are premised on its belief that Magistrate Judge Crawford erred in her interpretation of this Court's August 29, 2012 Order. Sempra is mistaken. Magistrate Judge Crawford's order requiring Sempra to provide additional information and produce additional documents for the time period October 2007 through April 2009 was not clearly erroneous. Such discovery can be relevant to the determination of Sempra's alleged role in the decisions to prosecute Plaintiff in Mexico. Accordingly, Sempra's objections are **OVERRULED** and Magistrate Judge Crawford's June 11, 2015 Order is affirmed.

In light of the foregoing, it is hereby **ORDERED** as follows:

1. The Court's order staying compliance with the June 11, 2015 Order is vacated. Sempra shall provide the information and produce the documents

required by the June 11, 2015 Order [Doc. No. 217] no later than **July 15, 2015**.

2. The deadline for filing dispositive pretrial motions, which had been July 1, 2015, and was vacated by order dated June 24, 2015 [Doc. No. 223], is re-set for **July 31, 2015**.

3. The deadline for compliance with the pre-trial disclosure requirements of Federal Rule of Civil Procedure 26(a)(3) is continued to **October 30, 2015**.

4. The deadline for compliance with Local Civil Rule 16.1(f)(4) [*see* Doc. No. 131 at ¶ 12] is continued to **November 6, 2015**.

5. The deadline for counsel for Plaintiff to provide opposing counsel with the proposed pretrial order for review and approval [*see* Doc. No. 131 at ¶ 13] is continued to **November 13, 2015**.

6. The proposed final pretrial order [*see* Doc. No. 131 at ¶ 14] shall be served and lodged with the undersigned on or before **November 20, 2015**.

7. The final pretrial conference is continued to **November 30, 2015**.

It is **SO ORDERED**.

Dated: June 29, 2015

_____

Hon. Cathy Ann Bencivengo
United States District Judge

3