# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAMON EUGENIO SANCHEZ RITCHIE,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>SEMPRA ENERGY,<br><br>　　　　　　　　　　Defendant. | Case No.: 3:10-CV-1513-CAB-KSC<br><br>**ORDER ON MOTION TO DISMISS AND MOTION FOR LEAVE TO AMEND**<br><br>[Doc. Nos. 265, 266] |

This case was filed over seven years ago, and the procedural history will not be repeated here. In short, the Court dismissed or granted summary judgment on all of Plaintiff Ramon Eugenio Sanchez Ritchie's claims. Ritchie appealed, and the Ninth Circuit affirmed the Court's summary judgment order and the prior dismissal of all claims with the exception of the Court's dismissal of Claim 2 of the second amended complaint ("SAC") alleging conversion of Ritchie's personal property. The Court had dismissed Claim 2 (along with most of the other claims in the SAC) as barred by the local action doctrine and the litigation privilege. In doing so, the Court declined to address several other arguments Defendant Sempra Energy ("Sempra") made for dismissal of Claim 2, including the statute of limitations, because the local action doctrine and litigation privilege were dispositive. The Ninth Circuit, however, held that neither the local action doctrine

1

nor the litigation privilege bar the conversion claim. Accordingly, the Ninth Circuit remanded this case on the conversion claim alone.

The Court spread the Ninth Circuit's mandate at a hearing on August 14, 2017. At that hearing, Ritchie advised that he wanted to seek leave to file a third amended complaint ("TAC"), while Sempra advised that it intended to move to dismiss the remaining conversion claim as being barred by the statute of limitations. The Court then set a briefing schedule requiring each party to file their motions on August 28, 2017, with opposition briefs due on September 11, 2017, and replies due on September 18, 2017.

On August 28, 2017, Ritchie filed his motion for leave to file a third amended complaint, and Sempra filed its motion to dismiss. On September 11, 2017, Sempra filed an opposition to Ritchie's motion, but Ritchie did not file an opposition to the motion to dismiss. Ritchie's lack of opposition to the motion to dismiss is grounds alone for granting the motion and dismissing the case without prejudice. *See generally* Civ.L.R. 7.1.f.3.c. (stating that failure to follow rules for opposing motions "may constitute a consent to the graning of a motion . . . by the court); *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir.1995) (affirming grant of an unopposed motion to dismiss under local rule by deeming a pro se litigant's failure to oppose as consent to granting the motion). The Court, however, declines to grant Sempra's motion on that ground,[1] and instead will analyze the pending motions on the merits.

I. **Sempra's Motion to Dismiss**

Sempra moves to dismiss Claim 2 for conversion (which is the only remaining claim in this case) under Federal Rule of Civil Procedure 12(b)(6) as barred by the applicable statute of limitations. Relevant to Sempra's motion, the first paragraph of the SAC alleges:

---

[1] After Sempra filed a reply arguing that Ritchie's lack of opposition is another basis for granting the motion to dismiss, Ritchie a two paragraph opposition referring the Court to his reply in support of his motion for leave to amend. [Doc. No. 270.] Although the Court would be justified in rejecting Ritchie's "opposition" as untimely, the Court considered the opposition, and Ritchie's reply in support of his motion for leave to amend, in arriving at its decision on the pending motions.

2

> Immediately upon the dispossession of Plaintiff and trespass onto his property in September 2006, Defendant through its armed employee, Gil Moya forcibly removed Plaintiff's family from the property and thereafter Defendant bulldozed Plaintiff's permanent house and its fixtures to the ground.

[Doc. No. 34 at ¶ 1.] Later, the SAC alleges that after this dispossession, "Sempra Energy, through its agents, then secured Plantiff's land and personal property to their own use." [*Id.* at ¶ 26.] Further, "Sempra . . . continually denied possession to Mr. Ritchie until it was forcibly removed in May 2010." [*Id.* at ¶ 30.] The SAC repeated similar allegations under the claim headings. For example, under the heading for Claim 1 for trespass, the SAC alleges that "[i]n or about September 2006, Defendant without the consent or authority of Plaintiff and against the will of the Plaintiff, entered onto the Property and forcibly ejected Plaintiff and his family and destroyed Plaintiff's home and other structures," and that "[b]etween September 2006 and May 2010, Defendant physically excluded Plaintiff from his Property by use of armed guards and fencing and refused to return the Property to Plaintiff." [*Id.* at ¶¶ 40, 43.][2] Meanwhile, under the heading for Claim 2 for conversion, the SAC alleges:

> Defendant deprived Plaintiff of personal property by wrongful acts and disposition as alleged above. At the time of the conversion, Plaintiff owned and was in possession of the personal property, including, but not limited to, personal effects in his home and farming and other equipment. While there was a provisional order in September 2006 ordering the dispossession of Plaintiff from the Property, the order did not authorize the conversion of Plaintiff's personal property.

[*Id.* at ¶ 48.]

### A. Legal Standard for Motions to Dismiss

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its

---

[2] Notably, in the proposed TAC, Ritchie includes these allegations under the heading for his conversion claim, eliminating any doubt (to the extent there ever was any) that the taking of personal property occurred in September 2006. [Doc. No. 265-1 at ¶¶ 42, 45.]

3

face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Thus, the Court "accept[s] factual allegations in the complaint as true and construe[s] the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). On the other hand, the Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678; *see also Lee v. City of Los Angeles*, 250 F.3d 668, 679 (9th Cir. 2001) ("Conclusory allegations of law are insufficient to defeat a motion to dismiss"). Nor is the Court "required to accept as true allegations that contradict exhibits attached to the Complaint or . . . allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010). "In sum, for a complaint to survive a [12(b)(6)] motion to dismiss, the non-conclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (quotations omitted).

### B. Discussion

Evaluation of whether a claim is time-barred has two steps. First, the Court must determine the applicable statute of limitations. Second, the Court must determine whether, based on the face of the complaint (considered liberally in favor of Plaintiff), the statute of limitations bars the claim and could not be tolled. *See Cervantes v. City of San Diego*, 5 F.3d 1273, 1275 (9th Cir. 1993) ("When a motion to dismiss is based on the running of the statute of limitations, it can be granted only if the assertions of the complaint, read with the required liberality, would not permit the plaintiff to prove that the statute was tolled.").

### 1. Applicable Statute of Limitation

Although the alleged physical actions constituting Ritchie's conversion claim all occurred in Mexico, Ritchie has argued earlier in this litigation that California law applies to his claims. [Doc. No. 60.] Thus, without conceding that California law applies, Sempra assumes in its motion that California's statute of limitations applies to Ritchie's conversion

claim. Under California law, conversion claims are subject to a three year statute of limitations. Cal. Code Civ. Proc. § 338(c)(1); *AmerUS Life Ins. Co. v. Bank of Am., N.A.*, 143 Cal. App. 4th 631, 639 (Cal. Ct. App. 2006) ("Under Code of Civil Procedure, section 338, subdivision (c), which applies to the conversion of personal property, there is a three-year limitations period for 'action[s] for taking, detaining, or injuring any goods or chattels.'").

### 2. Application of the Three Year Statute of Limitations

In California, "the general rule is well established: "The statute of limitations for conversion is triggered by the act of wrongfully taking property." *AmerUS Life Ins. Co.*, 143 Cal. App. 4th at 639 (internal quotation marks and brackets and citation omitted). Here, the SAC specifically alleges that Sempra removed Ritchie from his home and bulldozed the home its contents, thereby dispossessing him of his personal property, in September 2006. [Doc. No. 34 at ¶¶ 1, 26, 30, 40, 43, 48.] Therefore, the statute of limitations was triggered in September 2006. Accordingly, because the original complaint was filed more than three years later in July 2010, the conversion claim is barred by the three year statute of limitations.

The allegations of the SAC confirm that no discovery rule, to the extent one exists for a conversion claim, could toll the statute of limitations here. Ritchie alleges that he was personally forcibly physically removed from his property in September 2006. [*Id.* at ¶ 26-27.] Thus, Ritchie was on notice of a conversion as of that time. The SAC's allegations that Sempra concealed its alleged involvement in the taking do not save Ritchie, because "[t[he general rule in California is that 'ignorance of the identity of the defendant is not essential to a claim and therefore will not toll the statute [of limitations].'" *New Amsterdam Project Mgmt. Humanitarian Found. v. Laughrin*, 400 F. App'x 250, 252 (9th Cir. 2010) (quoting *Bernson v. Browning–Ferris Indus.*, 7 Cal. 4th 926, 932 (1994)). "[T]he statute of limitations begins to run when the plaintiff suspects or should suspect that her injury was caused by wrongdoing, that someone has done something wrong to her." *Bernson*, 7 Cal. 4th at 932 (quoting *Jolly v. Eli Lilly Co.*, 44 Cal. 3d 1103, 1110 (1988)). "Once the

5

plaintiff is aware of 'a defendant,' he can file a timely complaint naming Doe defendants and can then utilize the available discovery tools to identify and serve any Doe defendants within the applicable three-year statute of limitations." *New Amsterdam Project*, 400 F. App'x at 252. Having been physically present when the alleged actions constituting conversion occurred, Ritchie was aware of the identity of the individuals involved (who, according to the SAC, included armed guards who physically excluded Ritchie from his property between 2006 and 2010) and could have sued them and utilized discovery to identify Sempra. Accordingly, notwithstanding any concealment by Sempra, Ritchie's conversion claim accrued in September 2006 and is time-barred.

## II. Ritchie's Motion for Leave to File TAC

Ritchie moves to file a third amended complaint "simply [] to add Sempra LNG as a responsible party along with Sempra Energy." [Doc. No. 265-1 at 2.] Even if the proposed TAC were to relate back to the original complaint (a highly unlikely proposition), the proposed TAC does not save (and could not have saved) the conversion claim from being time-barred as to both Sempra Energy and Sempra LNG for all of the reasons discussed above. Accordingly, Ritchie's motion for leave to amend is denied as futile.

## III. Disposition

Because the conversion claim as pled in both the SAC and the proposed TAC is barred by the statute of limitations, it is hereby **ORDERED** that Sempra's motion to dismiss is **GRANTED**, and Ritchie's motion for leave to file a TAC is **DENIED**. Further because no subsequent attempt to amend the complaint could save the remaining conversion claim from being time-barred, this case is **DISMISSED WITH PREJUDICE**.

It is **SO ORDERED**.

Dated: September 20, 2017

Hon. Cathy Ann Bencivengo
United States District Judge